1  MAUREEN E. McCLAIN (State Bar No. 062050)
   Email: mcclain@kmm.com
2  ALEX HERNAEZ (State Bar No. 201441)
   Email: hernaez@kmm.com
3  KAUFF McCLAIN & McGUIRE LLP
   One Post Street, Suite 2600
4  San Francisco, California 94104
   Telephone:  (415) 421-3111
5  Facsimile:  (415) 421-0938

6  Attorneys for Defendant
   DOLLAR TREE STORES, INC.

7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10

11 KASSONDRA BAAS and KELLY              CASE NO. C 07-03108
   LOFQUIST, individually and on behalf of all
12 others similarly situated,            **DEFENDANT DOLLAR TREE
                                         STORES, INC.'S NOTICE OF
13              Plaintiffs,              MOTION AND MOTION TO
                                         DISMISS AND/OR STRIKE
14      v.                               PLAINTIFFS' COMPLAINT;
                                         MEMORANDUM OF POINTS AND
15 DOLLAR TREE STORES, INC.,             AUTHORITIES IN SUPPORT
                                         THEREOF**
16              Defendant.
                                         **DATE:**    August 24, 2007
17                                       **TIME:**    9:00 a.m.
                                         **DEPT:**    Courtroom 2, 17th Floor
18                                       **JUDGE:**   Hon. Jeffrey S. White

19                                       **COMPLAINT FILED:**  June 13, 2007
                                         **TRIAL DATE:**       No date set.
20

21

22

23

24

25

26

27

28

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

1    TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that on August 24, 2007, in Courtroom 2 of the

3    United States District Court, Northern District of California, 450 Golden Gate Avenue,

4    17th Floor, San Francisco, California, at 9:30 a.m., or as soon thereafter as counsel may

5    be heard, Defendant Dollar Tree Stores, Inc. ("Dollar Tree") will ask that, pursuant to

6    Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(f),[1] the Court dismiss and/or strike the

7    Complaint filed on June 13, 2007 by Plaintiffs Kassondra Baas and Kelly Lofquist

8    ("Plaintiffs").

9    The motion will be based upon this Notice of Motion and Motion, the

10    accompanying Memorandum of Points and Authorities, the argument of counsel, the

11    pleadings and papers filed herein, and upon any other matters properly considered by

12    the Court.

13    DATED: July 9, 2007                          Respectfully submitted,

14                                                KAUFF McCLAIN & McGUIRE LLP

15

16                                                By: _____/S/_____
                                                        ALEX HERNAEZ
17
                                                Attorneys for Defendant
18                                              DOLLAR TREE STORES, INC.

19

20

21

22

23

24

25

26

27
_____

28    [1] Citation to the Federal Rules of Civil Procedure will be "Rule __." Citation to the Local Rules
for the Northern District of California will be to "Local Rule __."

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-1-

1

# **TABLE OF CONTENTS**

2

Page

3   I.    RELIEF REQUESTED .........................................................................................1

4   II.   RELEVANT FACTS ...........................................................................................2

    III.  ARGUMENT .....................................................................................................3

5       A.  The Complaint Should Be Dismissed Because Plaintiffs' Allegations
6           Of Fraud, Which Are Incorporated Throughout The Complaint, Have
            Not Been Alleged With The Specificity Required By Rule 9(b)...................4

7       B.  Plaintiffs' Class Action Allegations Must Be Dismissed Or Stricken
            Because They Are Hopelessly Vague And Logically Impossible...............7

8       C.  Plaintiffs' Allegations Regarding The Class Action Fairness Act Must
9           Be Dismissed Because The Complaint Fails To State The Statutory
            Requirements. ...........................................................................................9

10      D.  Count VIII Of The Complaint, A "Request For Preliminary And
            Permanent Injunction And Other Equitable Relief," Should Be
11          Dismissed Because It Is A Remedy And Not A Cause Of Action .............10

12      E.  Plaintiffs' State Law Claims Must Be Dismissed Because They
            Cannot Simultaneously Maintain An "Opt-In" Class Under The FLSA
13          And An "Opt-Out" Class Under Rule 23....................................................10

14      F.  The Court Should Strike Certain Allegations From The Complaint
            Pursuant To Rule 12(f). ...........................................................................12

15          1.  The Court Should Strike All References To Labor Code
                Section 2699 Et Seq. From The Prayer For Relief.........................12

16          2.  The Court Should Strike Certain Allegations From Plaintiffs'
                Fifth Cause of Action for Unfair Competition.................................13

17              a.  The Court Should Strike References To California
18                  Labor Code Sections 203 And 226.6 Because
                    Penalties Are Not Recoverable Under The UCL .................14

19              b.  The Court Should Strike Plaintiffs' Request For A
                    Temporary Restraining Order, A Preliminary Injunction
20                  And An Order To Show Cause From The UCL Prayer
                    For Relief Because There Is No Risk Of Irreparable
21                  Harm ...................................................................................15

22          3.  The Court Should Strike Plaintiffs' Reference To IWC Wage
                Order No. 9 ...................................................................................16

23  IV.   CONCLUSION ...............................................................................................17

24

25

26

27

28

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-i-

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

## FEDERAL CASES

4    Behrman v. Allstate Life Insurance Co.,
          2005 U.S. Dist. LEXIS 7262 (S. D. Fla. 2005)........................................................7
5

6    Bureerong v. Uvawas,
          922 F. Supp. 1450 (C. D. Cal. 1996)....................................................................3

7    Campbell v. Allstate Insurance Co.,
          1998 U.S. Dist. LEXIS 12550 (C.D. Cal. 1998)....................................................4
8

9    Cholla Ready Mix, Inc. v. Civish,
          382 F.3d 969 (9th Cir. 2004)................................................................................9

10   Cooper v. Pickett,
          137 F.3d 616 (9th Cir. 1997)................................................................................4
11

12   Edwards v. Marin Park, Inc.,
          356 F.3d 1058 (9th Cir. 2004)..............................................................................7

13   Fantasy, Inc. v. Fogerty,
          984 F.2d 1524 (9th Cir. 1993)........................................................................3, 15
14

15   Givemepower Corp. v. Pace Compumetrics, Inc.,
          2007 U.S. Dist. LEXIS 20886 (S.D. Cal. 2007)............................................10, 15

16   Herndon v. Scientific Applications International Corp.,
          2006 U.S. Dist. LEXIS 79520 (S.D. Cal. 2006)....................................................4
17

18   Hoffmann-La Roche, Inc. v. Sperling,
          493 U.S. 165 (1989)............................................................................................12

