Donald S. Edgar, Esq. (SBN 129324)
Jeremy R. Fietz, Esq. (SBN 200396)
Rex Grady, Esq. (SBN 232236)
**EDGAR LAW FIRM**
408 College Avenue
Santa Rosa, California 95401
Tel:   (707) 545-3200
Fax:  (707) 578-3040

Attorneys for Plaintiffs,
KASSONDRA BAAS and KELLY LOFQUIST, individually and on behalf of others similarly situated

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASSONDRA BAAS and KELLY LOFQUIST, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> DOLLAR TREE STORES, INC., <br><br> Defendants. | CASE NO. C 07-03108 JSW <br><br> CLASS ACTION <br><br> **OPPOSITION TO DEFENDANT DOLLAR TREE STORE INC.'S MOTION TO DISMISS** <br><br> Date: August 24, 2007 <br> Time: 9:00 a.m. <br> Dept: Courtroom 2, 17th Floor <br> Judge: Hon. Jeffrey S. White |

# TABLE OF CONTENTS

I. INTRODUCTION ...........................................................................................p. 1.

II. ARGUMENT .................................................................................................p. 1.

A. PLAINTIFFS HAVE SATISFIED THE PLEADING REQUIREMENTS
   FOR FRAUD..............................................................................................p. 1.
   1. Introduction..........................................................................................p. 1.
   2. What Rule 9 (b) Requires....................................................................p. 2.
   3. Defendant's Objections to the Pleadings and
      What Plaintiffs Actually Pled..............................................................p. 4.

B. PLAINTIFFS' CLASS ACTION ALLEGATIONS WERE PROPERLY
   PLED.........................................................................................................p. 9.

C. PLAINTIFFS HAVE SATISFIED THE CAFA REQUIREMENTS............p. 10.

D. PLAINTIFFS' PURSUIT OF STATE AND FEDERAL CLAIMS IS
   CONSISTENT WITH NORTHERN DISTRICT PRACTICE...................p. 11.

E. IF PLAINTIFFS' CLAIMS FOR CIVIL DAMAGES MUST BE DISMISSED,
   PLAINTIFFS SHOULD NOT BE BARRED FROM BRINGING THE CLAIMS
   LATER ONCE ADMINISTRATIVE NOTICE HAS BEEN GIVEN...........p. 12.

F. DEFENDANT'S OBJECTIONS TO PLAINTIFFS' § 17200 CAUSE OF
   ACTION ARE MISPLACED AND SHOULD BE DENIED.....................p.12.
   1. Plaintiffs' Reference to *Labor Code* §§ 203 and 226 in its Fifth Cause of
      Action Are Entirely Appropriate,......................................................p. 12
   2. The Reference to Wage Order No. 9 Appears Only in a Subheading,
      and is Merely Typographical, ............................................................p. 13.

III. CONCLUSION, .............................................................................................p. 14

# TABLE OF AUTHORITIES

## Statutory Authority

Fed. Rule of Civ. Proc. 8, ..............................................................................p. 2

Fed. Rule of Civ. Proc. 9 (b), ...........................................................pp. 1, 10, 11, 13

*California Business and Professions Code* § 17200.................................................12

*California Labor Code* § 203.......................................................................12

*California Labor Code* § 226.6..................................................................... 12

*California Labor Code* § 2699..................................................................... 12

California Wage Order No. 7............................................................................13

California Wage Order No. 9..........................................................................  13

## Common Law Authorities

*Behrman v. Allstate Life Insurance Company,* 2005 U.S. Dist. Lexis 7262..........p. 5.

*Bly-Magee v. California,* 236 F.3d 1014, 1019 (9th Cir.2001) ........................p. 4

*Breeden v. Benchmark Lending, Inc.* (N.D. Cal. 2005)
       229 F.R.D. 623, 62 Fed.R.Serv.3d 431.............................p. 11

*Kelly v. SBC, Inc.* (N.D. Cal. 1998) 1998 U.S. Dist. LEXIS 18643..........p. 11

*Seville Indus. Machinery Corp. v. Southmost Machinery Corp.,*
       742 F.2d 786, at 791, (3rd Cir., 1984) .........................................p. 4

*Swartz v. KPMG LLP* 476 F.3d 756, at 764 (9th Cir.2007) ...........................p. 4

*Walling v. Beverly Enterprises* (9th Cir. 1973).................................. p. 4,8,9

## Secondary Authorities

*Federal Civil Rules Handbook 2005,* ................................................pp. 2,3,5

# I. INTRODUCTION

Defendant alleges that some or all of the Plaintiffs' Complaint should be struck. It is wrong. The primary basis for its argument is its claim that the elements of fraud, as required by the *Federal Rules of Civil Procedure* have not been adequately pled. In addition to this, Defendant argues that a handful of other matters justify the Court's intervention in striking the pleadings.

