MAUREEN E. McCLAIN (State Bar No. 062050)
Email: mcclain@kmm.com
ALEX HERNAEZ (State Bar No. 201441)
Email: hernaez@kmm.com
KAUFF McCLAIN & McGUIRE LLP
One Post Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 421-3111
Facsimile: (415) 421-0938

Attorneys for Defendant
DOLLAR TREE STORES, INC.

BETH HIRSCH BERMAN (VA Bar No. 28091)
Email: bberman@williamsmullen.com
WILLIAMS MULLEN
Dominion Tower, Suite 1700
999 Waterside Drive
Norfolk, VA 23510
Telephone: (757) 629-0604
Facsimile: (757) 629-0660

*Pro Hac Vice* Attorneys for Defendant
DOLLAR TREE STORES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KASSONDRA BAAS and KELLY LOFQUIST, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

DOLLAR TREE STORES, INC.,

Defendant.

CASE NO. C 07-03108 JSW

**DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFFS' COMPLAINT**

**DATE:** August 24, 2007
**TIME:** 9:00 a.m.
**DEPT:** Courtroom 2, 17th Flr.
**JUDGE:** Hon. Jeffrey S. White

**COMPLAINT FILED:** June 13, 2007
**TRIAL DATE:** No date set.

KAUFF, MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFFS' COMPLAINT
CASE NO. C 07-03108 JSW

## TABLE OF CONTENTS

Page

**I. INTRODUCTION** .......... **1**

**II. ARGUMENT** .......... **1**

A. The Complaint Should Be Dismissed Because Plaintiffs' Allegations Of Fraud, Which Are Incorporated Throughout The Complaint, Have Not Been Alleged With The Specificity Required By Rule 9(b). .......... 2

1. The "Who," the "How" and the "What" .......... 2

2. The "When" and the "Where" .......... 3

B. Plaintiffs' Class Action Allegations Must Be Dismissed Or Stricken Because They Are Hopelessly Vague And Logically Impossible. .......... 4

C. Plaintiffs' Allegations Regarding The Class Action Fairness Act Must Be Dismissed Because The Complaint Fails To State The Statutory Requirements. .......... 5

D. Count VIII Of The Complaint, A "Request For Preliminary And Permanent Injunction And Other Equitable Relief," Should Be Dismissed Because It Is A Remedy And Not A Cause Of Action .......... 6

E. Plaintiffs' State Law Claims Must Be Dismissed Because They Cannot Simultaneously Maintain An "Opt-In" Class Under The FLSA And An "Opt-Out" Class Under Rule 23. .......... 6

F. The Court Should Strike Certain Allegations From The Complaint Pursuant To Rule 12(f). .......... 6

1. The Court Should Strike All References To California Labor Code Section 2699 Et Seq. From The Prayer For Relief. .......... 6

2. The Court Should Strike Certain Allegations From Plaintiffs' Fifth Cause Of Action For Unfair Competition. .......... 7

a. The Court Should Strike References To California Labor Code Sections 203 And 226.6 Because Penalties Are Not Recoverable Under The UCL. .......... 7

b. The Court Should Strike Plaintiffs' Request For A Temporary Restraining Order, A Preliminary Injunction And An Order To Show Cause From The UCL Prayer For Relief Because There Is No Risk Of Irreparable Harm. .......... 7

3. The Court Should Strike Plaintiffs' Reference To IWC Wage Order No. 9 .......... 8

**III. CONCLUSION** .......... **8**

KAUFF, MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

## TABLE OF AUTHORITIES

Page(s)

### FEDERAL CASES

Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935 (9th Cir. 1987) ........ 8

Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969 (9th Cir. 2004) ........ 5

Hampshire Equity Partners II, L.P. v. Teradyne, Inc., 2005 U.S. Dist. LEXIS 5261 (S.D.N.Y. 2005) ........ 4

Hayduk v. Lanna, 775 F.2d 441 (1st Cir. 1985) ........ 1

Herndon v. Scientific Applications International Corp., 2006 U.S. Dist. LEXIS 79520 (S.D. Cal. 2006) ........ 2

Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165 (1989) ........ 6

Kinney Shoe Corp. v. Vorhes, 564 F.2d 859 (9th Cir. 1977) ........ 6

Leuthold v. Destination America, 224 F.R.D. 462 (N.D. Cal. 2004) ........ 6

Lowery v. Ala. Power Co., 483 F.3d 1184 (11th Cir. 2007) ........ 5

Neary v. Metropolitan Prop. & Casualty Insurance Co., 472 F. Supp. 2d 247 (D. Conn. 2007) ........ 6

