IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASSONDRA BAAS, et al., | |
|     Plaintiffs, | No. C 07-03108 JSW |
| v. | |
| DOLLAR TREE STORES, INC., | **NOTICE OF QUESTIONS FOR HEARING** |
|     Defendant. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON AUGUST 24, 2007:

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

Each party will have twenty minutes at the hearing to address the following questions:

(1) The Class Action Fairness Act of 2005 ("CAFA") provides that district courts have original jurisdiction over any class action in which (1) the amount in controversy exceeds $5,000,000, (2) any plaintiff class member is a citizen of a state different from any defendant, (3) the primary defendants are not states, state officials, or other

government entities against whom the district court may be foreclosed from ordering relief, and (4) the number of plaintiffs in the class is at least 100. 28 U.S.C. §§ 1332(d)(2), (d)(5). Under CAFA, the claims of the individual class members are aggregated to determine the amount in controversy. 28 U.S.C. §§ 1332(d)(6). Plaintiffs bear the burden of establishing federal jurisdiction over their state-law claims. *See Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994).

    (a)    Do Plaintiffs contend that the number of plaintiffs in the class is at least 100? If so, what factual support do Plaintiffs have for this contention?

    (b)    Given that Plaintiffs allege that the damages suffered by individual class members may be relatively small (Compl., ¶ 9), based on what facts, if any, do Plaintiffs contend that the amount in controversy exceeds $5,000,000?

(2) Some courts have declined to exercise supplemental jurisdiction over state-law class action claims under 28 U.S.C. § 1367, finding that the state-law claims substantially predominate over Fair Labor Standards Act claims. *See, e.g. De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309-12 (3rd Cir. 2003) (finding exercise of supplemental jurisdiction was abuse of discretion based on the potential disparity between class sizes and the distinct issues raised by the state-law claims); *cf. Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 470 (N.D. Cal. 2004) (declining to certify state-law class action based in part on jurisdictional concerns). The cases Plaintiffs cite do not address concerns raised by exercising supplemental jurisdiction. *See Breeden v. Benchmark Lending, Inc.*, 229 F.R.D. 623 (N.D. Cal. 2005); *Kelley v. SBC, Inc.*, 1998 U.S. Dist. LEXIS 18643, * 39 (N.D. Cal. Nov. 13, 1998) (noting that concerns about manufacturing jurisdiction were not present because the case was removed to federal court by defendants). Should the Court decline to exercise supplemental jurisdiction and dismiss Plaintiffs' state-law claims without prejudice to their refiling such claims in state court, would Plaintiffs maintain separate actions in state or federal court or would Plaintiffs seek to assert all their claims in state court?

(3) Do Plaintiffs contend that exempt employees fall within the purported class for any of their claims? If so, which claims and on what authority do Plaintiffs rely to demonstrate that such claims apply to exempt employees?

(4) Under California law, a plaintiff alleging a fraud claim must show five elements: misrepresentation, knowledge of falsity, intent to defraud or to induce reliance, justifiable reliance, and resulting damage. *Lazar v. Superior Ct. of Cal.*, 12 Cal. 4th 631, 638 (Cal. 1996).

    (a)    What specific misrepresentation or misrepresentations do Plaintiffs allege?

    (b)    What facts, if any, do Plaintiffs allege or could Plaintiffs allege to establish intent to induce reliance or justifiable reliance?

(5)   Do the parties have anything further to add?

Dated: August 22, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE