1

2

3

4

5

6          IN THE UNITED STATES DISTRICT COURT

7

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   KASSONDRA BAAS, et al.,

10              Plaintiffs,                    No. C 07-03108 JSW

11      v.

12   DOLLAR TREE STORES, INC.,                **ORDER GRANTING IN PART
                                              AND DENYING IN PART
13              Defendant.                     DEFENDANT'S MOTION TO
     _____/        DISMISS AND/OR STRIKE**

14

15

16          Now before the Court is the motion to dismiss and/or to strike filed by defendant Dollar

17   Tree Stores, Inc.'s ("Defendant"). Having considered the parties' papers, the relevant legal

18   authority, and having had the benefit of oral argument, the Court hereby grants in part and

19   denies in part Defendant's motion to dismiss and/or strike the complaint.

20                              **BACKGROUND**

21          Plaintiffs Kassondra Baas and Kelly Lofquist ("Plaintiffs") allege that Defendant failed

22   to pay them, and other similarly situated employees for their overtime wages. According to

23   Plaintiffs, Defendant's management altered employees' hours in the computer system by

24   moving hours to days in which the hours would not constitute overtime and by erasing hours

25   employees worked. (Compl., ¶ 22.) When Defendant issued paychecks to its employees, it

26   issued and distributed itemized wage statements to its employees. The itemized wage

27   statements reflected the manipulated data, rather than the hours employees actually worked and,

28   thus, were inaccurate. (*Id.*, ¶ 24.)

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

Plaintiffs bring claims under California law for failure to pay wages when due, failure to pay overtime wages, failure to pay unpaid wages at termination, failure to provide accurate itemized wage statements, violation of California Business and Professions Code § 17200 ("Section 17200"), fraud, and claims entitled "unjust enrichment/constructive trust" and "request for preliminary and permanent injunction and other equitable relief." Plaintiffs also bring a claim under Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

Defendant now moves to dismiss and/or strike portions of Plaintiffs' complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f). The Court will address additional specific facts as required in the analysis.

**ANALYSIS**

**A.    Applicable Legal Standards.**

A motion to dismiss is proper under Federal Rule of Civil Procedure Rule 12(b)(6) ("Rule 12(b)(6)") where the pleadings fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Motions to dismiss are viewed with disfavor and are rarely granted. *Hall v. City of Santa Barbara*, 833 F.2d 1270 (9th Cir. 1986). "A complaint may be dismissed for one of two reasons: (1) lack of a cognizable theory or (2) insufficient facts under a cognizable legal claim." *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986).

Federal Rule of Civil Procedure 12(f) provides that a court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Immaterial matter "is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *California Dept. of Toxic Substance Control v. ALCO Pacific, Inc.*, 217 F. Supp. 2d 1028, 1032 (C.D. Cal. 2002) (internal citations and quotations omitted). Impertinent material "consists of statements that do not pertain, or are not necessary to the issues in question." *Id*. Motions to strike are regarded with disfavor because they are often used as delaying tactics and because of the limited importance of pleadings in federal

1   practice. *Colaprico v. Sun Microsystems Inc.*, 758 F. Supp 1335, 1339 (N.D. Cal. 1991). The

2   possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause

3   the trier of fact to draw unwarranted inferences at trial is the type of prejudice that is sufficient

4   to support the granting of a motion to strike. *Cal. Dept. of Toxic Substances Control*, 217 F.

5   Supp. at 1028.

6   **B.      Defendant's Motion.**

7          Defendant moves to dismiss Plaintiffs' complaint and/or strike claims and allegations

8   from the complaint on several different grounds. The Court will address each argument in turn.

9          **1.      Fraud.**

10         Defendant argues that Plaintiffs entire complaint sounds in fraud and, thus, should be

11  dismissed for failure to meet the particularity requirements of Federal Rule of Civil Procedure

12  9(b) ("Rule 9(b)"). Although the Court disagrees that Plaintiffs' non-fraud claims need to be

13  plead in accordance with Rule 9(b), nevertheless, Plaintiffs sufficiently plead their fraud

14  allegations.

