1  Donald S. Edgar, Esq. (SBN 139324)
2  Jeremy R. Fietz, Esq. (SBN 200396)
   Rex Grady, Esq. (SBN 232236)
3  *EDGAR LAW FIRM*
4  408 College Avenue
   Santa Rosa, California, 95401
5  Tel:   (707)  545-3200
   Fax:   (707)  578-3040
6
7  Attorneys for Plaintiffs,
   KASSONDRA BAAS and KELLY LOFQUIST
8  individually and on behalf of all employees
9  similarly situated

10              **IN THE UNITED STATE DISTRICT COURT**

11          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

12

13

14  KASSONDRA BAAS and KELLY            )  **CASE NO.  C 07-03108 JSW**
15  LOFQUIST, individually and on behalf of )
    all others similarly situated,       )
16                                        )  **FIRST AMENDED**
                                          )  **COMPLAINT FOR DAMAGES,**
17             Plaintiffs,                )  **INJUNCTIVE RELIEF AND**
                                          )  **RESTITUTION**
18                                        )
19        v.                             )
                                          )  **CLASS ACTION**
20                                        )
21  DOLLAR TREE STORES, INC.,            )
                                          )  **DEMAND FOR JURY TRIAL**
22             Defendant.                )
                                          )
23                                        )
                                          )
24                                        )
                                          )
25  _____ )

26

27

28

- 1 -

FIRST AMENDED COMPLAINT                                    07-03108 JSW

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CLASS ACTION ALLEGATIONS

1.    Pursuant to Rule 23 of the *Federal Rules of Civil Procedure*, Public Law 109-2 (Class Action Fairness Act), and other relevant statutory and common laws, Plaintiffs, KASSONDRA BAAS and KELLY LOFQUIST, individually and on behalf of all employees similarly situated, seek class-wide relief for patterns and practices of unlawful conduct by Defendant, DOLLAR TREE STORES, INC.

2.    The proposed Class that the Plaintiffs seek to represent is composed of current and former employees of Defendant DOLLAR TREE's stores within the State of California at any time within the last four years up to the date of trial. With respect to the Eighth Cause of Action, the Class period is designated as beginning three years prior to the filing of this Complaint, and extending until the date of trial.

3.    The persons in the Class are so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a Class will benefit the parties and the Court.

4.    There is a well-defined commonality of interest in the questions of law and of fact involving and affecting the Class members to be represented in that all of these employees have been harmed by the Defendant's failure to pay all wages at the time they were required to be paid (or at all), failure to pay overtime wages, and failure to issue accurate itemized wage statements, in violation of the *California Labor Code* and applicable Industrial Welfare Commission ("IWC") wage orders and the *Fair Labor Standards Act.*

5.    The claims of Plaintiffs alleged in this Complaint are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. Each member has been harmed in the same manner as all other Class members by being denied their pay, denied their overtime wages, and denied the issuance of accurate itemized wage statements due to DOLLAR TREE'S corporate-wide policies and practices.

- 2 -

6.      Plaintiffs will fairly and adequately represent and protect the interests of all members of the Class.  There are no known conflicts of interest between the named Class representatives and Class members.  If any conflicts do arise, other former and current Class members are available to serve as Class representatives.

7.      The prosecution of separate actions by individual members of the Plaintiff Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for the Defendant and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties.

8.      Common issues predominate with respect to the employees' claims in that all claims arise out of: (a) Defendant's failure to pay Class members all wages they were owed at the times these wages were due, or at any time before or after those times; (b) the failure of Defendant to pay Class members overtime compensation for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week; and, (c) Defendant's failure to issue accurate itemized wage statements.

9.      Proceeding in reliance on the Class form of action is superior to numerous individual actions as a means of adjudicating those claims.  Since the damages suffered by individual Class members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes, or may make, it impractical for Class members to seek redress individually for the wrongful conduct alleged in this Complaint.  Should separate actions be brought or be required to be brought by each individual Class member, the resulting multiplicity of lawsuits would cause undue hardship and expense for both the Court and the litigants.  The prosecution of separate actions would also create a risk of inconsistent rulings, which might be dispositive of the interests of other Class members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.  Moreover, the Representative Plaintiffs are informed, believe and allege that Defendant, in failing to pay overtime due, and failing to issue accurate itemized wage

- 3 -

FIRST AMENDED COMPLAINT                                                      07-03108 JSW

1    statements, have acted and refused to act on grounds generally applicable to all claims,

2    thereby rendering injunctive and monetary relief for *all* members of the Class an

3    appropriate remedy.

4        10.    Plaintiffs have retained adequate counsel.    The counsel retained by

5    Plaintiffs are experienced and competent in both Class Action and employment litigation.

6        11.    This Court has jurisdiction because the parties in the action are citizens of

7    different States (*Constitution of the United States*, Article III, Sec. 2), and because the

8    action is a Class Action wherein the requisite diversity of citizenship exists among the

9    parties and the matter in controversy exceeds the sum or value of $ 5,000,000, exclusive

10   of interest and costs (Public Law 109-2).

