1  DONALD S. EDGAR (State Bar No. 139324)
   JEREMY R. FIETZ (State Bar No. 200396)
2  Email: jeremy@classattorneys.com
   EDGAR LAW FIRM
3  408 College Avenue
   Santa Rosa, California 95401
4  Telephone: (707) 545-3200
   Facsimile: (707) 578-3040
5
   Attorneys for Plaintiffs
6  KASSONDRA BAAS and KELLY LOFQUIST

7  MAUREEN E. McCLAIN (State Bar No. 062050)
   Email: mcclain@kmm.com
8  ALEX HERNAEZ (State Bar No. 201441)
   Email: hernaez@kmm.com
9  KAUFF McCLAIN & McGUIRE LLP
   One Post Street, Suite 2600
10 San Francisco, California 94104
   Telephone: (415) 421-3111
11 Facsimile: (415) 421-0938

12 Attorneys for Defendant
   DOLLAR TREE STORES, INC.
13
   BETH HIRSCH BERMAN (VA Bar No. 28091)
14 Email: bberman@williamsmullen.com
   WILLIAMS MULLEN
15 Dominion Tower, Suite 1700
   999 Waterside Drive
16 Norfolk, VA 23510
   Telephone: (757) 629-0604
17 Facsimile: (757) 629-0660

18 Pro Hac Vice Attorneys For Defendant
   DOLLAR TREE STORES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASSONDRA BAAS and KELLY LOFQUIST, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DOLLAR TREE STORES, INC.,<br><br>Defendant. | CASE NO. C 07-03108 JSW (ENE)<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>DATE: October 19, 2007<br>TIME: 1:30 p.m.<br>DEPT: Ctrm. 2, 17th Floor<br>JUDGE: Hon. Jeffrey S. White<br><br>COMPLAINT FILED: June 13, 2007<br>TRIAL DATE: No date set. |

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

JOINT CASE MANAGEMENT CONFERENCE STATEMENT        CASE NO. C 07-03108 JSW (ENE)

(1)   <u>Jurisdiction and Service</u>:

This Court has jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") and under 28 U.S.C. § 1331 as the Complaint pleads a claim under the Fair Labor Standards Act, 29 U.S.C. § 207 (a) (1). Jurisdiction is not contested. The named Defendant, Dollar Tree Stores, Inc. ("Dollar Tree") has been served. No counterclaim has been filed.

(2)   <u>A Brief Description Of The Events Underlying The Action</u>:

Plaintiff Kassondra Baas (formerly Kassondra Bassignani), worked for Dollar Tree, primarily at its Rohnert Park, California location, from October 2005 through January 2007. Plaintiff Kelly Lofquist also worked for Dollar Tree, primarily in the Rohnert Park, California location, from August 2006 through February 2007. Both Plaintiffs worked first as sales associates and then as Assistant Store Managers. Defendant alleges that Plaintiffs were terminated for attendance and other performance issues

Plaintiffs allege that their time records, and the records of other Dollar Tree hourly employees were changed by their Store Manager, at the direction of Dollar Tree District Managers and others who Plaintiffs allege to be managing agents of Dollar Tree, to reduce overtime or hours worked. Defendant denies such allegation and states that its promulgated and enforced policy is to record and pay for all hours worked in accordance with applicable legal requirements. Defendant disagrees with Plaintiffs' assertion that the District Managers are managing agents of Dollar Tree, and further asserts that its managers have been repeatedly informed of Dollar Tree's policy to pay for all time worked. Plaintiffs allege that such electronic time card manipulation occurred in the District in which the store where they worked was located and throughout California. Plaintiffs allege this case on a class basis; the class is pled as including all current and former non-exempt employees employed in California since June 13, 2003 (a period of four years prior to the filing date of the Complaint.) Defendant denies such

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-1-

JOINT CASE MANAGEMENT CONFERENCE STATEMENT         CASE NO. C 07-03108 JSW (ENE)

allegations, and asserts that because the governing policy and practice is to pay for all time worked, a class action is not appropriate.

(3) The Principal Factual Issues Which The Parties Dispute:

(a) Whether Plaintiffs' recorded time was changed to reduce their wage entitlement.

(b) If Plaintiffs' time was so changed, at whose instigation did that occur.

(c) Whether either Plaintiff utilized the various complaint procedures established by Dollar Tree to raise their allegations while they were still employed.

(d) What is the policy of Dollar Tree regarding alterations of electronic time records.

(e) Whether the District Managers, and/or others who Plaintiffs allege to be managing agents of Dollar Tree, were directing the alteration of electronic time records of other California Dollar Tree store employees.

(f) How has any Dollar Tree policy on this issue been distributed and enforced.

(g) Whether Plaintiffs' allegations, in whole or in part, are amenable to class treatment.

(h) Whether Plaintiffs can establish elements essential to prove a fraud claim.

(i) The amount and nature of damages, if any.

(4) The Principal Legal Issues Which The Parties Dispute:

(a) What are the legal standards applicable to Plaintiffs' allegation that Defendant failed to pay wages for all time worked.

