1  Donald S. Edgar, Esq. (SBN 139324)
2  Jeremy R. Fietz, Esq. (SBN 200396)
   Rex Grady, Esq. (SBN 232236)
3  *EDGAR LAW FIRM*
   408 College Avenue
4  Santa Rosa, California, 95401
5  Tel:   (707)  545-3200
   Fax:   (707)  578-3040
6
7  Attorneys for Plaintiffs,
   KASSONDRA BAAS and KELLY LOFQUIST
8  individually and on behalf of all employees
9  similarly situated

10            **IN THE UNITED STATE DISTRICT COURT**
11         **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
12
13

14  KASSONDRA BAAS and KELLY          )   **CASE NO.  C 07-03108 JSW**
15  LOFQUIST, individually and on behalf of )
    all others similarly situated,    )
16                                     )   **THIRD AMENDED**
                                       )   **COMPLAINT FOR DAMAGES,**
17            Plaintiffs,              )   **INJUNCTIVE RELIEF AND**
                                       )   **RESTITUTION**
18                                     )
19         v.                          )
                                       )   **CLASS ACTION**
20                                     )
21  DOLLAR TREE STORES, INC.,          )
                                       )   **DEMAND FOR JURY TRIAL**
22            Defendant.               )
23                                     )
                                       )
24                                     )
                                       )
25  _____)
26
27
28

- 1 -

THIRD AMENDED COMPLAINT                                    07-03108 JSW

## CLASS ACTION ALLEGATIONS

1.      Pursuant to Rule 23 of the *Federal Rules of Civil Procedure*, Public Law 109-2 (Class Action Fairness Act), and other relevant statutory and common laws, Plaintiffs, KASSONDRA BAAS and KELLY LOFQUIST, individually and on behalf of all employees similarly situated, seek class-wide relief for patterns and practices of unlawful conduct by Defendant, DOLLAR TREE STORES, INC.

2.      The proposed Class that the Plaintiffs seek to represent is composed of current and former non-exempt employees of Defendant DOLLAR TREE's stores within the State of California at any time from the date that is four years prior to the filing of the original complaint in this matter up to the date of trial.

3.      The persons in the Class are so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a Class will benefit the parties and the Court.

4.      There is a well-defined commonality of interest in the questions of law and of fact involving and affecting the Class members to be represented in that all of these employees have been harmed by the Defendant's failure to pay all wages at the time they were required to be paid (or at all), failure to pay overtime wages, and failure to issue accurate itemized wage statements, in violation of the *California Labor Code* and applicable Industrial Welfare Commission ("IWC") wage orders and the *Fair Labor Standards Act.*

5.      The claims of Plaintiffs alleged in this Complaint are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. Each member has been harmed in the same manner as all other Class members by being denied their pay, denied their overtime wages, and denied the issuance of accurate itemized wage statements due to DOLLAR TREE'S corporate-wide policies and practices.

6.      Plaintiffs will fairly and adequately represent and protect the interests of all members of the Class. There are no known conflicts of interest between the named Class

- 2 -

1 | representatives and Class members.  If any conflicts do arise, other former and current
2 | Class members are available to serve as Class representatives.

3 |      7.     The prosecution of separate actions by individual members of the Plaintiff
4 | Class would create a risk of inconsistent and/or varying adjudications with respect to the
5 | individual members of the Class, establishing incompatible standards of conduct for the
6 | Defendant and resulting in the impairment of Class members' rights and the disposition
7 | of their interests through actions to which they were not parties.

8 |      8.     Common issues predominate with respect to the employees' claims in that
9 | all claims arise out of: (a) Defendant's failure to pay Class members all wages they were
10 | owed at the times these wages were due, or at any time before or after those times; (b) the
11 | failure of Defendant to pay Class members overtime compensation for hours worked in
12 | excess of eight (8) hours per day and/or forty (40) hours per week; and, (c) Defendant's
13 | failure to issue accurate itemized wage statements.

