# EXHIBIT A

1  Donald S. Edgar, Esq. (SBN 139324)
   Jeremy R. Fietz, Esq. (SBN 200396)
2  Rex Grady, Esq. (SBN 232236)
   **EDGAR LAW FIRM**
3  408 College Avenue
   Santa Rosa, California, 95401
4  Tel:   (707)  545-3200
   Fax:   (707)  578-3040
5
6  Attorneys for Plaintiffs,
7  KASSONDRA BAAS and KELLY LOFQUIST
   individually and on behalf of all employees
8  similarly situated
9
10
11              UNITED STATES DISTRICT COURT
12              NORTHERN DISTRICT OF CALIFORNIA
13
14

| | |
|---|---|
| 15  KASSONDRA BAAS and KELLY LOFQUIST, individually and on behalf of all others similarly situated,<br>16<br>17        Plaintiffs,<br>18        v.<br>19  DOLLAR TREE STORES, INC.,<br>20<br>21        Defendants. | CASE NO.  C 07- 03108 JSW<br><br>CLASS ACTION<br><br>PLAINTIFFS' INITIAL DISCLOSURE<br><br>F.R.C.P. §26(a)(1) |

22
23
24  **PLAINTIFFS KASSONDRA BAAS AND KELLY LOFQUIST HEREIN PROVIDE**
25  **THEIR INITIAL DISCLOSURES PURSUANT TO FEDERAL RULES OF CIVIL**
26  **PROCEDURE §26(a)(1).**
27
28

                                    - 1 -

PLAINTIFFS' INITIAL DISCLOSURE                         CASE NO.  07-03108 JSW

Case 3:07-cv-03108-JSW    Document 45-2    Filed 02/29/2008    Page 3 of 27

## F.R.C.P. §26(a)(1)(A) – Witnesses:

**Plaintiff: Kassondra Baas:**

A former employee of Dollar Tree, is represented by the Edgar Law Firm and may be contacted through counsel. Ms. Baas is expected to have information concerning 1) the manner in which the time-recording system was operated, 2) the manner in which the computer time recording program was manipulated to reduce the wages earned by store employees.

**Plaintiff: Kelly Lofquist:**

A former employee of Dollar Tree, is represented by the Edgar Law Firm and may be contacted through counsel. Ms. Baas is expected to have information concerning 1) the manner in which the time-recording system was operated, 2) the manner in which the computer time recording program was manipulated to reduce the wages earned by store employees.

**Current and former Dollar Tree employees:**

**Miguel A. Cruz:**

A former employee of Dollar Tree, is represented by the Edgar Law Firm and may be contacted through counsel. Mr. Cruz is expected to have information concerning 1) the manner in which the time-recording system was operated, 2) the way in which he, as a store manager, was instructed by his supervisor to alter the computer

-2-

PAGE 2/6 * RCVD AT 10/8/2007 8:38:50 PM [Eastern Daylight Time] * SVR:WMCD-FAX/0 * DNIS:0 * CSID:707 578 3040 * DURATION (mm-ss):01-54

time records to lessen the total time paid to hourly store employees
as well as to move time from overtime days to non-overtime days.

**John D. Hansen:**

A current employee of Dollar Tree, is represented by the Edgar Law
Firm and may be contacted through counsel.   Mr. Hansen is
expected to have information concerning: 1) the manner in which
the time-recording system is operated, 2) the way in which he, as a
store manager, was instructed by his supervisor to alter the
computer time records to lessen the total time paid to hourly store
employees as well as to move time from overtime days to non-
overtime days.

**Other witnesses:**

It is anticipated that several employees of Dollar Tree have
knowledge of the matters alleged in the complaint -- their identities
are known to Dollar Tree and will be subject to further discovery.
Particularly, it is anticipated that Dollar Tree is aware of the identity
of witnesses concerning the manner in which the time-recording
computer programs operated, the manner in which the data may be
manipulated, and the manner in which payroll is processed utilizing
the time record data.  Dollar Tree is also expected to be aware of
the identities of store managers and former store managers who
were instructed to manipulate the time records.