19   Kamm v. California City Development Co.,
          509 F.2d 205 (9th Cir. 1975)................................................................................7
20

21   Kelley v. SBC, Inc.,
          1998 U.S. Dist. LEXIS 18643 (N.D. Cal. 1998)..................................................11

22   Kinney Shoe Corp. v. Vorhes,
          564 F.2d 859 (9th Cir. 1977)..............................................................................11
23

24   La Chapelle v. Owens-Illinois, Inc.,
          513 F.2d 286 (5th Cir 1975)...............................................................................11

25   Leuthold v. Destination America,
          224 F.R.D. 462 (N.D. Cal. 2004).........................................................................11
26

27   Lindsay v. Government Emples. Insurance Co.,
          448 F.3d 414 (D.C. Cir. 2006)............................................................................11

28

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

DEFENDANT DOLLAR TREE STORES, INC.'S NOTICE OF MOTION AND MOTION TO
DISMISS AND/OR STRIKE PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF                                          CASE NO. C 07-03108

# TABLE OF AUTHORITIES
## (continued)

Page(s)

Lowery v. Ala. Power Co.,
   483 F.3d 1184 (11th Cir. 2007) .................................................................9

Neary v. Metropolitan Prop. & Casualty Insurance Co.,
   472 F. Supp. 2d 247 (D.Conn. 2007) ......................................................12

O'Connor v. Boeing N.A., Inc.,
   197 F.R.D. 404 (C.D. Cal. 2000) ...............................................................8

Otto v. Pocono Health System,
   457 F. Supp. 2d 522 (M.D. Pa. 2006)......................................................11

Palmer v. Combined Insurance Co. of America,
   2003 U.S. Dist. LEXIS 2534 (N.D. Ill. Aug. 29, 2003)..............................7

Porter v. Jones,
   319 F.3d 483 (9th Cir. 2003) .....................................................................4

Rosales v. Citibank,
   133 F. Supp. 2d 1177 (N.D. Cal. 2001) ....................................................3

Silvas v. ETrade Mortg. Corp.,
   421 F. Supp. 2d 1315 (S.D. Cal. 2006) .....................................................3

Swartz v. KPMG LLP,
   476 F.3d 756 (9th Cir. 2007) .....................................................................4

Swierkiewicz v. Sorema,
   534 U.S. 506 (2002).................................................................................7

Tapley v. Lockwood Green Eng'rs, Inc.,
   502 F.2d 559 (8th Cir. 1974) ....................................................................4

Tomlinson v. Indymac Bank,
   359 F. Supp. 2d 891 (C.D. Cal. 2005)...............................................14, 15

Tomlinson v. Indymac Bank, F.S.B.,
   359 F. Supp. 2d 891 (C.D. Cal. 2005)...............................................13, 14

United States ex rel. Brinlee v. AECOM Government Services,
   2007 U.S. Dist. LEXIS 9794 (W.D. La. 2007)........................................5, 6

United States ex rel. Man Tai Lam v. Tenet Healthcare Corp.,
   2006 U.S. Dist. LEXIS 95946 (W. D. Tex. 2006)......................................4

In re VeriFone Security Litigation,
   11 F.3d 865 (9th Cir. 1993) ......................................................................3

In re Wal-Mart Stores, Inc.,
   2007 U.S. Dist. LEXIS 41679 (N.D. Cal. 2007) ......................................7

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT DOLLAR TREE STORES, INC.'S NOTICE OF MOTION AND MOTION TO
DISMISS AND/OR STRIKE PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

CASE NO. C 07-03108

# TABLE OF AUTHORITIES
## (continued)

Page(s)

<u>Watkins v. Ameripride Services,</u>
   375 F.3d 821 (9th Cir. 2004) .............................................................................16

<u>West Mining Council v. Watt,</u>
   643 F.2d 618 (9th Cir. 1981) ..............................................................................3

<u>White v. Hanson,</u>
   2005 U.S. Dist. LEXIS 43989 (N.D. Cal. July 28, 2005) ........................................3

## STATE CASES

<u>Caliber Bodyworks, Inc. v. Superior Court,</u>
   134 Cal. App. 4th 365 (2005) ......................................................................12, 13

<u>Korea Supply, Co. v. Lockheed Martin Corp.,</u>
   29 Cal. 4th 1134 (2003)....................................................................................13

<u>Kraus v. Trinity Management Services, Inc.,</u>
   23 Cal. 4th 116 (2000)......................................................................................13

## FEDERAL RULES

28 U.S.C. § 1331 .................................................................................................10

28 U.S.C. § 1332(d)(2)............................................................................................9

29 U.S.C. § 216(b) ....................................................................................10, 11, 12

Fed. R. Civ. P. 8(a) .................................................................................................9

Fed. R. Civ. P. 8(a)(2)..........................................................................................4, 7

Fed. R. Civ. P. 9.................................................................................................4, 6

Fed. R. Civ. P. 9(b) ................................................................................1, 3, 4, 5, 6

Fed. R. Civ. P. 12(b)(6)......................................................................................1, 3, 4

Fed. R. Civ. P. 12(f) ...........................................................................1, 3, 12, 13, 14, 16

Fed. R. Civ. P. 23(c)(1) .........................................................................................11

Fed. R. Civ. P. 23..................................................................................1, 7, 10, 11, 12

Fed. R. Civ. P. 65..................................................................................................10

Pub. L. No. 109-2, 119 Stat. 4 (2005) .........................................................................1

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

DEFENDANT DOLLAR TREE STORES, INC.'S NOTICE OF MOTION AND MOTION TO
DISMISS AND/OR STRIKE PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

CASE NO. C 07-03108

1

## TABLE OF AUTHORITIES
### (continued)

2

**Page(s)**

3

## STATE STATUTES

4  California Labor Code § 201 ...............................................................................14, 15

5  California Labor Code § 203 ...............................................................................14, 15

6  California Labor Code § 204 ...................................................................................12

7  California Labor Code §§ 204, 204(b)......................................................................12

8  California Labor Code § 216(b).................................................................................10

9  California Labor Code § 226(a).........................................................................14, 15

10  California Labor Code § 226.6 .........................................................................14, 15

11  California Labor Code §§ 2698 *et seq* ....................................................................12

12  California Labor Code § 2699 .........................................................................12, 13

13  California Labor Code § 2699.3 ...............................................................................12

14  California Labor Code § 2699.3(a).....................................................................12, 13

15  California Labor Code § 2699.3(a)(1) ......................................................................12

16  California Labor Code § 2699.3(a)(2) ......................................................................13

17  California Labor Code § 2699.5 ...............................................................................12

18

## MISCELLANEOUS

19  ADEA Section 7(b)....................................................................................................11