Defendant's motion should be denied. Plaintiffs have provided a sufficient factual foundation in their allegations of fraud so as to provide Defendant with notice of the allegations against it. It has complied with all pleading requirements for class actions. Plaintiffs' seeking of remedies to the same harm from both State and Federal statutes is not inappropriate. And, finally, the claim that the Plaintiff's §17200 cause of action is well pled.

# II. ARGUMENT

## A. PLAINTIFFS HAVE SATISFIED THE PLEADING REQUIREMENTS FOR FRAUD

### 1. Introduction

Plaintiffs dedicated many lengthy and detailed paragraphs of their complaint to describing the Defendant's business operations and the manner in which the Defendant treated its employees. In these paragraphs Plaintiffs also described how Defendant engaged in a fraudulent scheme to exploit the Plaintiffs and their Class by manipulating the computer time records to reduce both regular and overtime hours payable. The Plaintiffs have explained that the scheme was one that was devised by the corporation, that the scheme was in effect throughout the four-year period that is covered in the Complaint, and that the fraud at the base of the scheme was directly implemented by high ranking corporate agents, including Rick Tellstrom. This fraud was perpetrated by Defendant through the intentional altering of electronic records of hours worked by members of the Plaintiffs' Class, and the issuing to the Class Members of inaccurate

1

itemized wage statements that reflected the changes made in the electronically stored data.

Plaintiffs have satisfied the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. They have gone well beyond a mere recitation of the elements of fraud. Because of the detail articulated in Plaintiffs Complaint, the Defendant has been alerted to the precise misconduct with which they are charged, and they are more than capable now of fashioning an appropriate answer and preparing appropriate discovery in response. Consequently, Defendant's Motion should be denied.

## 2. What Rule 9 Requires

Federal Rule 9 states: "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." On its face, what this Rule means is that those alleging fraud must go beyond a mere accusation that a Defendant violated the several elements of fraud. In other words, a Plaintiff must generate a pound or two of factual flesh to cover the bare bones of its pleading.

Because it is a general rule, lacking specificity, Congress left the door open to the Courts to more precisely define what constituted appropriate pleading when a Plaintiff alleged fraud in the circumstances of a particular case. As noted by the authors of the *Federal Civil Rules Handbook*, the Courts have indeed filled in the gaps in Congress' language, as well as rationalized the purpose of the Rule itself. The Courts have determined that "requiring that such claims be pled with particularity: (1) ensures that the defendants have fair notice of the plaintiff's claim; (2) helps safeguard the defendants against spurious accusations, and the resulting reputational harm; (3) reduces the possibility that a meritless fraud claim can remain in the case, by ensuring that the full and complete factual allegation is not postponed until discovery; and (4) protects defendants against "strike" suits." *Federal Civil Rules Handbook 2005*, p. 270.

The Courts have provided further guidance regarding what is required of those who would plead fraud. "When pleading fraud the claimant must allege more than mere

conclusory allegations of fraud or the technical elements of fraud." (*Id.*). The Courts have stated that:

> the amount of particularity or specificity required for pleading fraud or mistake will <u>differ from case to case</u>, but generally depends upon <u>the amount of access the pleader has to the specific facts</u>, considering the complexity of the claim, the relationship of the parties, <u>the context in which the alleged fraud or mistake occurs</u>, and <u>the amount of specificity necessary for the adverse party to prepare a responsive pleading</u>. (*Id.*, at p. 272 (emphasis added)).

The Court's have been very careful to point out that the heightened pleading standard for fraud was not intended by Congress to replace the notice standard embodied in Rule 8.

> [t]he particularity requirement of Rule 9 is not…intended to abrogate or mute the Rule 8 "notice" pleading standard that applies in federal courts, and the two Rules must be read in harmony with one another. Plaintiffs are still obligated to plead only notice of a fraud or mistake claim; Rule 9(b) simply compels a higher degree of notice. Thus, Rule 9(b) generally requires the pleader to fill-in "the first paragraph of any newspaper story"—the "who, what, when, where, and how" of the alleged scheme. In the context of fraud claims, *many* courts require the pleader to allege (1) the time, place, and contents of the false representations or omissions, and explain how they were fraudulent, (2) the identity of the person making the misrepresentations, (3) how the misrepresentations misled the plaintiff, and (4) what the speaker gained from the fraud. (*Id.*).