Orlando v. Carolina Casualty Insurance Co., 2007 U.S. Dist. LEXIS 22672 (E.D. Cal. 2007) ........ 1

Otto v. Pocono Health System, 457 F. Supp. 2d 522 (M.D. Pa. 2006) ........ 6

Sampson v. Murray, 415 U.S. 61 (1974) ........ 8

Swartz v. KPMG LLP, 476 F.3d 756 (9th Cir. 2007) ........ 2, 3

Tomlinson v. Indymac Bank, 359 F. Supp. 2d 891 (C.D. Cal. 2005) ........ 7

United States ex rel. Brinlee v. AECOM Government Services, 2007 U.S. Dist. LEXIS 9794 (W.D. La. 2007) ........ 3

-ii-

KAUFF, MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFFS' COMPLAINT CASE NO. C 07-03108 JSW

## TABLE OF AUTHORITIES (continued)

Page(s)

United States ex rel. Man Tai Lam v. Tenet Healthcare Corp., 2006 U.S. Dist. LEXIS 95946 (W. D. Tex. 2006) .......... 2

## FEDERAL RULES

28 U.S.C. § 1332(a) .......... 5

28 U.S.C. § 1332(d)(2) .......... 5

28 U.S.C. § 1332(d)(5) .......... 5

Fed. R. Civ. P. 9(b) .......... 1, 2, 3, 4, 8

Fed. R. Civ. P. 12(f) .......... 1, 6, 7, 8

Fed. R. Civ. P. 23 .......... 1, 6

## STATE STATUTES

California Business & Professions Code § 17200 .......... 7

California Labor Code § 201 .......... 7

California Labor Code § 203 .......... 7

California Labor Code § 226.6 .......... 7

California Labor Code Section § 2699 .......... 1, 6, 7

KAUFF, McCLAIN & McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-iii-

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFFS' COMPLAINT

CASE NO. C 07-03108 JSW

## I. INTRODUCTION

In its moving papers, Defendant Dollar Tree Stores, Inc. ("Dollar Tree") established that, as the target of a wide-ranging fraud allegation, it is entitled to specific information regarding the alleged scheme. In response, Plaintiffs Kassondra Baas and Kelly Lofquist ("Plaintiffs") respond by arguing—without citation—that they need not "identify all persons involved in the fraud." Opp. Br. at 5:16-17. The thrust of Dollar Tree's position, however, is that, while repeatedly arguing that the state-wide scheme was "done on a large scale and was perpetrated by high-level corporate agents" (e.g., Opp. Br. at 14:28-15:1), Plaintiffs, short-term employees at a single store, have only identified one person. And that person, by Plaintiffs' own admission, has limited influence on a state-wide basis. Given the alleged scope of the fraud, this simply is not sufficient under Rule 9(b), which is designed to protect defendants from spurious allegations of fraudulent conduct.

In essence, Plaintiffs ask the Court to excuse them from compliance with the rule and permit discovery with the hope of uncovering a basis for alleging fraud. The Court should decline.

> [I]n cases in which fraud lies at the core of the action, the rule does not permit a complainant to file suit first, and subsequently to search for a cause of action.

*Hayduk v. Lanna*, 775 F.2d 441, 443 (1st Cir. 1985) (collecting cases).

## II. ARGUMENT

"Although a plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim, the claim will be considered to be grounded in fraud and the pleading of that claim as a whole must satisfy Rule 9(b)." *Orlando v. Carolina Cas. Ins. Co.*, 2007 U.S. Dist. LEXIS 22672, *27 (E.D. Cal. 2007). Because the Complaint here is "grounded in fraud," it must comply with Rule 9(b).

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-1-

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS AND/OR STRIKE PLAINTIFFS' COMPLAINT

CASE NO. C 07-03108 JSW

**A. The Complaint Should Be Dismissed Because Plaintiffs' Allegations Of Fraud, Which Are Incorporated Throughout The Complaint, Have Not Been Alleged With The Specificity Required By Rule 9(b).**

Nothing argued in Plaintiffs' Opposition Brief can cure the fact that their Complaint is woefully defective under Rule 9(b). Indeed, although Plaintiffs concede that they must plead the "who, what, when, where and how" of the alleged scheme (Opp. Br. at 3:22-23), it is plain they have not. Instead, Plaintiffs' Opposition Brief issues repeated assertions of law without any legal citation and fails to even discuss, much less distinguish, the primary cases cited by Dollar Tree.