15         According to Rule 9(b), "in all averments of fraud or mistake, the circumstances

16  constituting fraud or mistake shall be stated with particularity." However, Rule 9(b)

17  particularity requirements must be read in harmony with Federal Rule of Civil Procedure 8's

18  requirement of a "short and plain" statement of the claim. Thus, the particularity requirement is

19  satisfied if the complaint "identifies the circumstances constituting fraud so that a defendant can

20  prepare an adequate answer from the allegations." *Moore v. Kayport Package Exp., Inc.*, 885

21  F.2d 531, 540 (9th Cir. 1989); *see also Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106

22  (9th Cir.2003) ("Rule 9(b) demands that, when averments of fraud are made, the circumstances

23  constituting the alleged fraud be specific enough to give defendants notice of the particular

24  misconduct ... so that they can defend against the charge and not just deny that they have done

25  anything wrong.") (internal quotation marks and citations omitted). Moreover, the requirements

26  of Rule 9(b) "may be relaxed with respect to matters within the opposing party's knowledge. In

27  such situations, plaintiffs can not be expected to have personal knowledge of the relevant facts."

28  *Neubronner v. Milken,* 6 F.3d 666, 672 (9th Cir.1993).

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Here, Plaintiffs allege that one of Defendant's district managers, Rick Tellstrom, directed individual store managers throughout his district to manipulate and/or alter the store employees' time records on the computer tracking system. (Compl., ¶ 70.) Upon these directions, store managers altered employees' time records. (*Id.*) Altering records in the computer system requires individuals to log in, and a record of these "log-ins" are stored within the computer. Thus, once Plaintiffs have access to the computer records through discovery, they will be able to more fully determine who made the changes and which managing agents, in addition to Mr. Tellstrom, were specifically involved in the alleged fraud. (*Id.*) Based on the manipulated computer data, Defendant issued inaccurate wage statements, on which employees relied and reasonably believed were accurate. (*Id.*, ¶ 72.) The Court finds that based on such facts, Plaintiffs have sufficiently alleged fraud. Accordingly, the Court denies Defendant's motion on this ground.

**2.    Class Allegations.**

Defendant moves to strike or dismiss Plaintiffs' class allegations on the grounds that they are so vague that they deny Defendant notice. Defendant argues that Plaintiffs have not alleged any facts to establish a class beyond the Defendant's stores in Sonoma County.[1] Although Defendant concedes that the dismissal of class allegations is rare, Defendant argues that the Court is authorized to and should dismiss the class allegations here. In support of this proposition, Defendant cites to *Kamm v. California City Development Co.*, 509 F.2d 205, 210 (9th Cir. 1975).

Defendant's reliance on *Kamm* is misplaced. In *Kamm*, the defendants were moving pursuant to Federal Rule of Civil Procedure 23(c) and (d) ("Rule 23"), not Rules 12(b)(6) or

---

[1] Defendant also argues that the class definition is overbroad because it is comprised of *all* Defendant's employees, including exempt employees who are not entitled by law to be paid overtime wages. (Mot. at 8.) However, at the hearing on Defendant's motion, Plaintiffs represented that they would amend the definition of the class in their complaint to be explicitly limited non-exempt employees. Based on this representation, there is no need to strike or dismiss Plaintiffs' class allegations based on their inclusion of exempt employees.

4

United States District Court

For the Northern District of California

(f).[2]  Courts generally "review class allegations through a motion for class certification." *In re Wal-Mart Stores, Inc.*, 2007 WL 1557935, * 4 (N.D. Cal. May 29, 2007) (declining to rule on the propriety of class allegations before discovery had commenced or arguments related to class certification had been made, despite noting that plaintiffs' class allegations were "somewhat suspicious").  Similar to *Wal-Mart*, discovery has not yet commenced and Plaintiffs have not yet moved to certify their class pursuant to Rule 23.  Defendant's arguments regarding the propriety of the class allegations are premature.  Accordingly, the Court denies Defendant's motion to strike or dismiss the class allegations at this procedural stage.