11

12                        **GENERAL ALLEGATIONS**

13       12.    At all times mentioned in this Complaint, Plaintiff KASSONDRA BAAS

14   (hereinafter identified as "Plaintiff BAAS," or grouped with Plaintiff LOFQUIST as

15   "Plaintiffs") was an individual residing in the California County of Sonoma.

16       13.    Plaintiff BAAS worked at the Defendant's DOLLAR TREE store in

17   Rohnert Park, in Sonoma County, from approximately October of 2005 to January of

18   2007.

19       14.    At all times mentioned in this Complaint, Plaintiff KATHY LOFQUIST

20   (hereinafter identified as "Plaintiff LOFQUIST" or grouped with Plaintiff BAAS as

21   "Plaintiffs") was an individual residing in the California Counties of Sonoma and Lake.

22       15.    Plaintiff LOFQUIST worked at the DOLLAR TREE store in Rohnert Park,

23   in Sonoma County from June of 2006 until approximately February 2007.

24       16.    Plaintiffs bring this action on behalf of themselves, other employees of

25   Defendant DOLLAR TREE, and the general public, pursuant to *California Business and*

26   *Professions Code* sections 17000 et seq. and 17200 et seq., in addition to *Federal Rule of*

27   *Civil Procedure* 23 and other relevant authorities.

28

- 4 -

17.    At all times mentioned in this Complaint, Defendant DOLLAR TREE STORES, INC. ("DOLLAR TREE" and/or "Defendant") was and is a corporation organized and existing under the laws of the State of Virginia and licensed to do business in California, and was and is doing business at approximately two hundred (200) locations in the State of California, including numerous locations in the County of Sonoma.

18.    At all times mentioned in this Complaint, Defendant DOLLAR TREE was and is engaged in the business of maintaining retail stores for the purpose of selling to the general public discounted household products and miscellaneous merchandise. Defendant operates approximately two hundred (200) such stores throughout the State of California.

19.    Each DOLLAR TREE store employs persons, such as Plaintiffs, to perform routine tasks, including the stocking of shelves and the operating of cash registers and customer check-out stations.  These employees are usually hired at or about the State minimum wage per hour.   Some employees were promoted to higher pay grades, including pay grades corresponding to the position known as Assistant Manager.  Despite the exalted title, the Assistant Manager remained a rank and file employee, both formally and substantively, performing non-managerial tasks.  As employees, they were (and are) protected by wage and hour laws and regulations of the State of California and the United States of America.  In accordance with this laws and regulations, they are required to be paid at regular intervals all wages earned for work performed during particular periods of time.  They are required to be paid at an overtime rate of pay whenever they work in excess of eight hours per day and forty hours per week.  And they are entitled to accurate itemized wage statements, issued with their pay checks, recording hours worked each pay period, at each relevant rate of pay.

20.    DOLLAR TREE did not abide by these laws and regulations.  DOLLAR TREE failed to properly compensate its employees who worked in excess of eight (8)

1  hours per day, and forty (40) hours per week. In fact, DOLLAR TREE sometimes failed
2  to compensate its employees at all for time worked.

3      21.   Each DOLLAR TREE store employee, including Assistant Managers, but
4  not including "Store Managers", were directed to log into a time tracking computer
5  system used as a time clock. The employees were directed to log in the time of starting
6  their shifts (at the start of their day), log in the time spent during their meal period
7  (contemporaneously), and log in their time when they stopped work for the day (at the
8  time). In this way, the computer tracking system, now called "Compass", was and is
9  used by DOLLAR TREE as the basis for payroll management. At the end of the pay
10  period, the hours-- input by the employees themselves contemporaneously with the
11  working of those hours-- were reviewed by DOLLAR TREE management, and
12  eventually submitted via the computer system, to DOLLAR TREE'S payroll department
13  for employee payroll processing.

14      22.   Before submitting the hours to the payroll department, DOLLAR TREE
15  management, including those at the district and regional levels, would alter the employee
16  hours in said computer system, and/or advise, recommend, and direct the manipulation of
17  the computer system to make changes so as to lower payroll and thus boost the profit
18  margins of each store. The changes made included, but were not limited to, moving
19  employee hours from days in which such hours would qualify for overtime pay, to days
20  in which the time would not qualify as overtime, as well as the simple erasure of time
21  from the hours worked by employees. DOLLAR TREE management would make these
22  adjustments so as to convert any and all overtime hours to straight time hours and to
23  reduce the record of total time worked by employees.

24      23.   DOLLAR TREE management, in manipulating data inputted into the
25  computer data base, falsified employee hours, including those of the representative
26  Plaintiffs, thereby committing what can be characterized as "reverse time-clock fraud."
27  "Time-clock fraud" occurs when the employee deceitfully reports hours that were never
28  worked in order to obtain pay for efforts never expended. In "reverse time-clock fraud,"

- 6 -

the employer falsifies the hours worked by the employee in order to pay the employee less. The fraud committed is not only against the employee, but against the government, to whom accurate wage and hour information must be reported in order to allow the government to properly assess taxes, both on the employer and the employee.