(b) What are the legal standards applicable to establishing a "willful" failure to pay under Labor Code Section 203.

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-2-

JOINT CASE MANAGEMENT CONFERENCE STATEMENT                    CASE NO. C 07-03108 JSW (ENE)

      (c) What California Labor Code penalty provisions, if any, are applicable to Plaintiffs' claims. How, if at all, does the pleading of an FLSA claim impact such California provisions.

      (d) What are the applicable statutes of limitations concerning each of Plaintiffs' claims.

      (e) Whether Plaintiffs may bring this case as a class action under Rule 23 of the Federal Rules of Civil Procedure.

      (f) What is the legal interplay between claims brought under Rule 23 and the opt-in provisions of a FLSA claim.

      (g) Whether Plaintiffs may bring this case as a class and/or representative action under California Business & Professions Code Section 17200 et seq.

      (h) What are the legal requirements for proving a fraud claim, both individually and on a class basis.

      (i) Whether Plaintiffs may use alternate theories such as a claim for unjust enrichment in the context of this case.

      (j) What are the available damages under each of Plaintiffs' claims.

      (k) What is each Party's entitlement to attorneys' fees.

      (l) What are the legal standards applicable to Plaintiffs' claims for injunctive relief.

    (5) <u>Motions</u>:

Defendant filed a motion to dismiss and motion to strike in response to the Complaint. The Court's Order Granting in Part and Denying in Part such motion was filed on 8/29/07. The operative Complaint is Plaintiffs' Second Amended Complaint filed on 9/20/07. Defendant filed its Answer to the Second Amended Complaint on October 4, 2007.

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-3-

JOINT CASE MANAGEMENT CONFERENCE STATEMENT     CASE NO. C 07-03108 JSW (ENE)

While the Parties are not in a position to anticipate every possible pre-trial motion as they are still in a very preliminary stage in the litigation, they anticipate motions relating to class certification/decertification issues and Defendant anticipates a motion for summary judgment regarding Plaintiffs' individual claims.

(6)  **Amendment of Pleadings**:

The pleadings are now settled. Neither Party anticipates further amendment.

(7)  **Evidence Preservation**:

Counsel for both Parties have taken steps to preserve evidence relative to this case through notification to their respective clients.

(8)  **Disclosures**:

The Parties have exchanged initial disclosures under Rule 26 of the Federal Rules of Civil Procedure.

(9)  **Discovery**:

Defendant's taking of Plaintiff Lofquist's deposition is set for October 15, 2007.

Defendant's taking of Plaintiff Baas' deposition is set for October 17, 2007.

Plaintiffs have produced documents responsive to requests for production accompanying the deposition notices.

Plaintiffs have stated their intent to depose a Dollar Tree representative knowledgeable regarding the time recording computer system and Rick Tellstrom, a District Manager of Dollar Tree with responsibility for the store where Plaintiffs worked.

Both Parties will identify other deponents following initial discovery and the exchange of their initial disclosures. Defendant anticipates serving third party subpoenas, and both Parties anticipate the exchange of written discovery requests. Plaintiffs and Defendant agree to conduct discovery according to the parameters and limitations set forth in the Federal Rules of Civil Procedure. To vary from such limitations, the Parties agree to meet and confer in an attempt to reach agreement, and

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-4-

JOINT CASE MANAGEMENT CONFERENCE STATEMENT            CASE NO. C 07-03108 JSW (ENE)

in the absence of such an agreement, will seek leave of Court through the Court's discovery dispute process.

Defendant has proposed conducting discovery in two phases with the first phase involving discovery related to Plaintiffs' individual claims and the propriety of class certification and the second phase involving the merits of the class claims. Plaintiffs do not disagree in principle with that approach but note that the Parties may have disagreements regarding how particular items of discovery should be classified.

The Parties are in the process of preparing a Stipulation for Protective Order relating to employee privacy and proprietary information issues.

Class Actions:

(a)  <u>Plaintiffs' Statement Regarding Class Action Allegations.</u>

<u>The specific paragraphs of FRCP 23 under which the action is maintainable as a class action</u>: Plaintiffs allege that this lawsuit is maintainable as a class action under FRCP 23(b)(3).

<u>A description of the class or classes in whose behalf the action is brought</u>: Plaintiffs seek to bring this action on behalf of individuals employed by Dollar Tree as hourly wage store employees in California from June 13, 2003, to the present.

<u>Facts showing that the Plaintiffs are entitled to maintain the action under FRCP 23(a) and (b).</u>

<u>Numerosity (Rule 23(a)(2))</u>. Plaintiffs believe, and have alleged, that the entire class consists of over 100 members.

<u>Commonality (Rule 23(a)(2))</u>. There is a well-defined commonality of interest in the questions of law and of fact involving and affecting the Class members to be represented in that all of these employees have been harmed by the Defendant's failure to pay all wages at the time they were required to be paid (or at all), failure to pay overtime wages, and failure to issue accurate itemized wage statements, in violation of the *California Labor Code* and applicable Industrial Welfare Commission ("IWC") wage orders and the *Fair Labor Standards Act*.