14 |      9.     Proceeding in reliance on the Class form of action is superior to numerous
15 | individual actions as a means of adjudicating those claims.  Since the damages suffered
16 | by individual Class members, while not inconsequential, may be relatively small, the
17 | expense and burden of individual litigation by each member makes, or may make, it
18 | impractical for Class members to seek redress individually for the wrongful conduct
19 | alleged in this Complaint.  Should separate actions be brought or be required to be
20 | brought by each individual Class member, the resulting multiplicity of lawsuits would
21 | cause undue hardship and expense for both the Court and the litigants.  The prosecution
22 | of separate actions would also create a risk of inconsistent rulings, which might be
23 | dispositive of the interests of other Class members who are not parties to the
24 | adjudications and/or may substantially impede their ability to adequately protect their
25 | interests.  Moreover, the Representative Plaintiffs are informed, believe and allege that
26 | Defendant, in failing to pay wages due, and failing to issue accurate itemized wage
27 | statements, have acted and refused to act on grounds generally applicable to all claims,
28 |

- 3 -

1  thereby rendering injunctive and monetary relief for *all* members of the Class an

2  appropriate remedy.

3       10.    Plaintiffs have retained adequate counsel.    The counsel retained by

4  Plaintiffs are experienced and competent in both Class Action and employment litigation.

5       11.    This Court has jurisdiction because the parties in the action are citizens of

6  different States (*Constitution of the United States*, Article III, Sec. 2), and because the

7  action is a Class Action wherein the requisite diversity of citizenship exists among the

8  parties and the matter in controversy exceeds the sum or value of $ 5,000,000, exclusive

9  of interest and costs (Public Law 109-2).

10                    **GENERAL ALLEGATIONS**

11       12.    At all times mentioned in this Complaint, Plaintiff KASSONDRA BAAS

12  (hereinafter identified as "Plaintiff BAAS," or grouped with Plaintiff LOFQUIST as

13  "Plaintiffs") was an individual residing in the California County of Sonoma.

14       13.    Plaintiff BAAS worked at the Defendant's DOLLAR TREE store in

15  Rohnert Park, in Sonoma County, from approximately October of 2005 to January of

16  2007.

17       14.    At all times mentioned in this Complaint, Plaintiff KELLY LOFQUIST

18  (hereinafter identified as "Plaintiff LOFQUIST" or grouped with Plaintiff BAAS as

19  "Plaintiffs") was an individual residing in the California Counties of Sonoma and Lake.

20       15.    Plaintiff LOFQUIST worked at the DOLLAR TREE store in Rohnert Park,

21  in Sonoma County from June of 2006 until approximately February 2007.

22       16.    Plaintiffs bring this action on behalf of themselves, other employees of

23  Defendant DOLLAR TREE, and the general public, pursuant to *California Business and*

24  *Professions Code* sections 17000 et seq. and 17200 et seq., in addition to *Federal Rule of*

25  *Civil Procedure* 23 and other relevant authorities.

26       17.    At all times mentioned in this Complaint, Defendant DOLLAR TREE

27  STORES, INC. ("DOLLAR TREE" and/or "Defendant") was and is a corporation

28  organized and existing under the laws of the State of Virginia and licensed to do business

-4-

in California, and was and is doing business at approximately two hundred (200) locations in the State of California, including numerous locations in the County of Sonoma.

18.    At all times mentioned in this Complaint, Defendant DOLLAR TREE was and is engaged in the business of maintaining retail stores for the purpose of selling to the general public discounted household products and miscellaneous merchandise. Defendant operates approximately two hundred (200) such stores throughout the State of California.

19.    Each DOLLAR TREE store employs persons, such as Plaintiffs, to perform routine tasks, including the stocking of shelves and the operating of cash registers and customer check-out stations. These employees are usually hired at or about the State minimum wage per hour. Some employees were promoted to higher pay grades, including pay grades corresponding to the position known as Assistant Manager. Despite the exalted title, the Assistant Manager remained a rank and file employee, both formally and substantively, performing non-managerial tasks. As employees, they were (and are) protected by wage and hour laws and regulations of the State of California and the United States of America. In accordance with this laws and regulations, they are required to be paid at regular intervals all wages earned for work performed during particular periods of time. They are required to be paid at an overtime rate of pay whenever they work in excess of eight hours per day and forty hours per week. And they are entitled to accurate itemized wage statements, issued with their pay checks, recording hours worked each pay period, at each relevant rate of pay.

20.    DOLLAR TREE did not abide by these laws and regulations. DOLLAR TREE failed to properly compensate its employees who worked in excess of eight (8) hours per day, and forty (40) hours per week. In fact, DOLLAR TREE sometimes failed to compensate its employees at all for time worked.