- 3 -

PLAINTIFFS' INITIAL DISCLOSURE                          CASE NO.  07-03108 JSW

1    **F.R.C.P. §26(a)(1)(B) – Documents:**

2

3      Dollar Tree-related documents in the possession of the Plaintiffs have already

4 been produced to defendant in the *Cruz/Hansen* litigation.    Plaintiffs may have

5 additional paystubs (however, Dollar Tree has possession of these documents in any

6 event).

7      It is believed by Plaintiffs that the electronic records of the computer system will

8 be integral in establishing the extent to which compensable time was stolen from store

9

10 employees.  Plaintiffs have been informed that Defendant has taken steps to preserve

11 such information for production and use in this litigation.

12    **F.R.C.P. §26(a)(1)(C) – Computation of Damages:**

13      The calculation of damages sought in this action is dependent upon the records

14 of Defendant's computer time tracking system.  More specifically, Plaintiffs are currently

15

16 unable to calculate damages without knowing which exact dates, and in what amounts,

17 time was erased, and which exact dates, and in what amounts, their time was moved

18 from premium (overtime) pay to regular pay.  It is anticipated that the production of

19 these computer records will enable Plaintiff to conduct, with exactitude, such

20 calculations for themselves and the entire class.    Generally speaking, Plaintiffs are

21

22 entitled to the premium pay (.5 times their hourly rate) for all time that was moved from

23 an overtime period to a non-overtime period.  Plaintiffs are entitled to receive their

24 appropriate hourly rate for all regular time erased from the computer system, and time

25 and a half for all overtime erased from the system.  Plaintiffs are entitled to statutory

26 "waiting time" and other penalties, attorneys' fees, costs, and interest, based upon the

27

28 violations of statutes alleged in the Complaint. In addition, Plaintiffs seek damages for

- 4 -

PLAINTIFFS' INITIAL DISCLOSURE               CASE NO.  07-03108 JSW

1  Dollar Tree's failure to provide accurate itemized wage statements as required by Labor

2  Code §226(e). The Labor Code provides for the greater of actual damages or a penalty

3
4  of $50 for the initial pay period in which a violation occurs and $100 per employee for

5  each violation in a subsequent pay period (up to a maximum of $4,000), in addition to

6  attorney's fees and costs. Plaintiffs also claim tort damages for fraud, including punitive

7  damages.  These amounts are also not subject to calculation until such time as

8  discovery has been produced by the Defense.

9
       Plaintiffs anticipate that upon the production of appropriate compensation and
10
   time records for each putative class member, Plaintiffs will have a computation
11
   performed that will then be provided to the defense. Plaintiffs also intend to retain an
12
   expert to calculate the applicable interest and penalties. Essentially, the manner of
13
   calculation of damages will be the same for each member of the putative class.
14

15

16  Dated: October 8, 2007              **EDGAR LAW FIRM**

17
                              By:   _Jeremy R. Fietz_
18                                    Jeremy R. Fietz, Esq.

19

20

21

22

23

24

25

26

27

28

- 5 -

PLAINTIFFS' INITIAL DISCLOSURE                    CASE NO.  07-03108 JSW

1
## PROOF OF SERVICE

2   I am employed in the City and County of Santa Rosa, State of California. I am
over the age of 18 and not a party to the within action. My business address is 408
3   College Avenue, Santa Rosa, California 95401. I served the foregoing document(s)
described as:
4
## PLAINTIFFS' INITIAL DISCLOSURES
5
on the interested parties by placing (  ) the original ( X ) a true and correct copy thereof
6   in a sealed envelope addressed as follows:

7       MAUREEN E. McCLAIN                      BETH HIRSCH BERMAN
8       ALEX HERNAEZ                            WILLIAMS MULLEN
        KAUFF McCLAIN & McGUIRE LLPOne          Dominion Tower, Suite 1700
9       Post Street, Suite 2600San Francisco,   999 Waterside Drive
        California 94104                        Norfolk, VA 23510
10      Telephone:  (415) 421-3111              Telephone:  (757) 629-0604
        Facsimile:  (415) 421-0938              Facsimile:  (757) 629-0660
11
        Attorneys for Defendant
12

13  [X]    VIA FACSIMILE TRANSMISSION:
14
        By causing the above referenced material to be transmitted to the facsimile
15      numbers listed above (with confirmation of successful transmission thereof).