20  Fair Labor Standards Act § 16(b) ............................................................................11

21

22

23

24

25

26

27

28

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

I.    **RELIEF REQUESTED**

3

Dollar Tree respectfully requests that the Court award it the following relief:

4

Pursuant to Rule 12(b)(6), that the Court dismiss the

5

Complaint, which is grounded entirely in fraud, for failure to

6

comply with Rule 9(b)'s specificity requirement;

7

Pursuant to Rule 12(b)(6) and Rule 12(f), that the Court

8

dismiss and/or strike the Complaint's "Class Action

9

Allegations" because they are both vague and logically

10

impossible;

11

Pursuant to Rule 12(b)(6) and Rule 12(f), that the Court

12

dismiss and/or strike Plaintiff's jurisdictional reliance on the

13

Class Action Fairness Act of 2005 ("CAFA")[2] because the

14

Complaint does not allege the required elements;

15

Pursuant to Rule 12(b)(6), that the Court dismiss Count VIII

16

of the Complaint ("Request For Preliminary And Permanent

17

Injunction And Other Equitable Relief") with prejudice

18

because it does not state a claim for which relief may be

19

granted;

20

Pursuant to Rule 12(b)(6), that the Court dismiss the state-

21

law claims (Counts I through VIII) because Plaintiffs cannot

22

simultaneously maintain an "opt-in" class under the FLSA and

23

an "opt-out" class under Rule 23; and,

24

Pursuant to Rule 12(f), that the Court strike allegations in the

25

Complaint specifically identified below.

26

27

[2] Pub. L. No. 109-2, 119 Stat. 4 (2005) (codified in various sections of Title 28 of the United States Code).

28

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT DOLLAR TREE STORES, INC.'S NOTICE OF MOTION AND MOTION TO
DISMISS AND/OR STRIKE PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

CASE NO. C 07-03108

1  **II.    RELEVANT FACTS**

2           The Complaint is styled as a putative class action and it alleges nine

3  causes of action: Failure to Pay Wages Due at Designated Times (Count I); Failure to

4  Pay Overtime Under California Law (Count II); Failure to Pay All Unpaid Wages at Time

5  of Termination (Count III); Failure to Provide Accurate Itemized Wage Statements (Count

6  IV); Unfair Competition (Count V); Fraud and Deceit (Count VI); Unjust Enrichment /

7  Constructive Trust (Count VII); Request For Preliminary And Permanent Injunction and

8  Other Equitable Relief (Count VIII); and Failure to Pay Overtime Under the Fair Labor

9  Standards Act ("FLSA").

10          The Complaint's nine counts are all based upon a common theory—that

11 Dollar Tree somehow systematically manipulated its computerized payroll system to

12 reduce wages or avoid overtime liability. *Compl.*, ¶¶ 19-24. And, as discussed more

13 fully below, the counts suffer from a common defect—at best and crediting the

14 allegations in the Complaint,[3] Plaintiffs can allege facts related to a single District

15 Manager, Mr. Rick Tellstrom, at a single Dollar Tree store in Sonoma County, California.

16 It is the only Dollar Tree store at which Plaintiffs have ever worked. *Compl.*, ¶¶ 13-15.

17 Indeed, Plaintiffs admit that they have no evidence of any other wrongdoing anywhere

18 else in the state:

19                    The computer program tracks changes made to employee

20                    hours and who makes such changes. With that information,

21                    the parties will be able to more fully discover who made the

22                    electric time card changes and, through depositions of those

23                    individuals, it will become apparent which of the managing

24                    agents of Defendant DOLLAR TREE, in addition to Mr.

25                    Tellstrom, were specifically involved in directing these

                      fraudulent changes.

26

27 ─────────────────────────
   [3]  Dollar Tree specifically disputes this allegation and all other allegations regarding pay
28 manipulation.

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-2-

DEFENDANT DOLLAR TREE STORES, INC.'S NOTICE OF MOTION AND MOTION TO          CASE NO. C 07-03108
DISMISS AND/OR STRIKE PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

1 | *Compl.*, ¶ 70.

2 | Although Plaintiffs admit that their allegations are limited to the alleged

3 | conduct of one District Manager, Plaintiffs nonetheless attempt to allege a state-wide

4 | class action grounded in fraud, using only omission, innuendo, and the phrase "on

5 | information and belief." They cannot. Rather, the fraud allegations must be alleged

6 | specifically under Rule 9(b) and the class action allegations must be sufficient to afford

7 | Dollar Tree fair notice.

8 | **III.    ARGUMENT**

9 | "A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of

10 | the pleadings." *Silvas v. E\*Trade Mortg. Corp.*, 421 F. Supp. 2d 1315, \*3 (S.D. Cal.

11 | 2006). "Dismissal is appropriate where the Complaint lacks a cognizable legal theory."

12 | *Id.* Although courts generally assume the facts alleged in a complaint are true, courts do

13 | not "assume the truth of legal conclusions merely because they are cast in the form of

14 | factual allegations." *West Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)*; see*

15 | *also In re VeriFone Sec. Litig.,* 11 F.3d 865, 868 (9th Cir. 1993) ("Conclusory allegations

16 | and unwarranted inferences are insufficient to defeat a motion to dismiss.").

17 | Pursuant to Rule 12(f), "the court may order stricken from any pleading any

18 | "redundant, immaterial, impertinent, or scandalous matter." The Ninth Circuit defines

19 | "immaterial matter" as "that which has no essential or important relationship to the claim

20 | for relief . . . ." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal

21 | quotation marks and citation omitted), *rev'd on other grounds,* 510 U.S. 517 (1994).

22 | "Impertinent" matter "consists of statements that do not pertain, and are not necessary,

23 | to the issues in question." *Id.* Thus, a Rule 12(f) motion should be granted where "it is

24 | clear that the matter sought to be stricken could have no possible bearing on the subject

25 | matter of the litigation." *White v. Hanson*, 2005 U.S. Dist. LEXIS 43989, at \*14 (N.D. Cal.

26 | July 28, 2005) (citing *Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1179 (N.D. Cal. 2001)).

27 | The Court also may strike sections of the Complaint when the damages sought "are not

28 | recoverable as a matter of law." *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479 (C. D.

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-3-

DEFENDANT DOLLAR TREE STORES, INC.'S NOTICE OF MOTION AND MOTION TO            CASE NO. C 07-03108
DISMISS AND/OR STRIKE PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

1  Cal. 1996) (citing *Tapley v. Lockwood Green Eng'rs*, Inc., 502 F.2d 559, 560 (8th Cir.

2  1974)).