The degree and style of the information required to satisfy the heightened pleading requirement indeed varies from cases to case. Generally speaking though, in the Ninth Circuit, Rule 9(b) **"does not require nor make legitimate the pleading of detailed evidentiary matter.... It only requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations."** *Walling v. Beverly Enterprises* (9th Cir. 1973) 476 F.2d 393, 397.

The 9th Circuit has highlighted the root purpose of the rule thusly:

> To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong. (*Swartz v. KPMG LLP* 476 F.3d 756, at 764 (9th Cir.2007); citing *Bly-Magee v. California,* 236 F.3d 1014, 1019 (9th Cir.2001) (internal quotations omitted)).[1]

As will be explained, the level of detail in Plaintiffs' Complaint satisfies Rule 9(b) and the policy underlying it, as interpreted and construed by the Federal Courts in the Ninth Circuit.

### 3. Defendant's Objections to the Pleadings and What Plaintiffs Actually Pled

Defendant disingenuously characterizes Plaintiffs' allegations of fraud as having been "perpetrated by certain unnamed individuals, at certain unspecified times, against certain unnamed employees as well as the federal government."

Notwithstanding Defendant's assertions, Plaintiffs have in fact specified the time during which the fraud occurred. Plaintiffs have pled that the fraud occurred throughout

---

[1] It is worth noting that the Court's greatest expression of concern in the *Swartz* case was that there were multiple defendants and the complaint failed to identify which of the defendants was involved in the various misrepresentations alleged. The case at bar contains only one Defendant. There is no such uncertainty in this case.

1  the statute of limitations period, which commenced four years before the filing of
2  Plaintiffs suit. Plaintiffs also specified that the fraud occurred each time a member of the
3  Class was issued a paycheck. (Defendant is aware exactly when each of the Plaintiffs
4  and their Class members were paid. In fact, California law requires the Defendant to
5  maintain records of payment of employee wages). These facts are sufficient to provide
6  Defendants with notice of the exact times when the fraud was committed. These facts are
7  sufficient in this regard particularly in light of the concerns expressed by Courts that the
8  time element of fraud pleading is necessary to guard against claims that straddle the
9  applicable statute of limitations. *Behrman v. Allstate Life Insurance Company*, 2005 U.S.
10 Dist. Lexis 7262, 10. Because the time period pled in this case is expressly limited to the
11 applicable statute of limitations, any reasonable concern over the particularity of the time
12 element is quieted and can form no basis for striking the Plaintiffs' claims.

13        Regarding the Plaintiffs' alleged failure to identify any individuals involved in the
14 perpetration of the fraud, Defendant is incorrect. Plaintiffs identified by name one high
15 level individual agent of the Defendant whose conduct was instrumental in the
16 perpetration of the fraud in many of Defendant's stores in California. Plaintiffs *are not
17 required to identify all persons* involved in the fraud. They are not required to do so
18 particularly when all facts regarding the fraud are not in their control, but in the
19 Defendant's. Plaintiffs are only obligated to provide sufficient notice as to who among
20 Defendant's agents was involved. (See *Federal Civil Rules Handbook*, as cited on page 3
21 of this Opposition Brief, beginning on line 9). The identification of the high level
22 manager Rick Tellstrom, overseeing ten of Defendants stores, is sufficient to provide
23 Defendant with the necessary notice under Rule 9 (b). Additional factual detail can be
24 supplied and identified during discovery. The initial pleading stage is not the time to test
25 the sufficiency of Plaintiffs' evidence.

26        Plaintiffs must note that the Defendant later does admit that Plaintiffs did identify
27 Mr. Tellstrom as someone who engaged in fraudulent activity on Defendant's behalf.
28 However, Defendant qualifies this admission by stating that Plaintiffs nevertheless failed

to identify any timeframe for this supposed involvement or any details regarding who Mr. Tellstrom supposedly directed to participate with him in the fraud. Defendant even goes so far as to claim that Plaintiffs admitted they had no facts to support their state-wide allegations of fraud when Plaintiffs stated that they would need to access "a computer program" in order to more fully discover whether or not state-wide fraud occurred.