**1. The "Who," the "How" and the "What".**

Plaintiffs' Complaint identifies only one person, Mr. Tellstrom. Yet nowhere do they explain how this single person could possibly have orchestrated this state-wide scheme. In fact, Plaintiffs concede the opposite is true:

> And it is clear that high-level corporate agent Rick Tellstrom implemented the fraudulent scheme, **at least with respect to the many many stores he supervised**.

Opp. Br. at 8:26-28 (emphasis added). Dollar Tree is entitled to know the underlying facts of the alleged fraud in the California stores that Mr. Tellstrom did not supervise. And, with respect to the ten stores he did supervise (Opp. Br. at 5:22), Dollar Tree is entitled to know who else participated in this fraud, how they did so, and precisely what they did.

To somehow justify their omission of any supporting facts, Plaintiffs argue that they "are not required to identify all persons involved in the fraud." Opp. Br. at 5:16-17. But no authority is cited for this proposition. Nor do Plaintiffs discuss the numerous cases relied upon by Dollar Tree holding, that where the defendant is a corporation, the complaint should identify the particular agents, employees or officers accused of participating in the fraud.[1] And even assuming *arguendo* that Plaintiffs' legal assertion is

---

[1] *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007); *see also Herndon v. Scientific Applications Int'l Corp.*, 2006 U.S. Dist. LEXIS 79520 (S.D. Cal. 2006) (dismissing complaint where, *inter alia*, plaintiff did not identify the individuals who executed or negotiated the allegedly fraudulent contracts, billings, or certifications); *United States ex rel. Man Tai Lam v. Tenet*

*(con't)*

KAUFF, MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-2-

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFFS' COMPLAINT

CASE NO. C 07-03108 JSW

correct (it is not), surely they must be required to identify more than one person where, as here, the Complaint alleges a state-wide scheme. It simply is not possible that Mr. Tellstrom, the asserted manager of 10 stores (Opp. Br. at 5:22), could have conducted this scheme throughout California, where Plaintiffs say Dollar Tree "operates at least 200 stores." Opp. Br. at 10:27.

Plaintiffs also ignore *United States ex rel. Brinlee v. AECOM Gov't Servs.*, 2007 U.S. Dist. LEXIS 9794 *10 (W.D. La. 2007), where the Court focused on the difference between pleading the theoretical existence of a scheme and setting out specific facts showing the scheme's actual existence. It is easy to invent a scheme and then support it with conclusory statements formed on information and belief. As recognized in *AECOM* and the other cases cited by Dollar Tree, Rule 9(b) requires more. It requires facts.

**2. The "When" and the "Where".**

As to these questions, Plaintiffs answer that Mr. Tellstrom and his unnamed confederates perpetrated their scheme "throughout the statute of limitations period" and in the State of California. Opp. Br. at 4:26-5:1. These assertions are unhelpful. Dollar Tree cannot possibly investigate and respond to Plaintiffs' very serious charges without more information. Because Rule 9(b)'s purpose is to allow Dollar Tree to "defend against the charge and not just deny that [it has] done anything wrong," *Swartz*, 476 F.3d at 764, Plaintiffs must be required to provide substantive factual information. At bottom, Plaintiffs cannot be allowed to assert that Dollar Tree's "high ranking corporate agents" (Opp. Br. at 1:24-26) acted illegally, and then shirk their obligation to identify the facts upon which this conclusion is supposedly based. The truth is that Plaintiffs have no such facts. Rather, as confirmed by the Complaint and the

---

*(Continued)*
*Healthcare Corp.*, 2006 U.S. Dist. LEXIS 95946 (W. D. Tex. 2006) (dismissing fraud claim against hospital where plaintiff failed to specifically identify the physicians accused of fraud).

KAUFF, MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-3-

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFFS' COMPLAINT CASE NO. C 07-03108 JSW

Opposition Brief, their allegations of some state-wide scheme are from whole cloth. And they have admitted as much. *Compl.*, ¶ 70.

**B. Plaintiffs' Class Action Allegations Must Be Dismissed Or Stricken Because They Are Hopelessly Vague And Logically Impossible.**

Dollar Tree's Opening Brief showed there are two problems with Plaintiffs' class action allegations: the alleged class cannot possibly be correct and there are no facts pled establishing a class outside of Sonoma County, California. *See Compl.*, ¶¶ 1-11. The alleged class cannot be correct because it is comprised of all Dollar Tree employees, both exempt and non-exempt. Plaintiffs answer by saying that the distinction between exempt and non-exempt has been "invented by the Defendant." Opp. Br. at 9:13. Not so. This distinction is a legal one, created by federal and state legislation, and made applicable to Dollar Tree through Wage Order No. 7. Plaintiffs must either allege that Dollar Tree has no exempt employees in its stores (which they cannot), or they must amend their class allegations to conform to the law.