### C.    Jurisdiction Under Class Action Fairness Act.

Although Defendant moved to dismiss Plaintiffs' allegations purporting to rely on the Class Action Fairness Act of 2005 ("CAFA") to confer jurisdiction, at the hearing on Defendant's motion, Defendant conceded that if Plaintiffs' allegations regarding fraud and the class definition were not struck or dismissed, jurisdiction would exist under CAFA.  CAFA provides that district courts have original jurisdiction over any class action in which (1) the amount in controversy exceeds $5,000,000, (2) any plaintiff class member is a citizen of a state different from any defendant, (3) the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief, and (4) the number of plaintiffs in the class is at least 100.  28 U.S.C. §§ 1332(d)(2), (d)(5).  Defendant has approximately 200 stores in California.  (Compl., ¶ 17.)  Defendant stated at the hearing that it employs, or at least during one point during the purported class period it employed, approximately 10,000 people in California, and that, if Plaintiff's claims were properly pled, the alleged damages would be approximately $50 million.  In light of these concessions, and given that the Court is not dismissing the complaint for insufficient particularity under Rule 9(b) or dismissing the class allegations at this procedural stage, the

---

[2]  "An examination under Rule 23(c) whether to certify a class is 'procedurally inseparable' from a determination under Rule 23(d)(4) whether the Court, on the basis of that examination, should require an amendment of the pleadings."  *Beauperthuy v. 24 Hour Fitness USA, Inc.*, 2006 WL 3422198, *3 (N.D. Cal. Nov. 28, 2006).

United States District Court

For the Northern District of California

1    Court will not dismiss this action for lack of jurisdiction based on any failure to plead facts

2    demonstrating that CAFA applies.

3           **D.**    **"Opt-In" and "Opt-Out" Classes.**

4         Plaintiffs seek to bring a state-law class action under Rule 23, as well as a collective

5    action under the FLSA.  "FLSA and Rule 23 provide different means for participating in a class

6    action: FLSA provides for participation on an opt-in basis (see § 216(b)), while Rule 23

7    requires that nonparticipating class members affirmatively opt out of the suit (see FRCP

8    23(c)(1)(B))."  *See Leuthold v. Destination America, Inc.*, 224 F.R.D. 462, 469 (N.D. Cal.

9    2004).  Defendant argues that these procedures, opt-in versus opt-out, are fundamentally

10    incompatible, and thus, cannot be maintained in the same lawsuit.  In support of this

11    proposition, Defendant relies on out-of-circuit authority.[3]

12         In *Otto v. Pocono Health System*, 457 F. Supp. 2d 522 (M.D. Pa. 2006), the court

13    dismissed the plaintiff's state-law class action claims as incompatible with the collective action

14    scheme under the FLSA.  The court reasoned that:

15

16          Congress labored to create an opt-in scheme when it created Section 216(b)
            specifically to alleviate the fear that absent individuals would not have their rights
            litigated without their input or knowledge.  To allow a Section 216(b) action to

17          proceed accompanied by a Rule 23 opt-out state law class action would
            essentially nullify Congress's intent in crafting Section 216(b) and eviscerate the

18          purpose of Section 216(b)'s opt-in requirement.

19    *Id.* at 524.  Notably, another case cited to by Defendant, *Neary v. Metropolitan Property and*

20    *Casualty Insurance Company*, 472 F. Supp. 2d 247 (D. Conn. 2007) discusses why the

21    reasoning in *Otto* is flawed.  The court in *Neary* noted that "the FLSA does not preempt state

22    _____

23         [3] Defendant also cites to *Kinney v. Shoe Corp. v. Vorhes*, 564 F.2d 859 (9th Cir.
      1977), *overruled on other grounds*, *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170

24    (1989) and *LaChapelle v. Owens-Illinois*, 513 F.2d 286 (5th Cir. 1975).  In determining that
      the procedures under Rule 23 were inapplicable to FLSA claims, the court in *Kinney* noted

25    that other circuits have held that "Rule 23 and [FLSA] class actions are 'mutually exclusive'
      and 'irreconcilable.'"  *Id.* at 862.  The court in *LaChapelle* similarly stated that the types of

26    class actions under Rule 23 and the FLSA "are mutually exclusive and irreconcilable," when
      it denied class certification under Rule 23 for claims under the Age Discrimination in

27    Employment Act, which adopts the opt-in provisions of the FLSA.  *Id.* at 289.  However, in
      both *Kinney* or *LaChapelle*, the plaintiffs were not seeking to bring state-law class action

28    claims under Rule 23 and collective action claims under the FLSA simultaneously in one
      action.  Thus, the issue now before the Court was not presented to the Ninth or Fifth Circuits.