24.     After manipulating the wage and hour data of its employees who worked overtime, DOLLAR TREE would pay each of its employees. When issuing paychecks to its employees, DOLLAR TREE also issued an attached Itemized Wage Statement. Because DOLLAR TREE frequently falsified the data in its database regarding hours worked and rates of pay each employee was to be compensated, the Itemized Wage Statements issued with paychecks were frequently inaccurate. Such Itemized Wage Statements failed to include the time and pay that had been erased from the computer system before being sent to payroll. Instead of reflecting the overtime hours worked and the rate of pay corresponding to those overtime hours, the Itemized Wage Statements issued to those employees who actually worked overtime reflected either no overtime and no overtime rate of pay, or fewer overtime hours than were actually worked.

## FIRST CAUSE OF ACTION
### FAILURE TO PAY ALL WAGES DUE AT DESIGNATED TIMES
### (*California Labor Code* Sections 204 and 204b)

25.     Plaintiffs, individually and on behalf of all employees similarly situated, restate, re-allege, and incorporate by reference paragraphs 1 through 24 of this Complaint as though fully set forth in the pleading of this First Cause of Action.

26.     California's Legislature has provided several options available to employers for scheduling payment of wages earned by employees. Under the scheme found in *Labor Code* §§ 204, 204b employers must pay employees either every two weeks or on a weekly basis.

27.     Pursuant to *Labor Code* § 204 an employer must pay, with several expressed exceptions, all wages earned by the employee twice during each calendar

- 7 -

1  month, on days designated in advance by the employer as the regular payday.  This

2  section notes that "labor performed between the 1st and 15th days, inclusive, of any

3  calendar month shall be paid for between the 16th and the 26th day of the month during

4  which the labor was performed, and labor performed between the 16th and the last day,

5  inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the

6  following month."

7      28.    If any employer fails to pay all wages at least twice monthly, and instead,

8  pays only some of the wages due, and these wages were earned during the corresponding

9  pay period, the employer has breached his or her duty under *Labor Code* § 204.

10     29.    Pursuant to *Labor Code* § 204b, those employees who are not paid every

11 two weeks, but are paid on a weekly basis, must be paid no later than a day falling during

12 the week after the week for which the pay was earned.

13     30.    If any employer fails to pay on a weekly basis, all wages earned by

14 employees during the previous week, on a day designated by the employer before hand as

15 the day for which weekly wages are to be paid, the employer has breached his or her duty

16 under § 204b.

17     31.    Defendant has failed to pay Plaintiffs and members of their Class all wages

18 they earned at the designated pay dates for the corresponding pay periods.  Defendant,

19 instead, has retained a portion of money earned by Plaintiffs and Plaintiffs' Class

20 members.  In so doing, the Defendant has violated its duty under *Labor Code* §§ 204

21 and/or 204b.

22     32.    Plaintiffs, individually and on behalf of those similarly situated, request

23 recovery of wages that were not paid at the designated time, or at any time before or

24 afterward, in an amount to be proven at trial, in addition to interest, attorney fees, and

25 costs in accordance with *California Labor Code* §§§§ 218, 218.5, 218.6 and 1194 (a),

26 and *California Code of Civil Procedure* § 1021.5, as well as the assessment of any

27 statutory penalties against the Defendant as authorized and in accordance with relevant

28 sections of the *Labor Code*.

- 8 -

## SECOND CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES

#### (*California Labor Code* Sections 203, 204, 215, 216, 226,

#### 226.6, 510(a), 558, 1194, 1198 and/or 1199; IWC Wage Order 7-80 [revised])

33.    Plaintiffs, individually and on behalf of all employees similarly situated, restate, re-allege, and incorporate by reference paragraphs 1 through 32 of this Complaint as though fully set forth in the pleading of this Second Cause of Action.

34.    Pursuant to *California Labor Code* sections 203, 204, 215, 216, 226, 226.6, 510(a), 558, 1194, 1198, 1199, and certain Industrial Welfare Commission Wage Orders, it is unlawful in California for an employer to employ a person for longer than eight (8) hours in a single day, or more than forty (40) hours in a single week, without paying a person more than their regularly hourly rate of compensation.

35.    At all times mentioned in this Complaint, *California Labor Code* § 510 provided that "any work in excess of eight (8) hours in one workday and any work in excess of forty (40) hours in any one workweek and the first eight (8) hours worked on the seventh (7th) day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." At all times mentioned in this Complaint, IWC Wage Order No. 7-80 (revised) provided for payment of overtime wages equal to one and one-half times an employee's regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours in a single work week, and/or for payment of overtime wages equal to double the employee's regular rate of pay for all hours worked in excess of twelve (12) hours in any workday and/or for all hours worked in excess of eight (8) hours on the seventh (7th) day of work in any one workweek.

36.    Since commencing their employment with DOLLAR TREE, Plaintiffs and each member of their Class have regularly been required to work in excess of eight (8) hours per day and forty (40) hours per week. Furthermore, Plaintiffs and each member of their Class have regularly been required to work more than five days per week.

- 9 -

1    37.    Under *Labor Code* § 510 and the provisions of IWC Order 7-80 (revised),
2    Plaintiffs and each member of their Class should have received overtime wages in a sum
3    according to the proof for hours worked during the four (4) years prior to the filing of this
4    lawsuit.    Defendant owes Plaintiffs and each Class member overtime wages, but has
5    failed and refused, and continues to fail and refuse, to pay Plaintiffs and each Class
6    member the amount owed. This failure and refusal to pay overtime wages arises in part
7    through the acts discussed above regarding the manipulation of the computer system in
8    which employee time is logged.