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-5-

JOINT CASE MANAGEMENT CONFERENCE STATEMENT                    CASE NO. C 07-03108 JSW (ENE)

<u>Typicality (Rule 23(a)(3))</u>.  Plaintiffs allege that they are members of the proposed class and allege the same claims as the proposed class.  Plaintiffs allege that they have no interests that are adverse to those of the other class members.  The claims of Plaintiffs alleged in this Complaint are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.  Each member has been harmed in the same manner as all other Class members by being denied their pay, denied their overtime wages, and denied the issuance of accurate itemized wage statements due to DOLLAR TREE'S class-wide practices.

<u>Adequacy (Rule 23(a)(4))</u>.  Plaintiffs contend that their attorneys, the Edgar Law Firm, are well-qualified and very experienced in representing Plaintiffs in employment law as well as class action matters.  Additionally, Plaintiffs claim that they will protect the interests of the class.

<u>Predominance and Superiority (Rule 23(b)(3))</u>.  Plaintiffs contend that common issues of fact or law predominate over individual issues.  Common issues predominate with respect to the employees' claims in that all claims arise out of: (a) Defendant's failure to pay Class members all wages they were owed at the times these wages were due, or at any time before or after those times; (b) the failure of Defendant to pay Class members overtime compensation for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week; and, (c) Defendant's failure to issue accurate itemized wage statements. Plaintiffs contend that a class action is superior to other procedures for resolving the dispute because, depending upon the length of employment with Dollar Tree, the damages suffered by each individual class member may be relatively small.

(b)   <u>Defendant's Statement Regarding the Class Action Allegations.</u>

Defendant disputes that this case is properly maintainable as a class action as the Company's policy is to pay for all time worked, a policy it promulgates to all employees and enforces through, inter alia, terminating any employee found to have

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-6-

JOINT CASE MANAGEMENT CONFERENCE STATEMENT                    CASE NO. C 07-03108 JSW (ENE)

engaged in a violation of the policy. An examination of any alleged variance from the policy requires an examination of individual employee time records and individualized circumstances. Defendant questions, as a matter of law, the maintainability of a Rule 23 class action in conjunction with an FLSA claim. Finally, Defendant believes that there may be significant issues of the adequacy of representation on the part of the named Plaintiffs and/or Plaintiffs' counsel which will be developed as discovery progresses.

(10) <u>Related Cases</u>:

The Parties know of no related cases.

(11) <u>Relief</u>:

Plaintiffs seek alleged unpaid wages in the various categories identified in the Complaint, liquidated damages under the FLSA, penalty assessments under the California Labor Code, restitution, disgorgement, injunctive relief, punitive damages (under the fraud cause of action) and attorneys' fees and costs of suit.

Defendant seeks dismissal of the action, its costs and attorneys' fees.

(12) <u>Settlement and ADR</u>:

An ENE session with ENE evaluator Dirk Schenkkan has been scheduled for November 12, 2007.

(13) <u>Consent To Magistrate Judge For All Purposes</u>:

The Parties do not so consent.

(14) <u>Other References</u>:

The Parties propose no other references at this time.

(15) <u>Narrowing of Issues</u>:

The Parties are committed to narrowing the issues as much as possible, although believe that such process can best occur following determination of whether this case is suitable for class action treatment.

(16) <u>Expedited Schedule</u>:

Given the class allegations, the Parties do not see this case as suitable for expedited treatment.

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-7-

JOINT CASE MANAGEMENT CONFERENCE STATEMENT                    CASE NO. C 07-03108 JSW (ENE)

1  (17) <u>Scheduling</u>:

2  The Parties believe that a trial date should not be set prior to the

3  determination of Plaintiffs' motion for class certification. Plaintiffs intend that such motion

4  should be brought within six months of the initial disclosure exchange (April 2008).

5  (18) <u>Trial</u>:

6  Plaintiffs have requested a jury trial. Defendant does not request a jury

7  trial. The Parties are unable to estimate the length of trial prior to the decision on

8  motion(s) relating to class certification.

9  (19) <u>Disclosure Of Non-Party Interested Entities Or Persons</u>:

10  There are no non-party interested persons known to the Plaintiffs.

11  Defendant filed a Certification of Interested Entities or Persons on July 9,

12  2007 stating Dollar Tree shareholders as interested parties.

13  <u>Filing Certification</u>:

14  The filer of this document attests that Plaintiffs' counsel concurs in the filing

15  of this Joint Statement.

16  DATED: October 11, 2007          Respectfully submitted,

17                                   EDGAR LAW FIRM

18

19                                   By: ___/S/ Jeremy R. Fietz___
                                          JEREMY R. FIETZ

20
    Attorneys for Plaintiffs
21  KASSONDRA BAAS and KELLY
    LOFQUIST

22

23  DATED: October 11, 2007          Respectfully submitted,

24                                   KAUFF McCLAIN & McGUIRE LLP

25

26                                   By: ___/S/ Maureen E. McClain___
                                          MAUREEN E. McCLAIN

27  Attorneys for Defendant
    DOLLAR TREE STORES, INC.
28  122293.v1

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111