21.    Each DOLLAR TREE store employee, including Assistant Managers, but not including "Store Managers", were directed to log into a time tracking computer

- 5 -

1  system used as a time clock.  The employees were directed to log in the time of starting
2  their shifts (at the start of their day), log in the time spent during their meal period
3  (contemporaneously), and log in their time when they stopped work for the day (at the
4  time).  In this way, the computer tracking system, now called "Compass", was and is
5  used by DOLLAR TREE as the basis for payroll management.  At the end of the pay
6  period, the hours-- input by the employees themselves contemporaneously with the
7  working of those hours-- were reviewed by DOLLAR TREE management, and
8  eventually submitted via the computer system, to DOLLAR TREE'S payroll department
9  for employee payroll processing.

10      22.    Before submitting the hours to the payroll department, DOLLAR TREE
11  management would alter the employee hours in said computer system, and/or advise,
12  recommend, and direct the manipulation of the computer system, to make changes so as
13  to lower payroll and thus boost the profit margins of each store.  The changes made
14  included the erasure of time from the hours worked by employees.  These adjustments
15  reduced overtime hours and reduced the record of total time worked by employees.
16  These adjustments also sometimes reduced employee shift hours from above five (5)
17  hours to below five (5) hours.

18      23.    DOLLAR TREE management, in manipulating data input into the
19  computer data base, falsified employee hours, including those of the representative
20  Plaintiffs, thereby committing what can be characterized as "reverse time-clock fraud."
21  "Time-clock fraud" occurs when the employee deceitfully reports hours that were never
22  worked in order to obtain pay for efforts never expended.  In "reverse time-clock fraud,"
23  the employer falsifies the hours worked by the employee in order to pay the employee
24  less.  The fraud committed is not only against the employee, but against the government,
25  to whom accurate wage and hour information must be reported in order to allow the
26  government to properly assess taxes, both on the employer and the employee.

27      24.    After manipulating the wage and hour data of its employees, DOLLAR
28  TREE would pay each of its employees.  When issuing paychecks to its employees,

1   DOLLAR TREE also issued an attached Itemized Wage Statement. Because DOLLAR
2   TREE falsified the data in its database regarding hours worked and rates of pay each
3   employee was to be compensated, the Itemized Wage Statements issued with paychecks
4   were frequently inaccurate.  Such Itemized Wage Statements failed to include the time
5   and pay that had been erased from the computer system before being sent to payroll.
6   Instead of reflecting the hours worked and the rate of pay corresponding to those hours,
7   the Itemized Wage Statements issued to those employees reflected fewer hours than were
8   actually worked.

9       25.    Store management was under constant scrutiny and pressure from
10  DOLLAR TREE to keep employee payroll to a minimum.  While DOLLAR TREE's
11  official policies expressed the intention that its employees were to be paid for all time
12  worked, DOLLAR TREE systematically pressured its store management to reduce
13  employee payroll and provided a computer program which enabled store management to
14  surreptitiously eliminated time worked from employee records. The manipulated
15  reduction of employee hours as described herein was done for the purpose of reducing
16  employee payroll as a means of dealing with the constant pressure to keep employee
17  hours down.

18      26.    The computer system records that have been altered requires log-in
19  identification assigned to the person logging-in to be entered when access to the data base
20  occurs, and a record of each of these log-ins, along with the corresponding identification
21  number, is stored in the system permanently.  The computer program tracks changes
22  made to employee hours and who makes such changes.  While some such data has been
23  produced by DOLLAR TREE, further and more complete production will lead to more
24  full discovery of who made the electronic time card changes and which class members
25  were subject to the manipulation of time data.

26      27.    Plaintiffs, and each member of their Class, reasonably believed and relied
27  on the accuracy of the Itemized Wage Statements with respect to the hours worked and
28

1   wages earned, though in truth these statements had been falsified to the detriment of the
2   Plaintiffs and their Class Members.

3        28.    In reliance on the assertions made in the Itemized Wage Statements issued
4   to them, and to the detriment and prejudice of Plaintiffs and each member of Plaintiffs'
5   Class, Plaintiffs and members of their Class have worked more than eight (8) hours per
6   day and more than forty (40) hours per week, in violation of IWC Wage Order 7-80
7   (revised) and the *Labor Code*, without being paid overtime. They have also worked in
8   violation of other *Labor Code* sections governing the timing of payment of all wages
9   earned during particular periods of time.