16  [ ]    VIA U.S. MAIL:
17
        I am readily familiar with the firm's practice for collection and processing of
18      correspondence for mailing.  Under that practice such envelope(s) would be
        deposited with the U.S. postal service with postage thereon fully prepaid, at
19      Santa Rosa, California.

20  [X]    FEDERAL:
21      I declare that I am employed in the office of a member of the bar of this court
        at whose direction the service was made.
22

23  I declare under penalty of perjury under the laws of the state of California, and United
    States of America that the above is true and correct and was executed on October 8,
24  2007.

25
26                              JEREMY R. FIETZ
27
28

- 6 -

PLAINTIFFS' INITIAL DISCLOSURE              CASE NO.  07-03108 JSW

PAGE 6/6 * RCVD AT 10/8/2007 8:38:50 PM [Eastern Daylight Time] * SVR:WMCD-FAX/0 * DNIS:0 * CSID:707 578 3040 * DURATION (mm-ss):01-54

1  Donald S. Edgar, Esq. (SBN 129324)
   Jeremy R. Fietz, Esq. (SBN 200396)
2  Rex Grady, Esq. (SBN 232236)
3  **EDGAR LAW FIRM**
   408 College Avenue
4  Santa Rosa, California 95401
   Tel:   (707)  545-3200
5  Fax:   (707)  578-3040
6
   Attorneys for Plaintiffs,
7  MIGUEL A. CRUZ and JOHN D.
   HANSEN, individually and on
8  behalf of others similarly situated
9
10                    **UNITED STATES DISTRICT COURT**
11              **NORTHERN DISTRICT OF CALIFORNIA**
12
13 MIGUEL A. CRUZ and JOHN D.          ) CASE NO. 07-02050 SC
14 HANSEN, individually and on behalf of all )
   others similarly situated,              ) CLASS ACTION
15                                          )
              Plaintiffs,                   ) **PLAINTIFF, JOHN D. HANSEN'S**
16                                          ) **RESPONSE TO DEFENDANT'S**
17     v.                                   ) **REQUEST FOR PRODUCTION OF**
                                            ) **DOCUMENTS, SET ONE**
18 DOLLAR TREE STORES, INC.,                )
19                                          )
              Defendants.                   ) Honorable Judge Samuel Conti
20                                          )
21                                          )
                                            )
22                                          )
23
24     Plaintiff, JOHN D. HANSEN, individually, and on behalf of all others similarly
25 situated (hereinafter "Responding Party"), hereby responds to the Request for
26 Production of Documents propounded by Defendant, DOLLAR TREE STORES, INC.
27 (hereinafter "Propounding Party") as follows:
28

                                    - 1 -

1    **RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**

2    <u>**REQUEST FOR PRODUCTION NO. 1:**</u>

3    All DOCUMENTS relating to employment YOU held prior to working for DOLLAR

4    TREE.

5

6    <u>**RESPONSE NO. 1:**</u>

7    Plaintiff objects that this request is overly broad, unduly burdensome, not

8    calculated to lead to the discovery of admissible evidence and violative of Plaintiff's

9    privacy rights. Without waiving said objection, Plaintiff produces his resume, which

10   highlights his jobs prior to working for Dollar Tree at Exhibit A.

11

12   <u>**REQUEST FOR PRODUCTION NO. 2:**</u>

13   All DOCUMENTS YOU received or obtained from DOLLAR TREE at any time.

14   <u>**RESPONSE NO. 2:**</u>

15   Plaintiff produces all Dollar Tree documents located in his possession, or

16   provided to counsel, at Exhibit B.

17

18   <u>**REQUEST FOR PRODUCTION NO. 3:**</u>

19   All communications or filings made by YOU or on YOUR behalf with any

20   governmental agency or court, state, federal or local (apart from this LAWSUIT) that

21   concerned YOUR employment at DOLLAR TREE.