3  **A.   The Complaint Should Be Dismissed Because Plaintiffs' Allegations
       Of Fraud, Which Are Incorporated Throughout The Complaint, Have
4      Not Been Alleged With The Specificity Required By Rule 9(b).**

5       To survive a motion to dismiss for failure to state a claim under Rule

6  12(b)(6), a complaint generally must satisfy only the "notice pleading" requirements of

7  Rule 8(a)(2).  *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003).  However, where, as

8  here, "a complaint includes allegations of fraud, Federal Rule of Civil Procedure 9(b)

9  requires more specificity including an account of the time, place, and specific content of

10 the false representations as well as the identities of the parties to the

11 misrepresentations."  *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (internal

12 citations and quotations omitted).

13      "To comply with Rule 9(b), allegations of fraud must be specific enough to

14 give defendants notice of the particular misconduct which is alleged to constitute the

15 fraud charged so that they can defend against the charge and not just deny that they

16 have done anything wrong."  *Id.*  Accordingly, "Plaintiff[s] must attribute false or

17 misleading statements to a particular defendant and must set forth specific descriptions

18 of the fraudulent representation.  Allegations which are vague and conclusory are

19 insufficient to satisfy Rule 9."  *Campbell v. Allstate Ins. Co.*, 1998 U.S. Dist. LEXIS 12550

20 (C.D. Cal. 1998); *see also Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)

21 (allegations must identify "the who, what, when, where, and how" of the fraud).

22      Moreover, where the defendant is a corporation, the complaint should

23 identify the particular agents, employees or officers accused of participating in the fraud.

24 *Swartz*, 476 F.3d at 764; *see also Herndon v. Scientific Applications Int'l Corp.*, 2006

25 U.S. Dist. LEXIS 79520 (S.D. Cal. 2006) (dismissing complaint where, *inter alia*, plaintiff

26 did not identify the individuals who executed or negotiated the allegedly fraudulent

27 contracts, billings, or certifications); *United States ex rel. Man Tai Lam v. Tenet*

28 *Healthcare Corp.*, 2006 U.S. Dist. LEXIS 95946 (W. D. Tex. 2006) (dismissing fraud

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-4-

1   claim against hospital where plaintiff failed to specifically identify the physicians accused

2   of fraud).

3          Here, Plaintiffs allege that Dollar Tree engaged in "reverse time clock

4   fraud," which they define as a situation where "the employer falsifies the hours worked

5   by the employee in order to pay the employee less." *See Compl.*, ¶ 23. This alleged

6   state-wide scheme, says Plaintiffs, was perpetrated by certain unnamed individuals, at

7   certain unspecified times, against certain unnamed employees as well as the federal

8   government. *See Compl.*, ¶¶ 19-24. Indeed, the only person identified in the Complaint

9   is Mr. Tellstrom, who Plaintiffs say "on information and belief" was somehow involved in

10  the asserted fraud. These allegations, which Plaintiffs rely on to support each individual

11  Count of the Complaint, *e.g., Compl.*, ¶¶ 25, 33, 39, 45, 52, 66, 76, 80 & 84, are

12  insufficient under Rule 9(b).

13         For example, in *United States ex rel. Brinlee v. AECOM Gov't Servs.*, 2007

14  U.S. Dist. LEXIS 9794 *10 (W.D. La. 2007), the complaint described in "general terms" a

15  scheme that included "time card fraud, in which employees of AECOM were paid by the

16  government while working for private companies." AECOM filed a motion pursuant to

17  Rule 9(b) arguing that "the complaint does not identify particulars regarding any false or

18  fraudulent submissions for payment to the government" and that "there is no indication of

19  when AECOM allegedly made false claims to the government, who made such a claim

20  on its behalf, or what the contents of any such claim may have been." *Id.* at 11.

21         In sustaining AECOM's motion, the Court focused on the difference

22  between pleading the theoretical existence of a scheme and setting out specific facts

23  showing the scheme's actual existence:

24              Although there is no question plaintiff's complaint is detailed

25              regarding the process allegedly undertaken by AECOM and

26              its employees, it fails to make adequate factual allegations

27              that AECOM committed fraud against the government. The

28              plaintiff alleges no specific facts in support of his general

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-5-

DEFENDANT DOLLAR TREE STORES, INC.'S NOTICE OF MOTION AND MOTION TO                    CASE NO. C 07-03108
DISMISS AND/OR STRIKE PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

1
2
3
4
5
6
7
8
9
10
11

        allegation that AECOM submitted false claims.  Instead, the
plaintiff makes relatively detailed statements about the
alleged schemes carried out by AECOM and then ends the
description of each scheme with a general summation that
typically states that the fraudulent invoices were submitted to
AECOM so that AECOM could bill the government.  The
plaintiff has failed to identify a single claim that was actually
submitted pursuant to the allegedly fraudulent schemes
identified in the Amended Complaint.  Essentially, the plaintiff
has set out the process by which defendants could have
produced false claims, but provides no facts that this process
did, in fact, result in the submission of false claims.

12    *Id.* at * 12.

13            The reasoning in *AECOM* is equally applicable here: while Plaintiffs have
14    perhaps identified "a process allegedly undertaken by [Dollar Tree] and its employees" to
15    commit "reverse time-clock fraud," they nonetheless fail to make any specific factual
16    allegations establishing "that this process did, in fact, result in any actual" fraud.  Hence,
17    the Complaint should be dismissed in its entirety.

18            Regarding Mr. Tellstrom, who is identified with respect to Count VI (Fraud
19    and Deceit), Plaintiffs allege, again using the watered-down "on information and belief"
20    formula, that he directed store managers to participate in the fraud.  *See Compl.*, ¶ 70.
21    But, as with their other causes of action, Plaintiffs provide no further detail.  In particular,
22    the Complaint fails to identify any timeframe for this supposed participation or any details
23    regarding who Mr. Tellstrom supposedly directed to participate.  Indeed, far from
24    providing factual detail, the Complaint actually concedes that Plaintiffs have no facts
25    supporting their state-wide allegations.  In ¶ 70, for example, Plaintiffs state that they
26    must review a "computer program" in order to "more fully discover" whether or not a
27    state-wide fraud actually occurred.  Guesswork like this cannot form the basis of fraud
28    claims under Rule 9 (b).