Indeed it is difficult to imagine a fraud allegation to be pled more specifically at the pleading stage than this fact specific recitation (paragraph 70 of the Complaint):

> "while serving as a DOLLAR TREE District Manager, Mr. Rick Tellstrom, directed individual store managers throughout his District to manipulate/alter the store employee time records utilizing the computer time tracking system, as herein alleged. Plaintiffs are informed, and on that basis allege, that Store Managers followed these directions of the District Manager and so altered the time records of the hourly employees. These alterations were made with the direction, knowledge and consent of Mr. Tellstrom and other managing agents of Defendant DOLLAR TREE. The computer system records that have been altered requires log-in identification assigned to the person logging-in to be entered when access to the data base occurs, and a record of each of these log-ins, along with the corresponding identification number, is stored in the system permanently. The computer program tracks changes made to employee hours and who makes such changes. With that information, the parties will be able to more fully discover who made the electronic time card changes and, through depositions of those individuals, it will become more apparent which of the managing agents of Defendant DOLLAR TREE, in addition to Mr. Tellstrom, were specifically involved in directing these fraudulent changes."

1       Again, Plaintiff sufficiently identified the time period of the fraud as being limited
2  to the four year period prior to the filing of the Complaint, and to each time the Plaintiffs
3  were issued pay checks.  Plaintiffs may not have specifically identified who Rick
4  Tellstrom instructed to commit fraud on Defendant's behalf, but this does not erase the
5  fact that Plaintiffs alleged that Tellstrom himself was a moving force in the commission
6  of the fraud, and that Tellstrom merely used others as his and his principal's instrument.

7       The reference to Plaintiffs' admission that they will need to examine the contents
8  of Defendant's computer program was *not* an admission that Plaintiffs lack facts to
9  support the pleading as required by Rule 9 (b).  After all, Plaintiffs have stated they
10 worked hours they were not compensated for and that the wage records issued to them by
11 Defendant did not match what they actually earned and were entitled to receive as
12 compensation.  The non-payment of wages is supported by facts.  And so is the alleged
13 conduct of Tellstrom and others that led to the reduction of the Plaintiffs' pay.  What
14 Plaintiffs actually said regarding the computer records was that Defendant is in
15 possession of electronic data recording when specifically alterations were made in
16 reported hours and who specifically made those computer entries.  Plaintiff is not
17 required to possess and plead *every and all* facts with respect to who and when a fraud
18 was committed.  When a defendant controls access to the information that would permit
19 precise identification of all facts, or additional facts in support of the requirements of
20 Rule 9 (b), a plaintiff not expected, nor required, to provide what is not yet known, and
21 which only discovery can make accessible.  A plaintiff need only alert the defendant as to
22 the nature of the fraud charged with some particularity.  Plaintiffs have done so.

23      With respect to the Defendant's claim that the identification of Mr. Tellstrom as
24 someone involved in perpetrating the Defendant's fraud is not sufficient basis for a state-
25 wide class action, Plaintiff must disagree.  Plaintiffs did indeed work at a single store for
26 only part of the class period.  They are representative of others similarly situated, who
27 were harmed in a similar fashion.  Though this is an issue more appropriately determined
28 at the Class Certification, not the pleading, stage, Plaintiffs must point out that it is not

7

necessary that their experience be identical to that of other members of the Class. They need not have worked at every store to qualify as representatives. If the Defendant objects to the adequacy of the Plantiffs' representation of the class, there is an appropriate time, place and method in the future for doing so.

Defendant asserts that particularity of Plaintiffs fraud pleading is lacking with regard to the identification of the victims of the Defendant's alleged fraud. Plaintiffs, however, have specified themselves as victims of the Defendant's wrongdoing. They have also specified all those similarly situated as victims of the wrongdoing. They have also identified the computer records in Defendant's possession as containing a record of exactly who was subject to this reverse time-clock fraud. Plaintiffs, in the pleading stage in a Class Action, are not required to identify each member of the Class. Plaintiffs are not even required to do this at the Class Certification Stage. For purposes of pleading, and of furthering the policy underlying Rule 9 (b), the identification of victims of the fraud provided by the Plaintiffs is sufficient.