This conclusion is supported by the class definition's failure to account for distinctions between part-time and full-time employees. Plaintiffs counter that this distinction is "irrelevant and meaningless" because all employees had their hours shaved. Opp. Br. at 717-28. But this cannot be true unless Mr. Tellstrom and the unnamed others shaved their own wages, which is illogical at best. Even on a motion to dismiss, the Court need not accept as true what is economically illogical. *Hampshire Equity Partners II, L.P. v. Teradyne, Inc.*, 2005 U.S. Dist. LEXIS 5261 (S.D.N.Y. 2005) ("As a matter of law, such allegations of irrational motive cannot support a fraud claim under Rule 9(b).").

Except to assert that their claims are "well pled," Plaintiffs do not even substantively discuss Dollar Tree's remaining argument—*i.e.*, that the class definition fails because it purports to include employees throughout the State of California. Here, it is undisputed that (1) Plaintiffs worked at a single Dollar Tree store in Sonoma County, California during a combined timeframe of October 2005 through February 2007; (2) they

KAUFF, MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

can identify only a single person, their District Manager, Mr. Tellstrom, with oversight responsibility for only 5% of Dollar Tree's stores in California, as having participated in the alleged fraud; and (3) they concede that they presently do not have any facts regarding anyone other than Mr. Tellstrom. These facts simply do not support the state-wide class definition urged by Plaintiffs.

### C. Plaintiffs' Allegations Regarding The Class Action Fairness Act Must Be Dismissed Because The Complaint Fails To State The Statutory Requirements.

In its moving papers, Dollar Tree asked that the Court dismiss the CAFA allegations because the Complaint fails to satisfy either its 100-person numerosity requirement or its amount in controversy requirement. *See* 28 U.S.C. § 1332(d)(2)(A-C). In response, Plaintiffs first say, without citation, that their claims are supported by "diversity of citizenship." Opp. Br. at 10:17-22. This statement is incorrect because, setting aside the CAFA, the Complaint does not plead that Plaintiffs individually have met the $75,000 amount in controversy requirement under 28 U.S.C. § 1332(a).

Next, Plaintiffs assert, without citation, that "the Court cannot second guess the veracity of the monetary basis of its aggregate claims." Opp. Br. at 10:24-25. Again, this is not so. As discussed in its Opening Brief, the Court is not required to accept as true allegations "that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). Here, because the Complaint does not identify the size of the class, Plaintiffs' naked allegation that their aggregate claims exceed the sum or value of $5,000,000 is exactly the type of conclusory pleading the Court need not accept.

Finally, Plaintiffs say that it is "not strictly true" that Plaintiffs have failed to plead the numerosity requirement. Opp. Br. at 10:26. It is of course "strictly true" that the Complaint does **not** allege compliance with 28 U.S.C. § 1332(d)(5)(B)—nowhere does the Complaint say the putative class is comprised of at least 100 members. Therefore, because "the party who invokes the jurisdiction of the court has the burden of establishing jurisdiction," *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1216 (11th Cir.

KAUFF, MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-5-

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFFS' COMPLAINT — CASE NO. C 07-03108 JSW

2007), the Court need not assume the class satisfies that the CAFA's prerequisites have been established. If Plaintiffs wish to avail themselves of jurisdiction under the CAFA, then they should plead its statutory requirement.

**D. Count VIII Of The Complaint, A "Request For Preliminary And Permanent Injunction And Other Equitable Relief," Should Be Dismissed Because It Is A Remedy And Not A Cause Of Action.**

Plaintiffs did not submit argument on this issue and apparently concede their error. Count VIII should be dismissed with prejudice.

**E. Plaintiffs' State Law Claims Must Be Dismissed Because They Cannot Simultaneously Maintain An "Opt-In" Class Under The FLSA And An "Opt-Out" Class Under Rule 23.**

The class action procedures under Rule 23 are fundamentally different than the collective action procedures under the FLSA. *Leuthold v. Destination Am.*, 224 F.R.D. 462, 469-470 (N.D. Cal. 2004). Therefore the emerging trend is to disallow both types of claims in a single lawsuit. E.g., *Otto v. Pocono Health Sys.*, 457 F. Supp. 2d 522, 524 (M.D. Pa. 2006); *Neary v. Metropolitan Prop. & Cas. Ins. Co.*, 472 F. Supp. 2d 247, 248 (D. Conn. 2007). And this trend has support under Ninth Circuit law. *E.g.*, *Kinney Shoe Corp. v. Vorhes*, 564 F.2d 859, 862 (9th Cir. 1977)[2]. Accordingly, the Court should dismiss the state-law causes of action.[3]