United States District Court

For the Northern District of California

1    wage and hour statutes." *Id* at. 251.  Therefore, the court found that "the better reasoned course

2    is to dismiss class action claims grounded in state wage and hour laws in the context of a FLSA

3    action by declining to exercise supplemental jurisdiction over those claims pursuant to 28

4    U.S.C. § 1367." *Id*.  This Court agrees and finds the reasoning of *Otto* unpersuasive.  *Neary*

5    also does not assist Defendant because the Court has original jurisdiction over Plaintiffs' state-

6    law claims pursuant to CAFA.  Therefore, the Court need not make a determination under 28

7    U.S.C. § 1367 as to whether it should decline to exercise supplemental jurisdiction over

8    Plaintiffs' state-law claims.

9            Notably, courts in this circuit have allowed plaintiffs to bring collective actions under

10   FLSA and state-law class action claims under Rule 23 together in the same action.  *See*

11   *Bamonte v. City of Mesa*, 2007 WL 2022001 (D. Ariz. July 10, 2007); *RDO-BOS Farms, Inc.*,

12   2007 WL 273604 (D. Or. Jan. 23, 2007); *Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D.

13   474 (E.D. Cal. 2006); *Breeden v. Benchmark Lending Group, Inc.*, 229 F.R.D. 623 (N.D. Cal.

14   2005); *Tomlinson v. Indymac Bank, F.S.B.*, 359 F. Supp. 2d 898 (C.D. Cal. 2005); *Barnett v.*

15   *Washington Mut. Bank, FA*, 2004 WL 2011462 (N.D. Cal. Sept. 9, 2004); *Kelley v. SBC, Inc.*,

16   1998 U.S. Dist. LEXIS 18643 (N.D. Cal. Nov. 18, 1998).

17           The Court thus finds that Defendant has not demonstrated that the Court should dismiss

18   Plaintiffs' state-law claims and, thus, denies Defendant's motion on this ground.

19           **D.    Other Claims and Allegations.**

20           Defendant moves to dismiss "Count VIII" of Plaintiffs' complaint entitled "Request for

21   Preliminary and Permanent Injunction and Other Equitable Relief" because it is a form of relief

22   (type of remedy), not a claim.  Plaintiffs do not respond to this argument.  Accordingly, the

23   Court grants Defendant's motion on this ground.

24           Defendant moves to strike Plaintiffs' request for penalties pursuant to the California

25   Labor Code Private Attorneys General Act of 2004, Cal. Labor Code §§ 2698, *et seq*. in their

26   first and fourth claims on the grounds that Plaintiffs have not demonstrated that they complied

27

28

**United States District Court**
For the Northern District of California

1   with the required administrative procedures.[4]  Plaintiffs do not contest that they have not yet

2   complied with the required procedures, but merely request that the Court strike these requested

3   remedies without prejudice. (Opp. at 12.)  The Court grants Defendant's motion to strike on this

4   ground, but does so without prejudice.

5          Defendant moves to strike Plaintiffs' reference to California Labor Code §§ 203 and

6   226.6 from their Section 17200 claim on the grounds that Plaintiffs are limited to seeking

7   injunctive relief and restitution under this claim.  California Labor Code sections 203 and 226.6

8   provide for statutory penalties, not injunctive relief or restitution, and thus, are not recoverable

9   pursuant to Section 17200.[5]  *See Tomlinson*, 359 F. Supp. 2d at 895.  Plaintiffs do not contest

10  that they are limited to injunctive relief and restitution under their Section 17200 claim.

11  Instead, they argue that California Labor Code sections 203 and 226.6 articulate public polices

12

13          [4] As the court explained in *Caliber Bodyworks, Inc. v. Superior Court*, 134 Cal.
    App.4th 365 (2005) explained, a plaintiff must comply with the following administrative
14  procedures before he or she may file a civil action to recover civil penalties under the
    California Labor Code Private Attorneys General Act of 2004:
15          "A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section
        2699 alleging a violation of any provision listed in Section 2699.5 shall commence
16      only after the following requirements have been met: (1) The aggrieved employee or
        representative shall give written notice by certified mail to the [Labor and Workforce
17      Development Agency ('LWDA')] and the employer of the specific provision of this
        code alleged to have been violated, including the facts and theories to support the
18      alleged violation." ( § 2699.3, subd. (a)(1).) Within 30 calendar days of that notice,
        the LWDA must notify the employer and the aggrieved employee or representative
19      whether it intends to investigate the alleged violation. ( § 2699.3, subd. (a)(2)(A).) If
        the LWDA notifies the aggrieved employee it does not intend to investigate, or fails
20      to give notice within the prescribed time period, the aggrieved employee may
        commence a civil action under section 2699. (*Ibid.*)  If the LWDA chooses to
21      investigate, it has an additional 120 days to do so and issue any appropriate citation;
        if, after investigation, the LWDA provides notice that no citation will issue or fails to
22      give timely or any notification, the aggrieved employee may then file suit. ( § 2699.3,
        subd. (a)(2)(B).)
23  *Id*. at  376.