9    38.    Plaintiffs, individually and on behalf of those similarly situated, request
10   recovery of overtime compensation in an amount to be proven at trial, in addition to
11   interest, attorney fees, and costs pursuant to *California Labor Code* §§§§ 218, 218.5,
12   218.6 and 1194 (a), and *California Code of Civil Procedure* § 1021.5, as well as the
13   assessment of any statutory penalties against the Defendant as authorized and in
14   accordance with relevant sections of the *Labor Code*.

15

16                          **THIRD CAUSE OF ACTION**

17        **FAILURE TO PAY ALL UNPAID WAGES AT TIME OF TERMINATION**

18                   (***California Labor Code* sections 201 (a) and 202 (a)**)

19   39.    Plaintiffs, individually and on behalf of all employees similarly situated,
20   restate, re-allege, and incorporate by reference paragraphs 1 through 38 of this
21   Complaint, as though fully set forth in the pleading of this Third Cause of Action.

22   40.    *California Labor Code* § 201 (a) provides, in part, "if an employer
23   discharges an employee, the wages earned and unpaid at the time of discharge are due
24   and payable immediately."

25   41.    *California Labor Code* § 202 (a) provides, in part, "if any employee not
26   having a written contract for a definite period quits his or her employment, his or her
27   wages shall become due and payable not later than 72 hours thereafter...," subject to

28

                                      - 10 -

1  certain conditions, none of which obviate the duty of the employer to tender the
2  employee all money earned, yet unpaid, to the employee.

3    42.    At all times mentioned in this Complaint, Defendant willfully failed to pay
4  wages (including overtime wages) earned by Plaintiffs and many (if not all) members of
5  their Class upon the termination of their status as employees of Defendant.

6    43.    *California Labor Code* § 203 provides, in part, "if an employer willfully
7  fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202
8  and 205.5, any wages of an employee who is discharged or who quits, the wages of the
9  employee shall continue as a penalty from the due date thereof at the same rate until paid
10  or until an action therefore is commenced; but the wages shall not continue for more than
11  30 days. *California Labor Code* § 203 also permits an employee to bring an action to
12  recover "these penalties at any time before the expiration of the statute of limitations on
13  an action for the wages from which the penalties arise."

14    44.    Because Defendant willfully failed to pay all wages owing to Plaintiffs and
15  those members of Plaintiffs' Class whose employment with Defendant was terminated at
16  the time termination took place, Plaintiffs and Plaintiffs' Class members are entitled to
17  recover all wages that should have been paid to them, but which were not, at the time of
18  termination, in addition to all penalties authorized in *Labor Code* § 203.

19

20                        **FOURTH CAUSE OF ACTION**
21    **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**
22                      (*California Labor Code* § 226 (a))

23    45.    Plaintiffs, individually and on behalf of employees similarly situated,
24  restate, re-allege, and incorporate by reference paragraphs 1 through 44 of this
25  Complaint, as though fully set forth in the pleading of this Fourth Cause of Action.

26    46.    *California Labor Code* § 226(a) provides that, at the time of each payment
27  of wages, an employer shall provide each employee with an accurate wage statement
28  itemizing, among other things, the total hours worked by the employee during the pay

- 11 -

FIRST AMENDED COMPLAINT                                07-03108 JSW

1  period, all applicable hourly rates in effect during the pay period, and the corresponding

2  number of hours worked at each hourly rate by the employee.

3      47.    At all times mentioned in this Complaint, Defendant paid few or no

4  overtime wages to Plaintiffs and members of their Class, even though Plaintiffs and

5  members of their Class earned these wages.  The itemized wage statements issued to

6  Plaintiffs and members of their Class did not accurately reflect all applicable hourly rates

7  that should have been in effect during the relevant pay periods.  Nor did these itemized

8  wage statements enumerate the corresponding number of hours worked by Plaintiffs and

9  members of their Class at each applicable hourly rate.  Instead, the itemized wage

10  statements issued to Plaintiffs and members of their Class reflected the hours as altered

11  by Defendant's agents.

12      48.    In failing to receive accurate itemized wage statements from Defendant,

13  Plaintiffs and members of their Class suffered injury.

14      49.    *California Labor Code* §226(e) provides, in part, that an employee

15  suffering injury as a result of a knowing and intentional failure by an employer to comply

16  with *California Labor Code* §226(a) is entitled to recover the greater of his actual

17  damages or a penalty of $50 for the initial pay period in which a violation occurs and

18  $100 for each violation in a subsequent pay period (up to a maximum of $4,000), in

19  addition to attorney fees and costs.

20      50.    Defendant knowingly and intentionally failed to provide timely and

21  accurate itemized wage statements to Plaintiffs and each member of their Class in

22  accordance with *California Labor Code* § 226.  The statements that were provided to

23  Plaintiffs and members of their Class did not (and do not) accurately reflect the actual

24  gross wages they earned, or the total number of hours they worked.