10
11                      **FIRST CAUSE OF ACTION**
12          **FAILURE TO PAY ALL WAGES DUE AT DESIGNATED TIMES**
13              (*California Labor Code* **Sections 204 and 204b**)

14       29.    Plaintiffs, individually and on behalf of all employees similarly situated,
15   restate, re-allege, and incorporate by reference all previously pled paragraphs of this
16   Complaint as though fully set forth in the pleading of this Cause of Action.

17       30.    California's Legislature has provided several options available to
18   employers for scheduling payment of wages earned by employees. Under the scheme
19   found in *Labor Code* §§ 204, 204b employers must pay employees either every two
20   weeks or on a weekly basis.

21       31.    Pursuant to *Labor Code* § 204 an employer must pay, with several
22   expressed exceptions, all wages earned by the employee twice during each calendar
23   month, on days designated in advance by the employer as the regular payday. This
24   section notes that "labor performed between the 1st and 15th days, inclusive, of any
25   calendar month shall be paid for between the 16th and the 26th day of the month during
26   which the labor was performed, and labor performed between the 16th and the last day,
27   inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the
28   following month."

32.     If any employer fails to pay all wages at least twice monthly, and instead, pays only some of the wages due, and these wages were earned during the corresponding pay period, the employer has breached his or her duty under *Labor Code* § 204.

33.     Pursuant to *Labor Code* § 204b, those employees who are not paid every two weeks, but are paid on a weekly basis, must be paid no later than a day falling during the week after the week for which the pay was earned.

34.     If any employer fails to pay on a weekly basis, all wages earned by employees during the previous week, on a day designated by the employer before hand as the day for which weekly wages are to be paid, the employer has breached his or her duty under § 204b.

35.     Defendant has failed to pay Plaintiffs and members of their Class all wages they earned at the designated pay dates for the corresponding pay periods. Defendant, instead, has retained a portion of money earned by Plaintiffs and Plaintiffs' Class members. In so doing, the Defendant has violated its duty under *Labor Code* §§ 204 and/or 204b.

36.     Plaintiffs, individually and on behalf of those similarly situated, request recovery of wages that were not paid at the designated time, or at any time before or afterward, in an amount to be proven at trial, in addition to interest, attorney fees, and costs in accordance with *California Labor Code* §§§§ 218, 218.5, 218.6 and 1194 (a), and *California Code of Civil Procedure* § 1021.5, as well as the assessment of any statutory penalties against the Defendant as authorized and in accordance with relevant sections of the *Labor Code*.

/
/
/
/
/
/

- 9 -

## SECOND CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES

#### (*California Labor Code* Sections 203, 204, 215, 216, 226, 226.6, 510(a), 558, 1194, 1198 and/or 1199; IWC Wage Order 7)

37.    Plaintiffs, individually and on behalf of all employees similarly situated, restate, re-allege, and incorporate by reference all previously pled paragraphs of this Complaint as though fully set forth in the pleading of this Cause of Action.

38.    Pursuant to *California Labor Code* sections 203, 204, 215, 216, 226, 226.6, 510(a), 558, 1194, 1198, 1199, and certain Industrial Welfare Commission Wage Orders, it is unlawful in California for an employer to employ a person for longer than eight (8) hours in a single day, or more than forty (40) hours in a single week, without paying a person more than their regularly hourly rate of compensation.

39.    At all times mentioned in this Complaint, *California Labor Code* § 510 provided that "any work in excess of eight (8) hours in one workday and any work in excess of forty (40) hours in any one workweek and the first eight (8) hours worked on the seventh (7th) day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." At all times mentioned in this Complaint, IWC Wage Order No. 7-80 (revised) provided for payment of overtime wages equal to one and one-half times an employee's regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours in a single work week, and/or for payment of overtime wages equal to double the employee's regular rate of pay for all hours worked in excess of twelve (12) hours in any workday and/or for all hours worked in excess of eight (8) hours on the seventh (7th) day of work in any one workweek.