22

23   <u>**RESPONSE NO. 3:**</u>

24   Plaintiff is unaware of any documents responsive to this request.

25   <u>**REQUEST FOR PRODUCTION NO. 4:**</u>

26   All DOCUMENTS which mention DOLLAR TREE or relate to YOUR employment

27   at DOLLAR TREE.

28

- 2 -

**RESPONSE NO. 4:**

Plaintiff objects that the request is overly broad and violative of the attorney work-product doctrine. Without waiving said objection Plaintiff produces all Dollar Tree documents located in his possession, or provided to counsel, at Exhibit B.

**REQUEST FOR PRODUCTION NO. 5:**

All notations YOU have made at any time which reference or concern YOUR employment at DOLLAR TREE, including DOCUMENTS referencing YOUR job responsibilities, YOUR hours of work, or YOUR pay at DOLLAR TREE.

**RESPONSE NO. 5:**

Plaintiff produces all Dollar Tree documents located in his possession, or provided to counsel, at Exhibit B.

**REQUEST FOR PRODUCTION NO. 6:**

All communications (including e-mail) YOU have had with anyone (aside from your counsel as identified on a privilege log) concerning YOUR employment at DOLLAR TREE, whether YOU sent or received them.

**RESPONSE NO. 6:**

Plaintiff is unaware of any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 7:**

All communications (including e-mail) YOU have had with anyone (aside from YOUR counsel as identified on a privilege log) concerning the allegations of YOUR COMPLAINT.

**RESPONSE NO. 7:**

Plaintiff is unaware of any documents responsive to this request.

- 3 -

1  **REQUEST FOR PRODUCTION NO. 8:**

2      All DOCUMENTS relating to any internal complaints YOU made to DOLLAR

3  TREE regarding any of the allegations made in YOUR COMPLAINT.

4  **RESPONSE NO. 8:**

5

6      Plaintiff is unaware of any documents responsive to this request.

7  **REQUEST FOR PRODUCTION NO. 9:**

8      All DOCUMENTS supporting or relating to YOUR allegations in Paragraph 70(e)

9  of the COMPLAINT that YOU were told by a variety of persons at DOLLAR TREE that

10
   YOU were an exempt employee.
11

12 **RESPONSE NO. 9:**

13      Plaintiff produces all Dollar Tree documents located in his possession, or

14 provided to counsel, at Exhibit B.  Documents specifically responsive to this request

15 include, but are not limited to, the paystubs (wage statements).

16

17 **REQUEST FOR PRODUCTION NO. 10:**

18      All DOCUMENTS which support or demonstrate that YOUR supervisor or other

19 DOLLAR TREE managers had knowledge of how YOU performed YOUR job duties.

20 **RESPONSE NO. 10:**

21
        Plaintiff produces all Dollar Tree documents located in his possession, or
22
23 provided to counsel, at Exhibit B.

24 **REQUEST FOR PRODUCTION NO. 11:**

25      All DOCUMENTS (aside from ones produced in response to previous requests)

26 which itemize, document or support YOUR claim for compensatory damages in the

27
   LAWSUIT.
28

-4-

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS          CASE NO.   07-2050 SC

**RESPONSE NO. 11:**

Plaintiff produces all Dollar Tree documents located in his possession, or provided to counsel, at Exhibit B.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS (aside from ones produced in response to previous requests) which itemize, document or support YOUR claims for penalty amounts in the LAWSUIT.

**RESPONSE NO. 12:**

Plaintiff produces all Dollar Tree documents located in his possession, or provided to counsel, at Exhibit B.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS supporting YOUR request for the recovery of attorneys' fees, including any contract YOU have with YOUR counsel concerning the payment of attorneys' fees and/or litigation costs.

**RESPONSE NO. 13:**

Plaintiff objects to this request, as it is invasive of the attorney-client privilege and attorney work-product doctrine, and is premature. If the plaintiffs prevail in their claims an award of attorneys' fees and costs, and the basis therefore, will be established at the appropriate time.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS referencing YOUR counsel's present representation of Kassondra Bassignani (also referenced as Kassondra Baas) and/or Kelly Lofquist.