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

-6-

DEFENDANT DOLLAR TREE STORES, INC.'S NOTICE OF MOTION AND MOTION TO          CASE NO. C 07-03108
DISMISS AND/OR STRIKE PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

1    In sum, Plaintiffs seek to support a state-wide class action lawsuit based

2   on the factual allegation that a single District Manager told certain unspecified Store

3   Managers to make unspecified changes to the time cards of unspecified employees.

4   This is simply not enough.  Rather, to avoid a subsequent dismissal with prejudice, the

5   Court should require Plaintiffs to identify in their amended pleading: (1) the names of any

6   employees participating in the alleged fraud; (2) any documents evidencing the alleged

7   fraud;[4] (3) the names of any employee harmed by the alleged fraud; ( 4) the "time, place,

8   and specific content" of any false representations; (5) any specific instances of the fraud

9   being committed; and (6) any other facts known by Plaintiffs regarding the alleged fraud.

10   **B.    Plaintiffs' Class Action Allegations Must Be Dismissed Or Stricken**
         **Because They Are Hopelessly Vague And Logically Impossible.**
11

12         Rule 8(a)(2) requires that a complaint contain "a short and plain statement

13   of the claim showing that the pleader is entitled to relief."  To satisfy this requirement, the

14   statement must provide the defendant with "fair notice of what the plaintiff's claim is and

15   the grounds upon which it rests." *Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002)

16   (internal citations omitted).  It is true that the dismissal of class allegations is rare.  *In re*

17   *Wal-Mart Stores, Inc.*, 2007 U.S. Dist. LEXIS 41679 (N.D. Cal. 2007).  However, the

18   *Wal-Mart* decision does not preclude such action, and it remains true that dismissal is

19   appropriate where, as here, the allegations are so vague as to deny Dollar Tree "fair

20   notice."  E.g., *Kamm v. California City Development Co.*, 509 F.2d 205, 210 (9th Cir.

21   1975) (class allegations may be disposed of at the pleading stage; whether to allow

22   discovery is within the Court's discretion).[5]

23
     _____

24   [4] *E.g., Behrman v. Allstate Life Ins. Co.*, 2005 U.S. Dist. LEXIS 7262 * 9 (S. D. Fla. 2005)
     (affirming dismissal of fraud claim where plaintiff failed to identify "the specified documents or
     oral representations in which such statements or omissions were allegedly made"); *see also*
25   *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)(affirming dismissal of fraud
     claim where plaintiff failed to "attach the [allegedly fraudulent] notices to her complaint or to any
     other filing in this case").

26   [5] *See also Palmer v. Combined Ins. Co. of Am.*, 2003 U.S. Dist. LEXIS 2534 at *5 (N.D. Ill. Aug.
27   29, 2003) ("[I]t is sometimes possible to determine from the pleadings alone [the Rule 23]
     requirements cannot possibly be met, and in such cases, striking class allegations before
28   commencing discovery is appropriate.").

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO CA 94104
TELEPHONE (415) 421-3111

-7-

DEFENDANT DOLLAR TREE STORES, INC.'S NOTICE OF MOTION AND MOTION TO          CASE NO. C 07-03108
DISMISS AND/OR STRIKE PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

1    There are two problems with Plaintiffs' class action allegations: the alleged

2  class cannot possibly be correct and there are no facts pled establishing a class outside

3  of Sonoma County, California. *See Compl.*, ¶¶ 1-11. Plaintiff asserts that the

4  appropriate class is comprised of all Dollar Tree employees, both exempt and non-

5  exempt:

6    The proposed Class that Plaintiffs seek to represent is

7    composed of current and former employees of Defendant

8    Dollar Tree's stores within the State of California at any time

9    within the last four years until the date of trial.

10  *Compl.*, ¶ 2. This proposed class cannot be correct because it is in conflict with

11  Plaintiffs' theory of the case—*i.e.*, that unnamed Dollar Tree employees manipulated

12  payroll data to increase the company's revenue. *Compl.*, ¶¶ 20-24. However, this

13  theory makes no sense regarding Dollar Tree employees who are exempt and not

14  entitled to be paid overtime under either the FLSA or Wage Order No. 7. These

15  individuals must be excluded from the class definition. The proposed class also fails

16  because it does not exclude the part-time employees that will never qualify for overtime

17  because of their limited hours. Because the proposed class, as defined by Plaintiffs

18  themselves, cannot be correct, the class action allegations should be dismissed. *See*

19  *O'Connor v. Boeing N.A., Inc.*, 197 F.R.D. 404, 416 (C.D. Cal. 2000) (To sustain a class

20  action, it is imperative that the proposed class definition be "precise, objective and

21  presently ascertainable."

22    In addition, the class definition fails because it purports to include

23  employees throughout the State of California. Such ambition is not supported by the

24  facts asserted. Plaintiffs worked at a single Dollar Tree store in Sonoma County

25  California during a combined timeframe of October 2005 through February 2007.

26  *Compl.*, ¶¶ 13-15. They identify a single person, their District Manager, Mr. Tellstrom, as

27  having participated in the fraud. *Compl.*, ¶ 70. And, most importantly, they concede that

28  they presently do not have any facts regarding anyone other than Mr. Tellstrom. *See id.*

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-8-

DEFENDANT DOLLAR TREE STORES, INC.'S NOTICE OF MOTION AND MOTION TO
DISMISS AND/OR STRIKE PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

CASE NO. C 07-03108

1   (referencing need to engage in extensive discovery). Crediting fully Plaintiffs allegations,

2   it is apparent that, at most, they have information about what a single person did at a

3   single store in Sonoma County. Upon this localized observation, they cannot launch a

4   state-wide attack against Dollar Tree. More particularly, Plaintiffs have not stated any

5   facts linking the alleged isolated incident to conduct that is state-wide in scope. And this

6   Court need not accept mere conclusions, especially when Plaintiffs have admitted the

7   absence of any additional facts. *Id.* Therefore, the class-action claims should be

8   dismissed.

9           **C.**    **Plaintiffs' Allegations Regarding The Class Action Fairness Act Must**

10                  **Be Dismissed Because The Complaint Fails To State The Statutory Requirements.**

11          The Complaint purports to rely upon CAFA. *See Compl.* at ¶¶ 1 & 11.

12  CAFA provides in relevant part that the district courts have original jurisdiction over any

13  class action, brought under state or federal law, in which (a) the number of members of

14  all proposed plaintiff classes in the aggregate is at least 100; (b) any member of a class

15  of plaintiffs is a citizen of a State different from any defendant; and (c) the aggregated

16  claims of class members exceed the sum or value of $5,000,000, exclusive of interest

17  and costs. 28 U.S.C. § 1332(d)(2)(A-C).