Finally, contrary to the Defendant's assertion, Plaintiffs have provided factual allegations that actual fraud occurred as described in the Complaint. Plaintiffs pled that when they or members of their Class were paid for less hours than were worked or at less hourly rate than provided by law, they were deprived of a portion of their earnings as a result of alteration of electronic wage and hour data. Plaintiffs have pled that they were in fact deprived of their pay as a result of the scheme outlined in detail in the complaint. Again, the purpose of the heightened pleading standard is to provide a Defendant with notice, not prove the allegations. Plaintiffs have articulated sufficient factual detail so as to provide Defendant with that notice, and thus supply it with the information necessary to adequately answer the Complaint.

In reviewing the pleadings, it is clear when the fraud occurred. It is clear against whom the fraud was committed: plaintiffs and other hourly workers. And it is clear that high-level corporate agent Rick Tellstrom implemented the fraudulent scheme, at least with respect to the many many stores he supervised. On the facts presented in the

complaint, it can be said, as was said in another California class action case over thirty years ago, "it is not impossible to understand plaintiff's allegations." *Walling v. Beverley Enterprises* (9th Cir. 1973) 476 F.2d 393, 397. Consequently, the Court should "easily conclude that the Complaint satisfied Rule 9(b) requirements." *Id*.

### B. PLAINTIFFS' CLASS ACTION ALLEGATIONS WERE PROPERLY PLED

Defendant asserts that Plaintiffs' class allegations should be struck because they are so vague as to deny Defendant fair notice. Specifically Defendant says that Plaintiffs have included both exempt and non-exempt employees in its class definition. Plaintiffs, however, have done nothing of the sort. Plaintiffs included all current and former employees of Defendant Dollar Tree stores within the State of California at any time within the last four years until the date of trial. Plaintiffs made no allegation of the existence of any distinction among these employees along "exempt" and "non-exempt" lines. This is a distinction invented by the Defendant, supported by no fact, no evidence, and should be ignored. If evidence reveals that there is a distinction required, the pleading stage is not the time for such a challenge, nor has Defendant provided such evidence.

Defendant asserts too that part time employees who never qualified for overtime are a separate group that have been hopelessly lumped in with the full-time employees, whom Defendant seems to suggest are the group Plaintiffs actually seek to represent. Again, this is an irrelevant and meaningless distinction. Whether someone was part-time or full-time does not determine if one was subject to the Defendant's wage withholding scheme. Part-time employees had hours shaved, just as full-time employees did, or so the Plaintiffs allege. It is theoretically true that a full-time employee would have more opportunities to work overtime hours, and thus be more often subject to surreptitious wage reduction as described in the Complaint. But whether the hours shaved were overtime hours or straight time hours has no bearing on a given employee's membership in the class. As noted by Plaintiffs in their Complaint, the putative class includes *all* employees employed by Defendant in its stores throughout the State.

9

Finally, Defendant says that because the named Plaintiffs only worked at a single Dollar Tree store, they can hardly represent the interests of employees at other Dollar Tree stores. The allegation is that the same misconduct by Defendant occurred at all Dollar Tree stores. This allegation is well pled. If Defendant must take issue with the Class elements of the pleading, the proper place to do it, in light of the adequacy of the Complaint, is not prior to answering the Complaint, but afterward, in a formal opposition to Plaintiff's Motion for Class Certification.

Defendant admits that, as a rule, "dismissal of class allegations is rare." For the reasons stated by Plaintiffs, the Court should make no exception to this rule here.

### C. PLAINTIFFS HAVE SATISFIED THE CAFA REQUIREMENTS

Defendant claims that Plaintiffs' reliance on the Class Action Fairness Act is inadequate. Because of this alleged inadequacy, Defendant says the action must be dismissed. The specific basis for the claim of inadequacy is that Plaintiffs have failed to alleged that the Class contains at least 100 persons, and that the allegation by Plaintiffs that the monetary claims of all class members exceeds the sum of $ 5,000,000 is unsupported by any articulated factual support.

Without admitting so, even if Defendant is correct that Plaintiffs failed to adequately plead the elements of CAFA as a basis for the Federal Court's jurisdiction, jurisdiction would nevertheless remain in the Federal Court. Plaintiffs alleged that the Federal Court has jurisdiction because there is diversity of citizenship. This diversity is made plain by the opening allegations of the Complaint and satisfies the traditional diversity jurisdiction requirements of the Federal Court.