**F. The Court Should Strike Certain Allegations From The Complaint Pursuant To Rule 12(f).**

**1. The Court Should Strike All References To California Labor Code Section 2699 Et Seq. From The Prayer For Relief.**

Plaintiffs concede that they have not complied with the exhaustion requirements set forth in the Private Attorneys General Act of 2004. Opp. Br. at 12:4-21. Therefore, the civil penalties Plaintiffs seek through § 2699 in their first and fourth

---

[2] Overruled on other grounds, *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

[3] Nor is it true that "Defendant, in making its argument, had a choice regarding which claims to dismiss." Opp. Br. at 11:11-14. Absent CAFA jurisdiction, this Court could not retain jurisdiction over the state-law causes of action.

KAUFF, MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-6-

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFFS' COMPLAINT CASE NO. C 07-03108 JSW

causes of action will not be recoverable and the Court should strike all references to § 2699 contained in the Prayer for Relief pursuant to Rule 12(f).

**2. The Court Should Strike Certain Allegations From Plaintiffs' Fifth Cause Of Action For Unfair Competition.**

**a. The Court Should Strike References To California Labor Code Sections 203 And 226.6 Because Penalties Are Not Recoverable Under The UCL.**

Plaintiffs' fifth claim for relief references California Labor Code §§ 203 and 226.6 which impose penalties upon employers who violate §§ 201 and 226(a), respectively. *See Compl.*, ¶ 56 at p. 13:22. Plaintiffs may not recover the penalties described in §§ 203 and 226.6 because they are not restitutionary and are not recoverable under the UCL. *See Tomlinson v. Indymac Bank*, 359 F. Supp. 2d 891,894-895 (C.D. Cal. 2005) (holding that penalties are not available to private litigants in a UCL action). In their Opposition Brief, Plaintiffs, citing to no authority and failing to discuss *Tomlinson*, say "[i]t is not the remedial element of those statutes that is relevant, but the standard of care elements." Opp. Br. at 13:11-12. But neither § 203 nor § 226.6 contains a standard of care. Rather, they impose penalties for violations of the standards of care articulated in the underlying statutes.

**b. The Court Should Strike Plaintiffs' Request For A Temporary Restraining Order, A Preliminary Injunction And An Order To Show Cause From The UCL Prayer For Relief Because There Is No Risk Of Irreparable Harm.**

On this issue, Plaintiffs offer as follows:

> Nor is Defendant correct in claiming that Plaintiffs' request for injunctive relief under § 17200 is improper and must be struck. As Defendant notes, one of the remedies under § 17200 is injunctive relief. Temporary restraining orders and preliminary injunctions qualify as injunctive relief.

Opp. Br. at 13:16-19.

This assertion does not even address Dollar Tree's argument. No one disputes that temporary restraining orders and preliminary injunctions constitute injunctive relief. The point, however, is that unlike permanent injunctions, temporary restraining orders and preliminary injunctions require additional showings, which

KAUFF, MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-7-

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFFS' COMPLAINT CASE NO. C 07-03108 JSW

Plaintiffs do not even attempt to allege. *E.g.*, *Arcamuzi v. Continental Air Lines, Inc.*, 819 F.2d 935, 937 (9th Cir. 1987); *Sampson v. Murray*, 415 U.S. 61, 90 (1974). Because Plaintiffs' threatened injuries can be remedied through awards of actual damages and/or restitution, their requests for preliminary injunctive relief, an order to show cause and for a temporary restraining order are immaterial and impertinent and should be stricken from the Complaint pursuant to Rule 12(f).

**3. The Court Should Strike Plaintiffs' Reference To IWC Wage Order No. 9**

Plaintiffs agree that their citation to "Wage Order No. 9" is incorrect. Plaintiffs' reference to IWC Wage Order No. 9 (*see Compl.*, p. 9:4) should be stricken on the grounds that it is immaterial and impertinent to any cause of action alleged in the Complaint.

## III. CONCLUSION

The Court should dismiss the Complaint for its failure to comply with Rule 9(b).

DATED: July 31, 2007

Respectfully submitted,

KAUFF McCLAIN & McGUIRE LLP

By: /S/
ALEX HERNAEZ

Attorneys for Defendant
DOLLAR TREE STORES, INC.

120293.v1

KAUFF, MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-8-

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFFS' COMPLAINT

CASE NO. C 07-03108 JSW