24          [5] California Labor Code § 203 provides in pertinent part: "If an employer willfully
    fails to pay ... in accordance with Sections 201, 201.5, 202, and 202.5, any wages of an
25  employee who is discharged or who quits, the wages of the employee shall continue as a
    penalty from the due date thereof at the same rate until paid or until an action therefor is
26  commenced; but the wages shall not continue for more than 30 days. ...
          California Labor Code § 226.6 provides in pertinent part: "Any employer who
27  knowingly and intentionally violates the provisions of Section 226 or 226.2 ... is guilty of a
    misdemeanor and, upon conviction thereof, shall be fined not more than one thousand dollars
28  ($1,000) or be imprisoned not to exceed one year, or both, at the discretion of the court. That
    fine or imprisonment, or both, shall be in addition to any other penalty provided by law."

**United States District Court**
For the Northern District of California

1    and provide standards of care. Upon review of these statutes, the Court disagrees with

2    Plaintiffs. Sections 203 and 226.6 of the California Labor Code provide for statutory penalties

3    if other sections of the Labor Code, namely 201, 201.5, 202, 202.5, and 226.2, are violated. The

4    policies and standards are set forth in these other sections. Accordingly, the Court grants

5    Defendant's motion to strike the references to Sections 203 and 226.6 from Plaintiffs' Section

6    17200 claim.

7         Defendant also moves to strike Plaintiffs' request for injunctive relief under Section

8    17200 because Plaintiffs have not demonstrated that they have suffered any irreparable injury.

9    Although Plaintiffs will be required to demonstrate that they suffered irreparable injury before

10   the Court will issue a preliminary or permanent injunction, the Court declines to strike

11   Plaintiffs' request for injunctive relief at this procedural stage. The Court thus denies

12   Defendant's motion on this ground.

13        Finally, Defendant moves to strike Industrial Welfare Commission Wage Order No. 9

14   from the complaint. Plaintiffs respond that the inclusion of this wage order was a typographical

15   error and, thus, does not object. Accordingly, the Court grants Defendant's motion to strike the

16   reference to Industrial Welfare Commission Wage Order No. 9 from the complaint.

17                                        **CONCLUSION**

18        For the foregoing reasons, the Court grants in part and denies in part Defendant's motion

19   to dismiss and/or strike portions of Plaintiffs' complaint as follows:

20        (1)    The Court DENIES Defendant's motion to dismiss Plaintiffs': (a) fraud claim, or

21               other claims grounded in fraud, (b) class allegations, (c) allegations relating to

22               CAFA, and (d) state-law class action claims;

23        (2)    The Court GRANTS Defendant's motion to dismiss "Count VIII" of Plaintiffs'

24               complaint entitled "Request for Preliminary and Permanent Injunction and Other

25               Equitable Relief;"

26        (3)    The Court DENIES Defendant's motion to strike Plaintiffs' request for

27               injunctive relief pursuant to Plaintiffs' Section 17200 claim; and

28

                                              9

(4)     The Court GRANTS Defendant's motion to strike Plaintiffs': (a) request for penalties pursuant to the California Labor Code Private Attorneys General Act of 2004, Cal. Labor Code §§ 2698, *et seq*. in their first and fourth claims, without prejudice; (b) reference to California Labor Code §§ 203 and 226.6 from Plaintiffs' Section 17200 claim; and (c) reference to Industrial Welfare Commission Wage Order No. 9.

Plaintiffs shall file an amended complaint in accordance with the terms of this Order by no later than September 10, 2007.

**IT IS SO ORDERED.**

Dated: August 29, 2007

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

10