25      51.    Because Defendant breached its duty pursuant to *Labor Code* § 226(a),

26  Plaintiffs and members of their Class are entitled to the damages and penalties provided

27  for in *Labor Code* § 226(e) and other relevant sections of the *Labor Code*.

28

- 12 -

## FIFTH CAUSE OF ACTION

**UNFAIR COMPETITION AND UNFAIR BUSINESS PRACTICES**

**(*California Business and Professions Code* Sections 17000 et seq. and 17200 et seq.)**

52.     Plaintiffs, individually and on behalf of employees similarly situated, restate, re-allege, and incorporate by reference paragraphs 1 through 51 of this Complaint, as though fully set forth in the pleading of this Fifth Cause of Action.

53.     Defendant is a "person" as defined under *California Business and Professions Code* § 17021.

54.     Each of the directors, officers and/or agents of DOLLAR TREE are equally responsible for the acts of the others as set forth in *California Business and Professions Code* § 17095.

55.     Defendant DOLLAR TREE operates stores in California that sell discounted household items and other merchandise to the "public" as defined in *Business and Professions Code* §§ 17022 and 17024.

56.     Plaintiffs are informed and believe that for the last four years, Defendant has intentionally and improperly failed to pay them wages they earned for periods of time worked in excess of eight hours in one day and forty hours in one week, as well as other wages earned but not paid. Plaintiffs are informed and believe, also, that for the last four years, Defendant has intentionally and improperly failed to issue accurate itemized wage statements with paychecks issued to Plaintiffs and members of Plaintiffs' Class. Defendant's failure to pay these wages and issue these itemized wage statements has been in violation of *California Labor Code* Sections 201, 226(a), 512 and 1198, *California Penal Code* §§ 484 (larceny) and 532 (obtaining labor through false pretenses), IWC Wage Order No. 7-80 (revised), and the guidelines set forth by the Division of Labor Standards Enforcement and the Industrial Welfare Commission, in addition to the standard imposed by the United States Congress following enactment and subsequent amendment of the *Fair Labor Standards Act* (29 U.S.C. § 201 et seq.).

- 13 -

57.    Defendant's failure to pay required overtime and other wages to Plaintiffs and members of their Class has resulted in Defendant DOLLAR TREE under-reporting to federal and state authorities wages earned by Class members and, therefore, under-paying state and federal taxes, employer matching funds, unemployment premiums, Social Security, Medicare, and workers' compensation premiums, in an amount according to proof at trial.

58.    Defendant's failure to maintain accurate records of hours worked, falsification of hours worked, failure to pay overtime and other wages, failure to pay all wages due at each appropriate time of payment, and failure to issue accurate itemized wage statements to Plaintiffs and members of Plaintiffs' Class is either unfair and/or an offense punishable by both statutory fine and imprisonment for each violation. Defendant's acts constitute a continuing and ongoing unfair and unlawful activity prohibited by *California Business and Professions Code* sections 17200 et seq., and justify the issuance of an injunction, the making of restitution and the imposition of other equitable relief pursuant to *Business and Professions Code* § 17203, both as to DOLLAR TREE STORES, INC. and its managing agents and officers.

59.    As set forth below, Plaintiffs are informed and believe that by failing to pay all earned wages to the members of the Class at each of DOLLAR TREE'S California stores and failure to issue accurate itemized wage statements, Defendant has engaged in business within the State of California of selling miscellaneous merchandise to the public, as defined in *Business and Professions Code* §§ 17026, 17029, and 17073, for the purpose of injuring competitors and/or destroying competition in violation of *Business and Professions Code* § 17043.

60.    Plaintiffs are informed and believe that Defendant has instructed and directed its directors, officers, employees, and/or agents to intentionally and unlawfully fail to pay all earned wages as a means of gaining an unfair advantage over DOLLAR TREE'S competitors in violation of *Business and Professions Code* § 17047.    The advantage gained from violation of the Unfair Business Practices Act accrues, among

- 14 -

1   other ways, in the form of a lower cost of doing business and an increased margin of
2   profit.

3       61.    DOLLAR TREE corporate and/or California regional headquarters limits
4   the number of monthly payroll hours each store may allocate to employees to perform
5   necessary tasks such as stocking, customer service, and customer sales.   Such hours
6   allocated to hourly employees are woefully inadequate to permit the completion of all
7   necessary non-exempt duties in the stores by hourly employees.   The only way to
8   complete all of these tasks is for the employee to work in excess of eight (8) hours per
9   day and forty (40) hours per week. Yet while Class members work these long hours, they
10  are paid, if they are paid at all, at the rate of their straight salary, instead of the legally
11  mandated overtime pay-rate.

12      62.    As a result of these acts and omissions by Defendant, the Plaintiffs, on
13  information and belief, allege that Defendant was able to unfairly compete with other
14  stores (particularly other discount stores) in the State of California by not paying
15  overtime wages in violation of *Business and Professions Code*, §§ 17000 et seq. and
16  §§17200 et seq.   Due to these unfair, fraudulent and/or unlawful business practices,
17  DOLLAR TREE has gained a competitive advantage over other comparable stores doing
18  business in the State of California who adhere to the law requiring the payment of
19  overtime wages.