40    Since commencing their employment with DOLLAR TREE, Plaintiffs and each member of their Class have regularly been required to work in excess of eight (8) hours per day and forty (40) hours per week. Furthermore, Plaintiffs and each member of their Class have regularly been required to work more than five days per week.

- 10 -

41.    Under *Labor Code* § 510 and the provisions of IWC Orders, Plaintiffs and each member of their Class should have received overtime wages in a sum according to the proof for hours worked during the four (4) years prior to the filing of this lawsuit. Defendant owes Plaintiffs and each Class member overtime wages, but has failed and refused, and continues to fail and refuse, to pay Plaintiffs and each Class member the amount owed.  This failure and refusal to pay overtime wages arises in part through the acts discussed above regarding the manipulation of the computer system in which employee time is logged.

42.    Plaintiffs, individually and on behalf of those similarly situated, request recovery of overtime compensation in an amount to be proven at trial, in addition to interest, attorney fees, and costs pursuant to *California Labor Code* §§§§ 218, 218.5, 218.6 and 1194 (a), and *California Code of Civil Procedure* § 1021.5, as well as the assessment of any statutory penalties against the Defendant as authorized and in accordance with relevant sections of the *Labor Code*.

## THIRD CAUSE OF ACTION

### FAILURE TO PAY ALL UNPAID WAGES AT TIME OF TERMINATION

### (*California Labor Code* sections 201 (a) and 202 (a))

51.    Plaintiffs, individually and on behalf of all employees similarly situated, restate, re-allege, and incorporate by reference all previously pled paragraphs of this Complaint as though fully set forth in the pleading of this Cause of Action.

52.    *California Labor Code* § 201 (a) provides, in part, "if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

53.    *California Labor Code* § 202 (a) provides, in part, "if any employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter...," subject to

- 11 -

1 certain conditions, none of which obviate the duty of the employer to tender the
2 employee all money earned, yet unpaid, to the employee.

3   54. At all times mentioned in this Complaint, Defendant willfully failed to pay
4 wages (including overtime wages) earned by Plaintiffs and many (if not all) members of
5 their Class upon the termination of their status as employees of Defendant.

6   55. *California Labor Code* § 203 provides, in part, "if an employer willfully
7 fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202
8 and 205.5, any wages of an employee who is discharged or who quits, the wages of the
9 employee shall continue as a penalty from the due date thereof at the same rate until paid
10 or until an action therefore is commenced; but the wages shall not continue for more than
11 30 days. *California Labor Code* § 203 also permits an employee to bring an action to
12 recover "these penalties at any time before the expiration of the statute of limitations on
13 an action for the wages from which the penalties arise."

14   56. Because Defendant willfully failed to pay all wages owing to Plaintiffs and
15 those members of Plaintiffs' Class whose employment with Defendant was terminated at
16 the time termination took place, Plaintiffs and Plaintiffs' Class members are entitled to
17 recover all wages that should have been paid to them, but which were not, at the time of
18 termination, in addition to all penalties authorized in *Labor Code* § 203.

19
20 

**FORTH CAUSE OF ACTION**

21 **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**
22 **(*California Labor Code* § 226 (a))**

23   57. Plaintiffs, individually and on behalf of all employees similarly situated,
24 restate, re-allege, and incorporate by reference all previously pled paragraphs of this
25 Complaint as though fully set forth in the pleading of this Cause of Action.

26   58. *California Labor Code* § 226(a) provides that, at the time of each payment
27 of wages, an employer shall provide each employee with an accurate wage statement
28 itemizing, among other things, the total hours worked by the employee during the pay

- 12 -

1   period, all applicable hourly rates in effect during the pay period, and the corresponding

2   number of hours worked at each hourly rate by the employee.

3       59.    The itemized wage statements issued to Plaintiffs and members of their

4   Class did not accurately reflect all applicable hourly rates that should have been in effect

5   during the relevant pay periods.  Nor did these itemized wage statements enumerate the

6   corresponding number of hours worked by Plaintiffs and members of their Class at each

7   applicable hourly rate.  Instead, the itemized wage statements issued to Plaintiffs and

8   members of their Class reflected the hours as altered in the computer system.