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS          CASE NO.  07-2050 SC

**RESPONSE NO. 14:**

Plaintiff objects to this request, as it is invasive of the attorney-client privilege and attorney work-product doctrine.  Plaintiff further objects that this request is overly broad, unduly burdensome, and not calculated to lead to the discovery admissible evidence in this matter.  Without waiving said objections, upon information and belief, Plaintiff includes, at Exhibit B, Dollar Tree documents relating to Ms. Baas and Ms. Lofquist and/or provided by them.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS relating to any other LAWSUIT or legal claim YOU have brought (or participated in as a class member) concerning any employment-related claims.

**RESPONSE NO. 15:**

Plaintiff is unaware of any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS showing or relating to any information that YOU have regarding the performance of job duties by the other DOLLAR TREE Store Managers (aside from YOU and YOUR co-Plaintiff).

**RESPONSE NO. 16:**

Plaintiff produces all Dollar Tree documents located in his possession, or provided to counsel, at Exhibit B.

Dated:  September 14, 2007             **EDGAR LAW FIRM**

By: _____
Donald S. Edgar, Esq.
Jeremy R. Fietz, Esq.
Attorneys for Plaintiffs

- 6 -

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS        CASE NO.  07-2050 SC

## VERIFICATION:

I, JOHN D. HANSEN, declare that:

I am a Plaintiff in the action herein. I have read Plaintiff, John D. Hansen's Response to the Defendant's Request for Production of Documents, Set One, herein and know the contents thereof. The same is true of my own knowledge except to those matters alleged upon information and belief, which matters I believe to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 14, 2007

John D. Hansen

1

## PROOF OF SERVICE

2

   I am employed in the City and County of Santa Rosa, State of California.  I am over the
3 age of 18 and not a party to the within action. My business address is 408 College Avenue, Santa
Rosa, California 95401.  I served the foregoing document(s) described as:
4

### RESPONSE TO REQUEST FOR PRODUCTION
5

6 on the interested parties by placing (  ) the original ( X ) a true and correct copy thereof in a
sealed envelope addressed as follows:
7

8    MAUREEN E. McCLAIN              BETH HIRSCH BERMAN
     ALEX HERNAEZ                   WILLIAMS MULLEN
9    KAUFF McCLAIN & McGUIRE LLP     Dominion Tower, Suite 1700
     One Post Street, Suite 2600    999 Waterside Drive
10   San Francisco, California  94104   Norfolk, VA 23510
     Telephone:   (415) 421-3111    Telephone:   (757) 629-0604
11   Facsimile:    (415) 421-0938    Facsimile:    (757) 629-0660

12   Attorneys for Defendant        Attorneys For Defendant
     DOLLAR TREE STORES, INC.       DOLLAR TREE STORES, INC.
13
     (Via UPS with all documents)   (Via US Mail w/o documents)
14

15  | X |   VIA OVERNIGHT MAIL:

16       By delivering such documents to an overnight mail service or an authorized
         courier in an envelope or package designated by the express service courier
17       addressed to the person(s) on whom it is to be served.

18  |   |   VIA U.S. MAIL:

19       I am readily familiar with the firm's practice for collection and processing of
         correspondence for mailing.  Under that practice such envelope(s) would be
20       deposited with the U.S. postal service with postage thereon fully prepaid, at
         Santa Rosa, California.
21

22  | X |   FEDERAL:

23       I declare that I am employed in the office of a member of the bar of this court
         at whose direction the service was made.
24

   I declare under penalty of perjury under the laws of the state of California, and United States of
25 America that the above is true and correct and was executed on September 14, 2007.