18          "[T]he party who invokes the jurisdiction of the court has the burden of

19  establishing jurisdiction. Rule 8(a) requires the plaintiff to set forth in the complaint the

20  factual support for jurisdiction." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1216 (11th

21  Cir. 2007). Here, Plaintiffs cannot rely upon CAFA because they fail to allege that the

22  proposed class is at least 100. *See Compl.* at ¶ 3 (alleging only that the class is "so

23  numerous" that joinder is precluded). Moreover, Plaintiffs' allegation that their claims

24  exceed the sum or value of $5,000,000 is unsupported by any articulated "factual

25  support." Given that Plaintiffs have not alleged any specific number of class members,

26  the court need not accept this conclusory allegation as correct. *See Cholla Ready Mix,*

27  *Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) ("Nor is the court required to accept as

28

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-9-

DEFENDANT DOLLAR TREE STORES, INC.'S NOTICE OF MOTION AND MOTION TO
DISMISS AND/OR STRIKE PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

CASE NO. C 07-03108

1    true allegations that are merely conclusory, unwarranted deductions of fact, or

2    unreasonable inferences.").[6]

3        **D.    Count VIII Of The Complaint, A "Request For Preliminary And**
         **Permanent Injunction And Other Equitable Relief," Should Be**
4        **Dismissed Because It Is A Remedy And Not A Cause Of Action.**

5            Count VIII purports to set forth a cause of action for "Preliminary And

6    Permanent Injunction And Other Equitable Relief." *Compl.*, ¶¶ 80-83. This Count should

7    be dismissed because what Plaintiffs allege is a type of remedy and not a cause of

8    action. Even if there were such a cause of action (and there is not), it would not satisfy

9    basic pleading standards by failing to allege the requirements necessary to establish

10   injunctive relief contained in Rule 65 and Local Rules 65 and 7-2. *See e.g.,*

11   *Givemepower Corp. v. Pace Compumetrics, Inc.*, 2007 U.S. Dist. LEXIS 20886, 18-19

12   (S.D. Cal. 2007) (setting forth the requirements for injunctive relief). Because Count VIII

13   fails to allege these elements, it should be dismissed.

14           In addition, Count VIII is defective because it ignores Local Rule 65, which

15   requires that a party obtain a preliminary injunction through noticed motion.

16       **E.    Plaintiffs' State Law Claims Must Be Dismissed Because They Cannot**
         **Simultaneously Maintain An "Opt-In" Class Under The FLSA And An**
17       **"Opt-Out" Class Under Rule 23.**

18           The Complaint purports to bring a class action pursuant to Rule 23

19   (*Compl.*, ¶ 1) together with a collective action under the FLSA, 29 U.S.C. § 216(b). *See*

20   *Compl.*, ¶¶ 84-90. However, as this Court has explained, the class action procedures

21   under Rule 23 are fundamentally different than the collective action procedures under

22   the FLSA:

23               FLSA and Rule 23 provide different means for participating in

24               a class action: FLSA provides for participation on an opt-in

25               basis (see § 216(b)), while Rule 23 requires that

26               nonparticipating class members affirmatively opt out of the

27   _____

28   [6]  The Court would maintain federal question jurisdiction pursuant to 28 U.S.C. § 1331. *See e.g.,*
                                                                                            *(con't)*

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

-10-

DEFENDANT DOLLAR TREE STORES, INC.'S NOTICE OF MOTION AND MOTION TO          CASE NO. C 07-03108
DISMISS AND/OR STRIKE PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

1
2
3
4
5
6

> suit (see FRCP 23(c)(1)(B)). In other words, the FLSA suit
> provides a means of participation for individuals who truly
> wish to join the suit, while requiring no action from those who
> do not wish to join.  By contrast, a Rule 23 class requires that
> a potential class member take affirmative action not to be
> bound by the judgment.

7

*Leuthold v. Destination Am.*, 224 F.R.D. 462, 469-470 (N.D. Cal. 2004).

8
9
10

Although there is a split of authority on this question,[7] some federal courts have found FLSA collective actions incompatible with Rule 23 class actions because of this difference:

11
12
13
14
15
16
17
18
19
20

> It is clear that Congress labored to create an opt-in scheme
> when it created Section 216(b) specifically to alleviate the
> fear that absent individuals would not have their rights
> litigated without their input or knowledge. To allow an Section
> 216(b) opt-in action to proceed accompanied by a Rule 23
> opt-out state law class action claim would essentially nullify
> Congress's intent in crafting Section 216(b) and eviscerate
> the purpose of Section 216(b)'s opt-in requirement.  To so
> hold would be contrary to the clear path being blazed by our
> sister district court as well as the direction taken by some of
> our sister circuits.

21
22
23
24

*Otto v. Pocono Health Sys.*, 457 F. Supp. 2d 522, 524 (M.D. Pa. 2006); *see also La Chapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 289 (5th Cir 1975) ("Rule 23 cannot be invoked to circumvent the consent requirement of the third sentence of FLSA § 16(b) which has unambiguously been incorporated into ADEA by its Section 7(b)."); *Kinney*

25
26
27
28

(Continued)
Count IX (alleging violations of the FLSA).

[7]  The position advocated by Dollar Tree appears to be a minority one. E.g., *Kelley v. SBC, Inc.*, 1998 U.S. Dist. LEXIS 18643, 37-38 (N.D. Cal. 1998) ("The opt-in provisions of the FLSA do not act as a complete bar to class certification under Rule 23 where pendent State law claims are involved."); *see also Lindsay v. Gov't Emples. Ins. Co.*, 448 F.3d 414 (D.C. Cir. 2006).

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-11-

DEFENDANT DOLLAR TREE STORES, INC.'S NOTICE OF MOTION AND MOTION TO
DISMISS AND/OR STRIKE PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

CASE NO. C 07-03108

1    *Shoe Corp. v. Vorhes*, 564 F.2d 859, 862 (9th Cir. 1977)[8]; *Neary v. Metropolitan Prop. &*

2    *Cas. Ins. Co.*, 472 F. Supp. 2d 247, 248 (D.Conn. 2007).  Because § 216(b) conflicts

3    with Rule 23, the Court should dismiss the state-law causes of action.