Furthermore, since it is hornbook law that the Court must, at the pleading stage treat the Complaint as if true, the Court cannot second-guess the veracity of the monetary basis of the aggregate claims. As for the alleged failure of Plaintiffs to plead that the class comprises at least 100 persons, this is not strictly true. Plaintiffs alleged that Defendant operates at least 200 stores throughout the State, and that each store employs persons (that is, more than one person each) "such as Plaintiffs, to perform routine tasks,

including the stocking of shelves and the operating of cash registers and customer check out stations." The information provided by the Plaintiffs permits the obvious and logical inference that there are at least 100 persons in the same capacity as the Plaintiffs.

### D. PLAINTIFFS' PURSUIT OF STATE AND FEDERAL CLAIMS AND REMEDIES IS CONSISTENT WITH NORTHERN DISTRICT PRACTICE

Defendant asserts that the Plaintiffs' State law claims should be dismissed because they conflict with the Plaintiffs' Federal law claims under FSLA. Defendant reasons that the sets of claims are incompatable in a single class action because the State law claims require members of the class to do nothing to be part of the class, while the Federal law claims require members to opt in.

It is interesting, Plaintiffs must note, that Defendant, in making its argument, had a choice regarding which claims to dismiss. It chose the Plaintiffs' state law claims, encompassing seven causes of action, even though the FSLA claims occur in a single cause of action. Clearly, Defendant is overreaching.

Irregardless, Defendant is incorrect in its analysis and conclusion. Specifically, as Defendant itself acknowledges in a footnote, the incompatability of the two types of actions is a minority view. Defendant even cites a Northern District case, *Kelly v. SBC, Inc.* (N.D. Cal. 1998) 1998 U.S. Dist. LEXIS 18643, to this effect. We agree with Defendant's view as to the minority status of its position. And we add to its Northern District citations the case of *Breeden v. Benchmark Lending, Inc.* (N.D. Cal. 2005) 229 F.R.D. 623, 62 Fed.R.Serv.3d 431. In that case, Judge Samuel Conti permitted both FLSA claims and Rule 23 class claims to proceed. In fact, after approving of the case as an FLSA collective action, he further certified a Rule 23 class.

Based on the fact that Northern District Court does not find state Labor Code and FSLA class allegations to be incompatable, and based on the agreement of the parties in this action that the view that such claims are incompatable is a minority one, the Court should deny the Motion to strike either the Plaintiffs' state law based claims or the Plaintiffs' federal law based claims.

### E. IF PLAINTIFFS' CLAIM FOR CIVIL DAMAGES MUST BE DISMISSED, PLAINTIFFS' SHOULD NOT BE PREJUDICED FROM BRINGING THE CLAIM LATER ONCE ADMINISTRATIVE REMEDIES ARE EXAUSTED

Defendant insists that because Plaintiffs have not indicated that it has satisfied the condition precedent for recovery of civil damages under *Labor Code* § 2699, its request for relief pursuant to that code section in several of its causes of action should be struck.

Plaintiffs understand that it is necessary to report potential violations of particular statutes to the Labor Commissioner before private actions for recovery of civil damages can be sought. The Labor Commissioner has the equivalent of a right of first refusal to recover such damages. Only when the Labor Commissioner has waived its right to so recovery, after being provided notice of the potential violations, can a private party seek recovery of those damages. It is true Plaintiffs have not pled that it has notified the Labor Commissioner, nor received actual or constructive notice of the Labor Commissioner's waiving of its right to recover civil penalties. The references to recovery only occurs in the Prayer for Relief as one of several kinds of damages that Plaintiffs seek recovery of. Plaintiffs only included these penalties in the relief section so as to protect its right to recover the penalties should all conditions precedent to their recovery be established at a later date. If the Court deems it appropriate to strike these requests for relief from the Complaint, Plaintiffs request that the Court do so without prejudice to the Plaintiffs' right to amend the Complaint at a later date, and once all conditions precedent have been satisfied, so as to permit recovery of those penalties.

### F. DEFENDANT'S OBJECTIONS TO PLAINTIFFS' § 17200 CAUSE OF ACTION ARE MISPLACED AND SHOULD BE DENIED

#### 1. Plaintiffs' Reference to Labor Code §§ 203 and 226 in its Fifth Cause of Action Are Entirely Appropriate

Plaintiffs' Fifth Cause of Action is for recovery under *California Business and Professions Code* § 17200. This *Code* Section permits restitution and injunctive relief when it is proven that a Defendant has committed an unlawful or unfair business practice.