20      63.    The victims of these unfair and/or unlawful business practices include, but
21  are not limited to, the Class members and other employees of DOLLAR TREE,
22  competing stores in the State of California, and the consuming public.   Plaintiffs are
23  informed, believe and allege that Defendant performed the above-mentioned acts with the
24  intent of gaining an unfair competitive advantage and thereby injuring Plaintiffs,
25  employees, other competitors, and the consuming public.

26      64.    Each failure to pay overtime and other wages in violation of *Business and*
27  *Professions Code* § 17100 and other statutes is a crime punishable by both a statutory
28  fine and imprisonment.   These failures constitute continuing and ongoing unlawful

1  activities prohibited by *Business and Professions Code* sections 17000 et seq. and 17200

2  et seq. and justify the issuance of an injunction.  All such remedies are cumulative

3  pursuant to *Business and Professions Code* § 17205.

4       65.    Pursuant to *Business and Professions Code* § 17203, Plaintiffs, on behalf of

5  themselves and all members of their Class, request restitution and/or disgorgement of all

6  wages wrongfully retained by Defendant in violation of *Business and Professions Code*

7  sections 17000 et seq. and sections 17200 et seq.   Furthermore, Plaintiffs request

8  attorneys' fees and costs pursuant to *California Code of Civil Procedure* § 1021.5, and

9  from the common law doctrine from which this statute is derived, upon a showing of

10  proof, among other things, that they have acted in the public interest and that a significant

11  benefit has been conferred on the general public and/or a large class of persons, as set

12  forth in the *Private Attorney General Act* and the common law of this State.

13

14  **SIXTH CAUSE OF ACTION**

15  **FRAUD AND DECEIT**

16       66.    Plaintiffs, individually and on behalf of each employee similarly situated,

17  hereby restate, re-allege, and incorporate by reference herein, paragraphs 1 through 65 of

18  this Complaint, as though fully set forth in the pleadings of this Sixth Cause of Action.

19       67.    Plaintiffs allege that the Defendant engaged in fraud and/or deceit against

20  Plaintiffs and each member of Plaintiffs' Class, and that Plaintiffs and each Class

21  member discovered that such acts were fraudulent within the last two and/or four years.

22       68.    Plaintiffs allege that Defendant DOLLAR TREE, by and through its

23  officers, human resource directors, regional managers, district managers, area managers

24  and others, for the last two and/or four years has known that the Plaintiffs and members

25  of their Class were entitled to be paid for all work performed, were entitled to be paid at

26  the overtime rate of pay for all work performed, and were entitled to be issued accurate

27  itemized wage statements with each pay check.

28

- 16 -

FIRST AMENDED COMPLAINT                                            07-03108 JSW

69.   Despite possessing this knowledge, the Defendant, operating through its managing agents, altered (and/or caused to be altered by directing subordinate employees) electronic data regarding wages earned and hours worked by Plaintiffs and members of Plaintiffs' Class, and then issued Itemized Wage Statements falsely reporting the hours each employee worked, and the amount of money that each was entitled to be paid.   This alteration of data and the issuing of falsified Itemized Wage Statements occurred throughout the entire time that Plaintiffs and members of their Class were employed by the Defendant.

70.   Plaintiffs allege that the Defendant DOLLAR TREE's officers and managing agents who engaged on Defendant's behalf in the fraudulent conduct described in this cause of action engaged in their unlawful conduct clandestinely, out of Plaintiffs' sight and out of the sight of the Members of Plaintiffs' Class.   More specifically, Plaintiffs are informed, and on that basis allege, that while serving as a DOLLAR TREE District Manager, Mr. Rick Tellstrom, directed individual store managers throughout his District to manipulate/alter the store employee time records utilizing the computer time tracking system, as herein alleged. Plaintiffs are informed, and on that basis allege, that Store Managers followed these directions of the District Manager and so altered the time records of the hourly employees.   These alterations were made with the direction, knowledge and consent of Mr. Tellstrom and other managing agents of Defendant DOLLAR TREE.   The computer system records that have been altered requires log-in identification assigned to the person logging-in to be entered when access to the data base occurs, and a record of each of these log-ins, along with the corresponding identification number, is stored in the system permanently.   The computer program tracks changes made to employee hours and who makes such changes. With that information, the parties will be able to more fully discover who made the electronic time card changes and, through depositions of those individuals, it will become more apparent which of the managing agents of Defendant DOLLAR TREE, in addition to Mr. Tellstrom, were specifically involved in directing these fraudulent changes.

- 17 -

FIRST AMENDED COMPLAINT                                          07-03108 JSW

71.    The altering of employee hours was done for the sole purpose of reducing employee payroll and increasing Defendant's profits, in willful, and/or reckless, and/or malicious, disregard of the rights of Defendant's hourly wage employees, including Plaintiffs and the members of their Class.

72.    Plaintiffs, and each member of their Class, reasonably believed and relied on the accuracy of the Itemized Wage Statements with respect to the hours worked and wages earned, though in truth these statements had been falsified to the detriment of the Plaintiffs and their Class Members.

73.    In reliance on the assertions made in the Itemized Wage Statements issued to them, and to the detriment and prejudice of Plaintiffs and each member of Plaintiffs' Class, Plaintiffs and members of their Class have worked more than eight (8) hours per day and more than forty (40) hours per week, in violation of IWC Wage Order 7-80 (revised) and the *Labor Code*, without being paid overtime.  They have also worked in violation of other *Labor Code* sections governing the timing of payment of all wages earned during particular periods of time.