9       60.    In failing to receive accurate itemized wage statements from Defendant,

10  Plaintiffs and members of their Class suffered injury.

11      61.    *California Labor Code* §226(e) provides, in part, that an employee

12  suffering injury as a result of a knowing and intentional failure by an employer to comply

13  with *California Labor Code* §226(a) is entitled to recover the greater of his actual

14  damages or a penalty of $50 for the initial pay period in which a violation occurs and

15  $100 for each violation in a subsequent pay period (up to a maximum of $4,000), in

16  addition to attorney fees and costs.

17      62.    Defendant knowingly and intentionally failed to provide timely and

18  accurate itemized wage statements to Plaintiffs and each member of their Class in

19  accordance with *California Labor Code* § 226.  The statements that were provided to

20  Plaintiffs and members of their Class did not (and do not) accurately reflect the actual

21  gross wages they earned, or the total number of hours they worked.

22      63.    Because Defendant breached its duty pursuant to *Labor Code* § 226(a),

23  Plaintiffs and members of their Class are entitled to the damages and penalties provided

24  for in *Labor Code* § 226(e) and other relevant sections of the *Labor Code*.

25  /

26  /

27  /

28  /

- 13 -

1

2

3

**FIFTH CAUSE OF ACTION**

**UNFAIR COMPETITION AND UNFAIR BUSINESS PRACTICES**

*(California Business and Professions Code* **Sections 17000 et seq. and 17200 et seq.)**

4      64.     Plaintiffs, individually and on behalf of all employees similarly situated,

5   restate, re-allege, and incorporate by reference all previously pled paragraphs of this

6   Complaint as though fully set forth in the pleading of this Cause of Action.

7      65.     Defendant is a "person" as defined under *California Business and*

8   *Professions Code* § 17021.

9      66.     Each of the directors, officers and/or agents of DOLLAR TREE are equally

10   responsible for the acts of the others as set forth in *California Business and Professions*

11   *Code* § 17095.

12      67.     Defendant DOLLAR TREE operates stores in California that sell

13   discounted household items and other merchandise to the "public" as defined in *Business*

14   *and Professions Code* §§ 17022 and 17024.

15      68.     Plaintiffs are informed and believe that for the last four years, Defendant

16   has intentionally and improperly failed to pay them wages they earned for periods of time

17   worked in excess of eight hours in one day and forty hours in one week, as well as other

18   wages earned but not paid. Plaintiffs are informed and believe, also, that for the last four

19   years, Defendant has intentionally and improperly failed to issue accurate itemized wage

20   statements with paychecks issued to Plaintiffs and members of Plaintiffs' Class.

21   Defendant's failure to pay these wages and issue these itemized wage statements has

22   been in violation of *California Labor Code* Sections 201, 226(a), 512 and 1198,

23   *California Penal Code* §§ 484 (larceny) and 532 (obtaining labor through false

24   pretenses), IWC Wage Order No. 7-80 (revised), and the guidelines set forth by the

25   Division of Labor Standards Enforcement and the Industrial Welfare Commission, in

26   addition to the standard imposed by the United States Congress following enactment and

27   subsequent amendment of the *Fair Labor Standards Act* (29 U.S.C. § 201 et seq.).

28

- 14 -

69.     Defendant's failure to pay required overtime and regular wages to Plaintiffs and members of their Class has resulted in Defendant DOLLAR TREE under-reporting to federal and state authorities wages earned by Class members and, therefore, under-paying state and federal taxes, employer matching funds, unemployment premiums, Social Security, Medicare, and workers' compensation premiums, in an amount according to proof at trial.

70.     Defendant's failure to maintain accurate records of hours worked, falsification of hours worked, failure to pay overtime wages and regular wages, failure to pay all wages due at each appropriate time of payment, and failure to issue accurate itemized wage statements to Plaintiffs and members of Plaintiffs' Class is either unfair and/or an offense punishable by both statutory fine and imprisonment for each violation. Defendant's acts constitute a continuing and ongoing unfair and unlawful activity prohibited by *California Business and Professions Code* sections 17200 et seq., and justify the issuance of an injunction, the making of restitution and the imposition of other equitable relief pursuant to *Business and Professions Code* § 17203, both as to DOLLAR TREE STORES, INC. and its managing agents and officers.

71.     As set forth below, Plaintiffs are informed and believe that by failing to pay all earned wages to the members of the Class at each of DOLLAR TREE'S California stores and failure to issue accurate itemized wage statements, Defendant has engaged in business within the State of California of selling miscellaneous merchandise to the public, as defined in *Business and Professions Code* §§ 17026, 17029, and 17073, for the purpose of injuring competitors and/or destroying competition in violation of *Business and Professions Code* § 17043.