26

27                                 JEREMY R. FIETZ

28

# EXHIBIT B

1   Donald S. Edgar, Esq. (SBN 129324)
2   Jeremy R. Fietz, Esq. (SBN 200396)
    Rex Grady, Esq. (SBN 232236)
3   **EDGAR LAW FIRM**
    408 College Avenue
4   Santa Rosa, California 95401
    Tel:   (707)  545-3200
5   Fax:   (707)  578-3040
6
    Attorneys for Plaintiffs,
7   MIGUEL A. CRUZ and JOHN D.
    HANSEN, individually and on
8   behalf of others similarly situated
9
10                  **UNITED STATES DISTRICT COURT**
11                 **NORTHERN DISTRICT OF CALIFORNIA**
12
13   MIGUEL A. CRUZ and JOHN D.           ) CASE NO. 07-02050 SC
14   HANSEN, individually and on behalf of all )
     others similarly situated,              ) CLASS ACTION
15                                          )
16              Plaintiffs,                 ) **PLAINTIFF, JOHN D. HANSEN'S**
                                            ) **RESPONSE TO DEFENDANT'S**
17         v.                               ) **REQUEST FOR PRODUCTION OF**
                                            ) **DOCUMENTS, SET ONE**
18   DOLLAR TREE STORES, INC.,              )
19              Defendants.                 )
                                            ) Honorable Judge Samuel Conti
20                                          )
21                                          )
22  _____ )
23
24       Plaintiff, JOHN D. HANSEN, individually, and on behalf of all others similarly
25   situated (hereinafter "Responding Party"), hereby responds to the Request for
26   Production of Documents propounded by Defendant, DOLLAR TREE STORES, INC.
27   (hereinafter "Propounding Party") as follows:
28

                                        - 1 -

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS        CASE NO.  07-2050 SC

1

**RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**

2

**REQUEST FOR PRODUCTION NO. 1:**

3

4

All DOCUMENTS relating to employment YOU held prior to working for DOLLAR

TREE.

5

6

**RESPONSE NO. 1:**

7

Plaintiff objects that this request is overly broad, unduly burdensome, not

8

calculated to lead to the discovery of admissible evidence and violative of Plaintiff's

9

privacy rights. Without waiving said objection, Plaintiff produces his resume, which

10

highlights his jobs prior to working for Dollar Tree at Exhibit A.

11

12

**REQUEST FOR PRODUCTION NO. 2:**

13

All DOCUMENTS YOU received or obtained from DOLLAR TREE at any time.

14

**RESPONSE NO. 2:**

15

16

Plaintiff produces all Dollar Tree documents located in his possession, or

provided to counsel, at Exhibit B.

17

18

**REQUEST FOR PRODUCTION NO. 3:**

19

All communications or filings made by YOU or on YOUR behalf with any

20

governmental agency or court, state, federal or local (apart from this LAWSUIT) that

21

concerned YOUR employment at DOLLAR TREE.

22

23

**RESPONSE NO. 3:**

24

Plaintiff is unaware of any documents responsive to this request.

25

**REQUEST FOR PRODUCTION NO. 4:**

26

All DOCUMENTS which mention DOLLAR TREE or relate to YOUR employment

27

at DOLLAR TREE.

28

- 2 -

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS          CASE NO.  07-2050 SC

**RESPONSE NO. 4:**

Plaintiff objects that the request is overly broad and violative of the attorney work-product doctrine. Without waiving said objection Plaintiff produces all Dollar Tree documents located in his possession, or provided to counsel, at Exhibit B.

**REQUEST FOR PRODUCTION NO. 5:**

All notations YOU have made at any time which reference or concern YOUR employment at DOLLAR TREE, including DOCUMENTS referencing YOUR job responsibilities, YOUR hours of work, or YOUR pay at DOLLAR TREE.

**RESPONSE NO. 5:**

Plaintiff produces all Dollar Tree documents located in his possession, or provided to counsel, at Exhibit B.

**REQUEST FOR PRODUCTION NO. 6:**

All communications (including e-mail) YOU have had with anyone (aside from your counsel as identified on a privilege log) concerning YOUR employment at DOLLAR TREE, whether YOU sent or received them.

**RESPONSE NO. 6:**

Plaintiff is unaware of any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 7:**

All communications (including e-mail) YOU have had with anyone (aside from YOUR counsel as identified on a privilege log) concerning the allegations of YOUR COMPLAINT.

**RESPONSE NO. 7:**

Plaintiff is unaware of any documents responsive to this request.