4        **F.    The Court Should Strike Certain Allegations From The Complaint Pursuant To Rule 12(f).**

5    

6            Dollar Tree asks that the Court strike from the Complaint the following

6    specific allegations that, as a matter of law, cannot be used as a basis for recovery by

7    Plaintiffs.

8    

9            **1.    The Court Should Strike All References To Labor Code Section 2699 Et Seq. From The Prayer For Relief.**

10            Plaintiffs' Prayer for Relief (the "Prayer") to the first and fourth causes of

11    action seeks to recover civil penalties pursuant to California Labor Code Private

12    Attorneys General Act of 2004 (Labor Code §§ 2698 *et seq.*) (the "PAGA") for alleged

13    violations of Labor Code sections 204, 204(b) and 226.  *See Compl.*, ¶¶ 26-31 (alleging

14    violations of § 204 and § 204(b)); ¶¶ 46-51 (alleging violations of § 226); Prayer at ¶ 4 at

15    p. 22:13 (referencing § 2699 *et seq.* in connection with the first cause of action) and ¶ 14

16    at p. 23 (same for fourth cause of action).  To commence a civil action under the PAGA,

17    however, Plaintiffs must first demonstrate compliance with the administrative exhaustion

18    requirements of Labor Code § 2699.3(a)(1).[9]  *Caliber Bodyworks, Inc. v. Superior Court*,

19    134 Cal. App. 4th 365, 376 (2005) ("Section 2699.3, subdivision (a), provides the

20    administrative procedures that must be followed before an aggrieved employee may file

21    a civil action to recover civil penalties under section 2699 for violations of any of the

22    Labor Code provisions identified in section 2699.5").[10]  This requirement is necessary to

23    

[8]  Overruled on other grounds, *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

24    [9]  The administrative prerequisites to filing a lawsuit seeking civil penalties under Section

25    2699.3(a) include written notice to the employer and the Labor and Workforce Development Agency ("LWDA") of the specific Labor Code provisions the aggrieved employee believes were

26    violated and either the receipt of notice by the employer and the employee from the LWDA that it does not intend to investigate or the lapse of time without such notice from the LWDA.  Cal. Labor Code § 2699.3.

27    [10]  §§ 204, 204b and 226 are among the Labor Code sections identified in § 2699.5.  *See* § 2699.5.

28    

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

-12-

DEFENDANT DOLLAR TREE STORES, INC.'S NOTICE OF MOTION AND MOTION TO          CASE NO. C 07-03108
DISMISS AND/OR STRIKE PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

1  provide the LWDA with the opportunity to investigate alleged Labor Code violations.

2  *See* Cal. Labor Code § 2699.3(a)(2)(B).

3  The Complaint fails utterly to plead compliance with the procedural filing

4  requirements of § 2699.3(a).  Therefore, the civil penalties Plaintiffs seek through § 2699

5  in their first and fourth causes of action will not be recoverable (*Caliber Bodyworks, Inc.*,

6  134 Cal. App. 4th at 376) and the Court should strike all references to § 2699 contained

7  in the Prayer for Relief pursuant to Rule 12(f).

8  ### 2. The Court Should Strike Certain Allegations From Plaintiffs' Fifth Cause Of Action For Unfair Competition.

9  "'[U]nder the UCL, prevailing plaintiffs are generally limited to injunctive

10  relief and restitution.'" *Tomlinson v. Indymac Bank, F.S.B.*, 359 F. Supp. 2d 891, 893

11  (C.D. Cal. 2005) (citing *Korea Supply, Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134,

12  1444-45 (2003) (further citations omitted). "[C]ompensatory damages are not available."

13  *Id.*  "An order for restitution is one 'compelling a UCL defendant to return money

14  obtained through an unfair business practice to those persons in interest from whom the

15  property was taken, that is, to persons who had an ownership interest in the property . . .

16  ." *Id.* (quoting *Kraus v. Trinity Management Services, Inc.*, 23 Cal. 4th 116, 126-127

17  (2000). "The goal of restitution is to restore the status quo ante. *Id.*

18  Plaintiff's fifth cause of action (*see Compl.*, ¶¶ 52-65) alleges that Dollar

19  Tree engaged in unfair competition and committed unfair business practices by allegedly

20  failing to pay to Plaintiffs overtime wages (*id.*, ¶ 56 at p. 13:15-18) and by failing to issue

21  accurate itemized wage statements (*see id.*, at p. 13:19-20).  Rather than limit their claim

22  to a request for injunctive or restitutionary relief, Plaintiffs reference sections 203 and

23  226.6 of the California Labor Code which impose statutory penalties upon employers

24  failing to take certain actions.[11]  *See id.*, ¶ 56.  Moreover, Plaintiff's Prayer for Relief

---

27  [11] Plaintiffs' UCL Prayer for Relief seeks "such other and further relief as the Court may deem just and appropriate." *Compl.*, at Prayer (p. 24, ¶ 22).  Plaintiffs thus arguably seek the imposition of the statutory penalties identified in Labor Code sections 203 and 226.6.

KAUFF, McCLAIN & McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-13-

DEFENDANT DOLLAR TREE STORES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AND/OR STRIKE PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF                    CASE NO. C 07-03108

1    ("Prayer") seeks (a) a "temporary restraining order [and] a preliminary injunction . . .

2    enjoining Defendant from failing to pay overtime wages, withholding taxes, matching

3    funds, Social Security, Medicare, unemployment and workers' compensation premiums

4    as required by law" (*id.* at p. 24, ¶ 20); and (b) "an order requiring Defendant to show

5    cause, if any they have, why it should not be enjoined as set forth herein, during the

6    pendency of this action" (Prayer at p. 24, ¶ 19).  Each of these allegations and prayers

7    for relief should be stricken from the Complaint pursuant to Rule 12(f) on the grounds

8    that they exceed the relief allowable under the UCL, as described below.

9                         **a.    The Court Should Strike References To California Labor**
                              **Code Sections 203 And 226.6 Because Penalties Are Not**
10                            **Recoverable Under The UCL.**

11    Plaintiffs' fifth claim for relief references California Labor Code §§ 203 and

12    226.6 which impose penalties upon employers who violate §§ 201 and 226(a),

13    respectively.[12]  *See Compl.*, ¶ 56 at p. 13:22.  Plaintiffs may not recover the penalties

14    described in §§ 203 and 226.6 because they are not restitutionary and are not

15    recoverable under the UCL.  *See Tomlinson v. Indymac Bank*, 359 F. Supp. 2d 891,894-

16    895 (C.D. Cal. 2005) (holding that penalties are not available to private litigants in a UCL

17    action).