An unlawful business practice is one that is in violation of a particular law. Plaintiffs have alleged that among the laws Defendant's business practices have violated are *California Labor Code* Sections 203 and 226.6. Defendant claims that because these two *Code* sections provide for non-restitutionary relief that they are incompatible with §17200 and should be struck.

Defendant's claim is improper. It is true that the two *Labor Code* sections include remedial provisions specifying damages rather than restitution. However, those two code sections also articulate particular public policies that employers are required to uphold. Violation of those public policies is unlawful. Plaintiffs have properly identified violation of the labor standards embodied in those two *Code* sections as the basis of liability under § 17200. It is not the remedial element of those statutes that is relevant, but the standard of care elements. Simply because those standards of care provide for specific kinds of recovery that are not consistent with the kind of recovery permitted under § 17200 does not invalidate them as basis for measuring the lawfulness of the conduct of employers in actions arising from unlawful business practices.

Nor is Defendant correct in claiming that Plaintiffs' request for injunctive relief under § 17200 is improper and must be struck. As Defendant notes, one of the remedies available under §17200 is injunctive relief. Temporary restraining orders and preliminary injunctions qualify as injunctive relief.

### 2. The Reference to Wage Order No. 9 Appears Only in a Subheading, and is Merely Typographical

Defendant points out rightly that Plaintiffs reference to Wage Order 9 is incorrect. Wage Order No. 9 expressly deals with persons employed in the Transportation industry. It does not relate to the conditions for employees in the retail field. The reference to Wage Order No. 9 occurs in Plaintiffs' First Cause of Action. The reference occurs only in the heading as one of several statutory basis of liability for failure to pay overtime wages. This reference is a typo. The actual text of the Cause of Action references Wage Order 7. This error is insubstantial and should be overlooked. The typo is also irrelevant

because the underlying legal principal is the same in every wage order: that the employee should be paid over-time wages equal to one and one-half times the employee's regular rate of pay for all hours worked in excess of eight hours per day and/or forty (40) hours in a single work week, and/or for payment of overtime wages equal to double in the employee's regular rate of pay for all hours worked in excess of twelve (12) hours in any workday and/or for all hours worked in excess of eight (8) hours on the seventh (7th) day of work in any one workweek.

### III. CONCLUSION

The claim by Defendant that the entire Complaint, or much of it, should be struck due to failure to abide by the applicable heightened pleading standard is erroneous. As the Courts have held time and time again, the purpose behind the heightened pleading requirement is to give defendants enough information so that they are able to effectively respond to the Complaint. The very detailed Complaint in this matter certainly does this. This Complaint, of course, proves nothing. Proof and disproof are reserved for discovery, pretrial motions, and trial. All the Plaintiffs have done, and all they are required to do, is adequately plead, not prove. As noted by the Ninth District Circuit Court of Appeals, "the pleading rules, designed to avoid and reduce long and technical allegations, are necessarily supplemented by procedures including summary judgment which enable a party to have a judgment in a relatively short time if there is actually no bona fide claim presented." *Walling v. Beverly Enterprises* (9th Cir. 1973) 476 F.2d 393, 397. The Defendant, here, as in *Walling*, "is at liberty to avail itself of these procedures." *Id*. Defendant should rely on these other procedures in this case not because they will succeed, but if a true basis of relief from Plaintiffs' claims exists, it will be found there, not in the context of an attack upon the Plaintiffs' pleading.

Fraud is but one of nine causes of action alleged in this matter, however, if there were ever a case in the wage and hour context crying out for a fraud claim, this is such a case. Low level, minimum wage, hourly workers had their hard earned money systematically and systemically taken from them. This was done on a large scale and was

perpetrated by high-level corporate agents well above the individual store level (one of whom was explicitly named in the Complaint). In addition, by and through the Complaint, Defendant not only has notice of exactly how the employees were fraudulently deprived of their money but also has notice that the computer system that was used to do so contains all the information as to who it was taken from and how much was taken.

Plaintiffs here request that the Court let the pleadings stand unaltered, both with respect to the allegations of fraud, and to all of the others aspects of the pleadings objected to by the Defendant. In the event, however, that the Court is not satisfied that the Plaintiffs have pled with sufficient particularity, or in conformity with the proper elements of pleading, Plaintiffs respectfully request leave to amend.

Dated: July 24, 2007                                  **EDGAR LAW FIRM**

                                      By:     _____/S/_____

                                          Jeremy R. Fietz, Esq.
                                          Attorneys for Plaintiffs