74.    As a direct result of the knowingly false manipulations/alterations of time data, and the concealment of fact by the Defendant, Plaintiffs and members of their Class have earned, but have not been paid, overtime and other wages, plus interest, in an amount to be proven at trial.

75.    In addition to causing actual damages, Defendant's suppression of true facts and assertion of false information was done with malice, oppression and/or fraud on the part of the Defendant for the purpose of depriving Plaintiffs and members of their Class of their legal property rights to overtime and straight-time pay and to gain an unfair advantage over Defendant's competitors.  Such acts were done with the authorization, ratification, and/or advance knowledge of the managing agents/officers and/or directors of DOLLAR TREE.  Such acts, committed with malice, oppression, and/or fraud, justify the awarding of punitive damages to the Plaintiffs and each member of their Class in an amount commensurate with the enormity of the wrongfulness of the acts themselves, for

- 18 -

1  the purpose of punishing the Defendant and deterring it from conducting itself in a
2  similar fashion at any time in the future.

4  ### SEVENTH CAUSE OF ACTION
5  ### UNJUST ENRICHMENT/CONSTRUCTIVE TRUST

6      76.    Plaintiffs, individually and on behalf of each employee similarly situated,
7  restate, re-allege, and incorporate by reference paragraphs 1 through 75 of this
8  Complaint, as though fully set forth in the pleading of this Seventh Cause of Action.

9      77.    By working for Defendant without appropriate pay, Plaintiffs and each
10  member of their Class conferred a substantial benefit on Defendant.

11     78.    At the time the wages earned by Plaintiffs and the members of their Class
12  were due and payable by Defendant those unpaid wages became the property of Plaintiffs
13  and each members of their Class.  By failing to pay all earned wages to the Plaintiffs and
14  each Class member when due, Defendant wrongfully and unjustly enriched itself at the
15  expense of Plaintiffs and each member of their Class.

16     79.    Since Defendant has unjustly enriched itself at the expense of Plaintiffs and
17  the members of their Class, equity requires that Defendant be disgorged of that
18  enrichment, and that it be transferred to Plaintiffs and each member of their Class.

20  ### EIGHTH CAUSE OF ACTION
21  ### UNLAWFUL FAILURE TO PAY OVERTIME WAGES
22  ### (29 U.S. § 200 et seq.)

23     80.    Plaintiffs, individually and on behalf of all employees similarly situated,
24  hereby restate, re-allege, and incorporate by reference paragraphs 1 through 79 of this
25  Complaint, as though fully set forth in the pleading of this Eighth Cause of Action.

26     81.    At all relevant times, and during the *three* (3) year period immediately
27  preceding the filing of this Complaint, Plaintiffs and the members of their Class were
28  protected by 29 U.S.C. § 207 (a)(1), which is also known as the *Fair Labor Standards*

- 19 -

1  *Act*, or FLSA.  29 U.S.C. § 207 (a)(1) provides: "Except as otherwise provided in this
2  section, no employer shall employ any of his employees...for a workweek longer than
3  forty hours unless such employee receives compensation for his employment in excess of
4  the hours above specified at a rate which is not less than one and one-half times the
5  regular rate at which he is employed."

6      82.    In the performance of their duties for Defendant, Plaintiffs and the
7  members of their Class often labored in excess of forty hours per week without receiving
8  overtime compensation for that labor as required by the *Fair Labor Standards Act*.  The
9  precise number of unpaid overtime hours will be proven at trial.

10     83.    Since commencing their employment with Defendant, Plaintiffs and the
11  members of their Class have been required to work in excess of 40 hours per week.
12  Furthermore, Plaintiffs and the members of their Class have been required to work six
13  days per week at times.

14     84.    Under the provisions of 29 U.S.C. § 207, Plaintiffs and each member of
15  their Class should have received overtime wages in a sum to be proven at trial for all
16  hours worked during the applicable limitations period immediately prior to the filing of
17  this Complaint.  Because Defendant failed to pay any overtime wages to Plaintiffs and
18  each member of their Class, Plaintiffs and each member of his Class are entitled to
19  recovery of all overtime wages which should have been paid, in addition to an equal
20  amount as liquidated damages, as prescribed in 29 U.S.C. § 216 (b).

21     85.    Because Defendant has repeatedly and willfully violated § 207 of the *Fair
22  Labor Standards Act*, Defendant is subject to a civil penalty not to exceed $1,000 for
23  each violation.  (See 29 U.S.C. 216 (e)).  Plaintiffs and each member of their Class are
24  entitled to recover all civil penalties arising from Defendant's repeated and willful
25  violations of 29 U.S.C. § 207.

26     86.    Plaintiffs, individually and on behalf of employees similarly situated,
27  request recovery of overtime compensation, liquidated damages, reasonable attorney fees
28  and costs, and the assessment of statutory penalties.

FIRST AMENDED COMPLAINT                                              07-03108 JSW

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for relief and judgment against Defendant as follows:

**FIRST CAUSE OF ACTION**

1.      For compensatory damages in an amount according to the proof representing the amount of unpaid overtime compensation owed to the Plaintiff and each member of his Class;

2.      For interest on any overtime compensation due from the day such amounts were due, as permitted in accordance with *Labor Code* § 218.6, *Civil Code* § 3289, and other relevant laws of the State of California;

3.      For reasonable attorney's fees and costs in accordance with *California Labor Code* § 1194, subdivision (a) and the *Private Attorney General's Act* (*Code of Civil Procedure* § 1021.5);

4.      For such other and further relief as the Court may deem just and appropriate.

**SECOND CAUSE OF ACTION**

5.      For compensatory damages in an amount according to the proof representing the amount of unpaid overtime compensation owed to the Plaintiff and each member of his Class;

6.      For interest on any overtime compensation due from the day such amounts were due, as permitted in accordance with *Labor Code* § 218.6, *Civil Code* § 3289, and other relevant laws of the State of California;

7.      For reasonable attorney's fees and costs in accordance with *California Labor Code* § 1194, subdivision (a) and the *Private Attorney General's Act* (*Code of Civil Procedure* § 1021.5);

- 21 -

8.      For all applicable statutory penalties, including those recoverable pursuant to *Labor Code* Sections 204 (a) and 2699 et seq.

9.      For such other and further relief as the Court may deem just and appropriate.

## THIRD CAUSE OF ACTION

10.      For payment of all wages not paid upon termination or discharge;

11.      For all applicable statutory penalties;

12.      For payment of interest on all wages that were due upon termination or discharge pursuant to *California Labor Code* § 218.6, *California Civil Code* § 3289 and other relevant laws of the State of California;

13.      For attorney fees and costs pursuant to *California Labor Code* § 218.5, *California Code of Civil Procedure* § 1021.5, and other relevant laws of the State of California.

14.      For such other and further relief as the Court may deem just and appropriate.

## FOURTH CAUSE OF ACTION

15.      For an order requiring Defendant to show cause, if any they have, why they should not be enjoined from further violation of *California Labor Code* § 226 (a) during and after the pendency of this action;

16.      For payment to Plaintiffs and each member of Plaintiffs' Class the greater of the following: $ 50 for each initial failure to comply with *Labor Code* § 226 (a) and $100 for each subsequent failure, for a total amount not exceeding $ 4,000, or actual damages suffered as a result of Defendant's violation of *Labor Code* § 226 (a);

17.      For payment of attorney fees, and costs as provided for by *California Labor Code* § 226(e) and all other applicable statutes.

- 22 -

18.     For such other and further relief as the Court may deem just and appropriate.

## FIFTH CAUSE OF ACTION

19.     For a preliminary and permanent injunction prohibiting the Defendant from requiring Class members to work more than eight (8) hours a day or forty (40) hours in any workweek without payment of overtime wages;

20.     For an order requiring Defendant to show cause, if any they have, why it should not be enjoined as set forth herein, during the pendency of this action;

21.     For a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining Defendant from failing to pay overtime wages, withholding taxes, matching funds, Social Security, Medicare, unemployment and workers' compensation premiums as required by law and as it relates to their actual cost of doing business, such order being without bond pursuant to *Business and Professions Code* § 17081;

22.     Restitution and disgorgement of all sums obtained in violation of *Business and Professions Code* sections 17000 et seq. and 17200 et seq.

23.     For such other and further relief as the Court may deem just and appropriate.

## SIXTH CAUSE OF ACTION

24.     Actual damages, subject to proof at trial;

25.     Punitive damages.

26.     For such other and further relief as the Court may deem just and appropriate.

- 23 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SEVENTH CAUSE OF ACTION

27.    For an Order requiring Defendant to restore to Plaintiffs and members of Plaintiffs' Class all wages and other property withheld unlawfully by Defendant.

28.    For such other and further relief as the Court may deem just and appropriate.

## EIGHTH CAUSE OF ACTION

29.    For damages in the amount of all unpaid wages earned by Plaintiffs and each member of Plaintiffs' Class;

30.    For liquidated damages in the amount of all unpaid wages earned by Plaintiffs and each member of Plaintiffs' Class, as provided for in the *Fair Labor Standards Act*;

31.    For penalties in the amount of $ 1,000 for each of Defendant's repeated and willful failures to pay overtime wages as required the *Fair Labor Standards Act.*

32.    For such other and further relief as the court may deem just and appropriate.


Dated:  September 10, 2007                              *EDGAR LAW FIRM*


                                                    By:    _____
                                                           Donald S. Edgar, Esq.
                                                           Jeremy R. Fietz, Esq.
                                                           Rex Grady, Esq.

- 24 -

FIRST AMENDED COMPLAINT                                                    07-03108 JSW

## DEMAND FOR JURY TRIAL

Plaintiffs hereby respectfully demand a jury trial on all issues triable thereby.


Dated:  September 10, 2007

                                                **EDGAR LAW FIRM**

                                        By:  _____
                                                Donald S. Edgar, Esq.
                                                Jeremy R. Fietz, Esq.
                                                Rex Grady, Esq.

- 25 -

FIRST AMENDED COMPLAINT                                                    07-03108 JSW