72.     Plaintiffs are informed and believe that Defendant has instructed and directed its directors, officers, employees, and/or agents to intentionally and unlawfully fail to pay all earned wages as a means of gaining an unfair advantage over DOLLAR TREE'S competitors in violation of *Business and Professions Code* § 17047.     The advantage gained from violation of the Unfair Business Practices Act accrues, among

- 15 -

1    other ways, in the form of a lower cost of doing business and an increased margin of

2    profit.

3        73.    DOLLAR TREE corporate and/or California regional headquarters limits

4    the number of monthly payroll hours each store may allocate to employees to perform

5    necessary tasks such as stocking, customer service, and customer sales.    Such hours

6    allocated to hourly employees are woefully inadequate to permit the completion of all

7    necessary non-exempt duties in the stores by hourly employees.    While Class members

8    worked to accomplish their job, they were paid less money than they earned under the

9    laws of California.

10        74.    As a result of these acts and omissions by Defendant, the Plaintiffs, on

11    information and belief, allege that Defendant was able to unfairly compete with other

12    stores (particularly other discount stores) in the State of California by not paying

13    overtime wages in violation of *Business and Professions Code*, §§ 17000 et seq. and

14    §§17200 et seq.    Due to these unfair, fraudulent and/or unlawful business practices,

15    DOLLAR TREE has gained a competitive advantage over other comparable stores doing

16    business in the State of California who adhere to the law requiring the payment of

17    overtime wages.

18        75.    The victims of these unfair and/or unlawful business practices include, but

19    are not limited to, the Class members and other employees of DOLLAR TREE,

20    competing stores in the State of California, and the consuming public.    Plaintiffs are

21    informed, believe and allege that Defendant performed the above-mentioned acts with the

22    intent of gaining an unfair competitive advantage and thereby injuring Plaintiffs,

23    employees, other competitors, and the consuming public.

24        76.    Each failure to pay overtime and other wages in violation of *Business and*

25    *Professions Code* § 17100 and other statutes is a crime punishable by both a statutory

26    fine and imprisonment.    These failures constitute continuing and ongoing unlawful

27    activities prohibited by *Business and Professions Code* sections 17000 et seq. and 17200

28

- 16 -

1   et seq. and justify the issuance of an injunction.  All such remedies are cumulative
2   pursuant to *Business and Professions Code* § 17205.

3        77.    Pursuant to *Business and Professions Code* § 17203, Plaintiffs, on behalf of
4   themselves and all members of their Class, request restitution and/or disgorgement of all
5   wages wrongfully retained by Defendant in violation of *Business and Professions Code*
6   sections 17000 et seq. and sections 17200 et seq.  Furthermore, Plaintiffs request
7   attorneys' fees and costs pursuant to *California Code of Civil Procedure* § 1021.5, and
8   from the common law doctrine from which this statute is derived, upon a showing of
9   proof, among other things, that they have acted in the public interest and that a significant
10  benefit has been conferred on the general public and/or a large class of persons, as set
11  forth in the *Private Attorney General Act* and the common law of this State.

12
13  **SIXTH CAUSE OF ACTION**
14  **UNJUST ENRICHMENT/CONSTRUCTIVE TRUST**

15       78.    Plaintiffs, individually and on behalf of all employees similarly situated,
16  restate, re-allege, and incorporate by reference all previously pled paragraphs of this
17  Complaint as though fully set forth in the pleading of this Cause of Action.

18       79.    By working for Defendant without appropriate pay, Plaintiffs and each
19  member of their Class conferred a substantial benefit on Defendant.

20       80.    At the time the wages earned by Plaintiffs and the members of their Class
21  were due and payable by Defendant those unpaid wages became the property of Plaintiffs
22  and each member of their Class.  By failing to pay all earned wages to the Plaintiffs and
23  each Class member when due, Defendant wrongfully and unjustly enriched itself at the
24  expense of Plaintiffs and each member of their Class.

25       81.    Since Defendant has unjustly enriched itself at the expense of Plaintiffs and
26  the members of their Class, equity requires that Defendant be disgorged of that
27  enrichment, and that it be transferred to Plaintiffs and each member of their Class.

28

- 17 -

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for relief and judgment against Defendant as follows:

## FIRST CAUSE OF ACTION

1.      For compensatory damages in an amount according to the proof representing the amount of unpaid overtime compensation owed to the Plaintiff and each member of his Class;

2.      For interest on any overtime compensation due from the day such amounts were due, as permitted in accordance with *Labor Code* § 218.6, *Civil Code* § 3289, and other relevant laws of the State of California;

3.      For reasonable attorney's fees and costs in accordance with *California Labor Code* §§ 218.5 and 1194, and subdivision (a) and the *Private Attorney General's Act* (*Code of Civil Procedure* § 1021.5);

4.      For such other and further relief as the Court may deem just and appropriate.

## SECOND CAUSE OF ACTION

5.      For compensatory damages in an amount according to the proof representing the amount of unpaid overtime compensation owed to the Plaintiff and each member of his Class;

6.      For interest on any overtime compensation due from the day such amounts were due, as permitted in accordance with *Labor Code* § 218.6, *Civil Code* § 3289, and other relevant laws of the State of California;

7.      For reasonable attorney's fees and costs in accordance with *California Labor Code* § 1194, subdivision (a) and the *Private Attorney General's Act* (*Code of Civil Procedure* § 1021.5);

8.      For all applicable statutory penalties.

- 18 -

9.    For such other and further relief as the Court may deem just and appropriate.

### THIRD CAUSE OF ACTION

10.    For payment of all wages not paid upon termination or discharge;

11.    For all applicable statutory penalties;

12.    For payment of interest on all wages that were due upon termination or discharge pursuant to *California Labor Code* § 218.6, *California Civil Code* § 3289 and other relevant laws of the State of California;

13.    For attorney fees and costs pursuant to *California Labor Code* § 218.5, *California Code of Civil Procedure* § 1021.5, and other relevant laws of the State of California.

14.    For such other and further relief as the Court may deem just and appropriate.

### FOURTH CAUSE OF ACTION

15.    For an order requiring Defendant to show cause, if any they have, why they should not be enjoined from further violation of *California Labor Code* § 226 (a) during and after the pendency of this action;

16.    For payment to Plaintiffs and each member of Plaintiffs' Class the greater of the following: $ 50 for each initial failure to comply with *Labor Code* § 226 (a) and $100 for each subsequent failure, for a total amount not exceeding $ 4,000, or actual damages suffered as a result of Defendant's violation of *Labor Code* § 226 (a);

17.    For payment of attorney fees, and costs as provided for by *California Labor Code* § 226(e) and all other applicable statutes.

18.    For such other and further relief as the Court may deem just and appropriate.

- 19 -

**FIFTH CAUSE OF ACTION**

19.    For a preliminary and permanent injunction prohibiting the Defendant from requiring Class members to work more than eight (8) hours a day or forty (40) hours in any workweek without payment of overtime wages;

20.    For a permanent injunction enjoining Defendant from failing to pay overtime wages and regular wages, withholding taxes, matching funds, Social Security, Medicare, unemployment and workers' compensation premiums as required by law and as it relates to their actual cost of doing business, such order being without bond pursuant to *Business and Professions Code* § 17081;

21.    Restitution and disgorgement of all sums obtained in violation of *Business and Professions Code* sections 17000 et seq. and 17200 et seq.

22.    For such other and further relief as the Court may deem just and appropriate.

**SIXTH CAUSE OF ACTION**

23.    For an Order requiring Defendant to restore to Plaintiffs and members of Plaintiffs' Class all wages and other property withheld unlawfully by Defendant.

24.    For such other and further relief as the Court may deem just and appropriate.

Dated:  February 21, 2008                      ***EDGAR LAW FIRM***

                                               By: _____
                                                   Donald S. Edgar, Esq.
                                                   Jeremy R. Fietz, Esq.

- 20 -

1

### DEMAND FOR JURY TRIAL

2

3       Plaintiffs hereby respectfully demand a jury trial on all issues triable thereby.

4

5   Dated:  February 21, 2008                    *EDGAR LAW FIRM*

6

7                                              By: _____

8                                                  Donald S. Edgar, Esq.
                                                   Jeremy R. Fietz, Esq.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 21 -