- 3 -

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS relating to any internal complaints YOU made to DOLLAR TREE regarding any of the allegations made in YOUR COMPLAINT.

**RESPONSE NO. 8:**

Plaintiff is unaware of any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS supporting or relating to YOUR allegations in Paragraph 70(e) of the COMPLAINT that YOU were told by a variety of persons at DOLLAR TREE that YOU were an exempt employee.

**RESPONSE NO. 9:**

Plaintiff produces all Dollar Tree documents located in his possession, or provided to counsel, at Exhibit B. Documents specifically responsive to this request include, but are not limited to, the paystubs (wage statements).

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS which support or demonstrate that YOUR supervisor or other DOLLAR TREE managers had knowledge of how YOU performed YOUR job duties.

**RESPONSE NO. 10:**

Plaintiff produces all Dollar Tree documents located in his possession, or provided to counsel, at Exhibit B.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS (aside from ones produced in response to previous requests) which itemize, document or support YOUR claim for compensatory damages in the LAWSUIT.

- 4 -

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS          CASE NO.  07-2050 SC

**RESPONSE NO. 11:**

Plaintiff produces all Dollar Tree documents located in his possession, or provided to counsel, at Exhibit B.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS (aside from ones produced in response to previous requests) which itemize, document or support YOUR claims for penalty amounts in the LAWSUIT.

**RESPONSE NO. 12:**

Plaintiff produces all Dollar Tree documents located in his possession, or provided to counsel, at Exhibit B.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS supporting YOUR request for the recovery of attorneys' fees, including any contract YOU have with YOUR counsel concerning the payment of attorneys' fees and/or litigation costs.

**RESPONSE NO. 13:**

Plaintiff objects to this request, as it is invasive of the attorney-client privilege and attorney work-product doctrine, and is premature. If the plaintiffs prevail in their claims an award of attorneys' fees and costs, and the basis therefore, will be established at the appropriate time.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS referencing YOUR counsel's present representation of Kassondra Bassignani (also referenced as Kassondra Baas) and/or Kelly Lofquist.

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS                    CASE NO.   07-2050 SC

1   **RESPONSE NO. 14:**

2           Plaintiff objects to this request, as it is invasive of the attorney-client

3   privilege and attorney work-product doctrine.   Plaintiff further objects that this request is

4
5   overly broad, unduly burdensome, and not calculated to lead to the discovery

6   admissible evidence in this matter.  Without waiving said objections, upon information

7   and belief, Plaintiff includes, at Exhibit B, Dollar Tree documents relating to Ms. Baas

8   and Ms. Lofquist and/or provided by them.

9   **REQUEST FOR PRODUCTION NO. 15:**

10
11          All DOCUMENTS relating to any other LAWSUIT or legal claim YOU have

12  brought (or participated in as a class member) concerning any employment-related

13  claims.

14  **RESPONSE NO. 15:**

15
16          Plaintiff is unaware of any documents responsive to this request.

17  **REQUEST FOR PRODUCTION NO. 16:**

18          All DOCUMENTS showing or relating to any information that YOU have

19  regarding the performance of job duties by the other DOLLAR TREE Store Managers

20  (aside from YOU and YOUR co-Plaintiff).

21
22  **RESPONSE NO. 16:**

23          Plaintiff produces all Dollar Tree documents located in his possession, or

24  provided to counsel, at Exhibit B.

25  Dated:  September 14, 2007                    *EDGAR LAW FIRM*

26                                        By:  _____
27                                              Donald S. Edgar, Esq.
28                                              Jeremy R. Fietz, Esq.
                                                Attorneys for Plaintiffs

                                  - 6 -

## **VERIFICATION:**

I, JOHN D. HANSEN, declare that:

I am a Plaintiff in the action herein. I have read Plaintiff, John D. Hansen's Response to the Defendant's Request for Production of Documents, Set One, herein and know the contents thereof. The same is true of my own knowledge except to those matters alleged upon information and belief, which matters I believe to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 14, 2007

John D. Hansen

**PROOF OF SERVICE**

    I am employed in the City and County of Santa Rosa, State of California. I am over the age of 18 and not a party to the within action. My business address is 408 College Avenue, Santa Rosa, California 95401. I served the foregoing document(s) described as:

**RESPONSE TO REQUEST FOR PRODUCTION**

on the interested parties by placing (  ) the original ( X ) a true and correct copy thereof in a sealed envelope addressed as follows:

| | |
|---|---|
| MAUREEN E. McCLAIN | BETH HIRSCH BERMAN |
| ALEX HERNAEZ | WILLIAMS MULLEN |
| KAUFF McCLAIN & McGUIRE LLP | Dominion Tower, Suite 1700 |
| One Post Street, Suite 2600 | 999 Waterside Drive |
| San Francisco, California 94104 | Norfolk, VA 23510 |
| Telephone:  (415) 421-3111 | Telephone:  (757) 629-0604 |
| Facsimile:  (415) 421-0938 | Facsimile:  (757) 629-0660 |
| | |
| Attorneys for Defendant | Attorneys For Defendant |
| DOLLAR TREE STORES, INC. | DOLLAR TREE STORES, INC. |
| | |
| (Via UPS with all documents) | (Via US Mail w/o documents) |

[ X ]    VIA OVERNIGHT MAIL:

    By delivering such documents to an overnight mail service or an authorized courier in an envelope or package designated by the express service courier addressed to the person(s) on whom it is to be served.

[  ]    VIA U.S. MAIL:

    I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice such envelope(s) would be deposited with the U.S. postal service with postage thereon fully prepaid, at Santa Rosa, California.

[ X ]    FEDERAL:

    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the state of California, and United States of America that the above is true and correct and was executed on September 14, 2007.

JEREMY R. FIETZ

# EXHIBIT C

**REDACTED**

---

**From:** Jeremy Fietz [mailto:jeremy@classattorneys.com]
**Sent:** Thursday, February 14, 2008 2:52 PM
**To:** McClain, Maureen
**Cc:** Berman, Beth Hirsch
**Subject:** RE: meet and confer session re Plaintiffs' discovery responses

Maureen,

We are reviewing your memorandum and will respond next week regarding any reconsideration of our discovery objections. We will also advise as to whether we would consider any change in our willingness to provide writings between our office and our clients (thought it is likely that we will not change our position on the attorney-client privilege basis). Regarding the amended complaint in Baas/Lofquist, we understand that the only issue of dispute is that you do not want us to have a cause of action for Meal periods because of the potential class-wide settlement of those causes of action pending in southern California. While we understand that the pending settlement may propose a release of such claims, unless and until those claims are released, we don't believe there is any sound legal basis to prevent an amendment. Will you agree to permit the amended complaint or do we need Court intervention to sort out the meal break cause of action issue? If you will not stipulate to the amendment will you agree to a joint letter to the Court or is it your position that a formal motion is necessary?

Sincerely,
Jeremy

> -----Original Message-----
> **From:** McClain, Maureen [mailto:mcclain@kmm.com]
> **Sent:** Thursday, February 14, 2008 11:00 AM
> **To:** Jeremy Fietz
> **Cc:** Berman, Beth Hirsch
> **Subject:** meet and confer session re Plaintiffs' discovery responses
>
> Jeremy: As a follow-up to our meet and confer session of February 1, 2008, I attach a memorandum regarding Mr. Cruz's use of multiple social security numbers and multiple names in conjunction with employment. Please let me know whether you will reconsider your objections. With reference to a second topic of our meet and confer session, that of Plaintiffs providing any consents to conflicting representation signed by any of your four clients in the Cruz/Hansen and Baas/Lofquist matters, you said that you would never provide such information to defendant on the grounds of attorney client privilege. We disagree with your assertion of the privilege, and hereby provide notice that we will oppose any attempt on your part to rely upon any such documents in the course of any court proceedings given that they have not been produced to us. Regarding the third topic of our meet and confer discussion (that of your proposed amendment to the Baas/Lofquist complaint, Ms. Berman has communicated, and will communicate further, on that topic with you. Sincerely, Maureen McClain