18    Plaintiffs' reference to § 203 in the fifth cause of action (¶ 56 at p. 13:22) is

19    improper under *Tomlinson* and should be stricken.  In *Tomlinson*, Plaintiffs alleged

20    violations of the FLSA and the UCL and sought to recover, among other things, the

21    statutory penalties contained in § 203 through their UCL claim for relief.  359 F. Supp.2d

22    at 893.  The Court ruled that § 203 penalties are not recoverable under the UCL

23    "because *Section 203* does not merely compel [the defendant employer] to restore the

24

25    ---

      [12]  § 201 requires employers to provide employees with immediate wage payments following a
      discharge or layoff.  § 203 imposes penalties in the form of wage continuation payments for up to
26    thirty days for violations of § 201.  Similarly, § 226(a) requires employers to provide employees
      with accurate itemized wage statements by describing certain information (e.g., total hours
27    worked, gross wages earned, etc.) and § 226.6 imposes penalties of up to $1,000 for violations
      of § 226(a).  The statutory penalty provided by § 226.6 may be imposed only after an employer
28    has been convicted of a misdemeanor for violating § 226(a).

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-14-

DEFENDANT DOLLAR TREE STORES, INC.'S NOTICE OF MOTION AND MOTION TO        CASE NO. C 07-03108
DISMISS AND/OR STRIKE PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

1  *status quo ante* by compensating Plaintiffs for the time they worked; rather, it acts as a

2  penalty by punishing [the defendant employer] for willfully withholding the wages and

3  forces [the defendant employer] to pay Plaintiffs an additional amount." *Id.* at 895.

4  Plaintiffs' reference to § 203 should therefore be stricken from the fifth cause of action.

5  Plaintiffs' reference to § 226.6 should be stricken for similar reasons.

6  § 226.6 classifies violations of § 226(a) as misdemeanors in California and imposes a

7  financial penalty *after* a conviction is obtained.  The relief therefore is not intended to

8  compensate Plaintiffs for work the Plaintiffs performed.  The financial penalty cannot,

9  therefore, be considered restitutionary under *Tomlinson*.[13]

10  For the reasons described above, the penalties described in §§ 201 and

11  226.6 are immaterial or impertinent to Plaintiffs' fifth claim for relief and should, therefore,

12  be stricken from the Complaint. *Fantasy, Inc*, 984 F.2d at 1527.

13  **b.  The Court Should Strike Plaintiffs' Request For A Temporary Restraining Order, A Preliminary Injunction And An Order To Show Cause From The UCL Prayer For Relief Because There Is No Risk Of Irreparable Harm.**

15  Requests for injunctive relief, including requests for preliminary injunctions

16  and temporary restraining orders, require Plaintiffs to "demonstrate a significant threat of

17  irreparable injury." *See Givemepower Corp.*, 2007 U.S. Dist. LEXIS 20886 at*20

18  (denying request for a preliminary injunction and temporary restraining order) (citing

19  *Arcamuzi v. Continental Air Lines, Inc.*, 819 F.2d 935, 937 (9th Cir. 1987) (citation

20  omitted).  Moreover, "[e]conomic injury alone does not support a finding of irreparable

21  harm, because such injury can be remedied by a damage award." *Id.* (citing *Rent-A-*

22  *Center, Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir.

23  1991); *see also Sampson v. Murray*, 415 U.S. 61, 90 (1974) ("Mere injuries, however

---

[13] In addition, the Complaint fails to allege that Defendant Dollar Tree, or any of its officers, directors or managing agents, were ever accused, much less convicted, of misdemeanor violations of § 226(a).  *See Compl.*, ¶ 56.  The references to § 226.6 therefore lack a factual predicate and should be stricken on this independent basis.

KAUFF, McCLAIN & McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT DOLLAR TREE STORES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AND/OR STRIKE PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF          CASE NO. C 07-03108

1  substantial, in terms of money, time and energy necessarily expended are not enough"

2  to constitute irreparable injury) (quotation omitted).

3     As described above, Plaintiffs' UCL Prayer for relief seeks a temporary

4  restraining order, an order to show cause and a preliminary injunction enjoining Dollar

5  Tree "from failing to pay overtime wages, withholding taxes, matching funds, Social

6  Security, Medicare, unemployment and workers' compensation premiums as required by

7  law" (*Compl.*, at Prayer, p. 24, ¶¶ 19-20).  These allegations, which describe quantifiable

8  and readily ascertainable sums certain, are financial and plainly compensable.  Because

9  Plaintiffs threatened injuries can be remedied through awards of actual damages and/or

10  restitution,[14] their requests for preliminary injunctive relief, an order to show cause and

11  for a temporary restraining order are immaterial and impertinent and should be stricken

12  from the Complaint pursuant to Rule 12(f).

   **3. The Court Should Strike Plaintiffs' Reference To IWC Wage Order No. 9**

13
14
15
16
17
18
19
20
21
22
23

   IWC Wage Order No. 9 regulates "wages, hours and working conditions in

the transportation industry."  *Watkins v. Ameripride Servs.*, 375 F.3d 821, 825 (9th Cir.

2004).  Plaintiffs allege that Dollar Tree was at all times "engaged in the business of

maintaining retail stores for the purpose of selling to the general public discounted

household products and miscellaneous merchandise."  *Compl.*, ¶ 55.  Because Dollar

Tree's alleged business is in the retail services industry and not the transportation

industry, Plaintiffs' reference to IWC Wage Order No. 9 (*see Compl.*, at p. 9:4) should be

stricken on the grounds that it is immaterial and impertinent to any cause of action

alleged in the Complaint.

24

25

26   [14]  Plaintiffs seek actual damages for these injuries through their sixth and seventh claims for
27  relief.  *See Compl.*, at Prayer, ¶¶ 23 (seeking "actual damages") and 26 (seeking an order
"requiring Defendant to restore to Plaintiffs and members of Plaintiffs' Class all wages and other
28  property withheld unlawfully by Defendant."

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-16-

DEFENDANT DOLLAR TREE STORES, INC.'S NOTICE OF MOTION AND MOTION TO   CASE NO. C 07-03108
DISMISS AND/OR STRIKE PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

1    IV.    **CONCLUSION**

2              Plaintiffs have made a federal, class-action case out of, at best, an isolated

3    belief about activity in Sonoma County.  This lawsuit should not go forward as a class

4    action unless and until Plaintiffs can marshal facts supporting their conclusions.

5    DATED:  July 9, 2007                        Respectfully submitted,

6                                                              KAUFF McCLAIN & McGUIRE LLP

7

8                                                              By: _____/S/_____

9                                                                        ALEX HERNAEZ

10                                                           Attorneys for Defendant
                                                              DOLLAR TREE STORES, INC.

11
      119600.v1
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

-17-

DEFENDANT DOLLAR TREE STORES, INC.'S NOTICE OF MOTION AND MOTION TO              CASE NO. C 07-03108
DISMISS AND/OR STRIKE PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF