1   MAUREEN E. MCCLAIN (State Bar No. 062050)
    Email: mcclain@kmm.com
2   ALEX HERNAEZ (State Bar No. 201441)
    Email: hernaez@kmm.com
3   KAUFF MCCLAIN & MCGUIRE LLP
    One Post Street, Suite 2600
4   San Francisco, California  94104
    Telephone:   (415) 421-3111
5   Facsimile:    (415) 421-0938

6   Attorneys for Defendant
    DOLLAR TREE STORES, INC.
7
    BETH HIRSCH BERMAN (VA Bar No. 28091)
8   Email: bberman@williamsmullen.com
    WILLIAMS MULLEN
9   999 Waterside Drive
    1700 Dominion Tower
10  Norfolk, VA  23510
    Telephone:   (757) 629-0604
11  Facsimile:    (757) 629-0660

12  *Pro Hac Vice* Attorneys for Defendant
    DOLLAR TREE STORES, INC.
13

14                  UNITED STATES DISTRICT COURT

15                 NORTHERN DISTRICT OF CALIFORNIA

16

17  KASSONDRA BAAS and KELLY LOFQUIST,          CASE NO.  C 07-03108 JSW
    individually and on behalf of all others
18  similarly situated,                         **DEFENDANT'S OBJECTIONS TO
                                                EVIDENCE SUBMITTED BY
19                     Plaintiffs,              PLAINTIFFS IN SUPPORT OF
                                                MOTION FOR CLASS
20  v.                                          CERTIFICATION**

21  DOLLAR TREE STORES, INC.,                   **DATE:**     April 4, 2008
                                                **TIME:**     9:00 a.m.
22                     Defendant.               **DEPT.:**    Crtrm. 2, 17th Floor
                                                **JUDGE:**    Hon. Jeffrey S. White
23
                                                **COMPLAINT FILED:** June 13, 2007
24                                              **TRIAL DATE:** No date set.

25

26

27

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

| Evidence To Which Objection Is Made | Grounds For The Objection |
|---|---|
| 1. Tellstrom Deposition, 305:1-8. Exh. A to the 2/29/08 Fietz Declaration ("Fietz Dec."), cited in Plaintiffs' Opening Memo at 4:22.[1] | Lack of foundation and calls for speculation. The question assumes only one in a range of possible circumstances. FRE 602, FRE 701.[2] |
| 2. Tellstrom Deposition, 285:20-286:7. Exh. A to the Fietz Dec.; cited in Plaintiffs' Opening Memo at 4:22. | Lack of foundation and calls for speculation. The fact that the witness cannot think of a reason for something during a deposition does not prove the absence of any legitimate reason. FRE 602, FRE 701. In fact, the individual responsible for Plaintiffs' time edits, Store Manager John Hansen, testified that he had legitimate reasons for changing punches to subtract time. Hansen Deposition 583:14-584:21; 594:15-596:8 (Exh. D to the 3/14/08 Opposition Declaration of Beth Hirsch Berman; hereafter "Berman Dec."). |
| 3. Hansen Deposition 535:17-22 (attached as Exh. C to the Fietz Dec., and cited in Plaintiffs' Opening Memo at 4:25. | Incomplete excerpt (See, Hansen Deposition 535:7-22; Exh. C to the Fietz Dec.); As to 535:17-22; Hearsay. FRE 802. |
| 4. Hansen Deposition 536:7-8 (Exh. C to the Fietz Dec., and cited at 4:25 of the Opening Memo). | Incomplete excerpt (See, Hansen Deposition 536:4-21; Exh. C to the Fietz Dec.); Lack of foundation; Hearsay. FRE 602, FRE 802. |
| 5. Hansen Deposition 536:13-14 (Exh. C to the Fietz Dec., and cited at 4:25 of the Opening Memo). | Incomplete excerpt. Lack of foundation; Hearsay. FRE 602, FRE 802. |
| 6. Hansen Deposition 584:5-11 (Exh. C to the Fietz Dec., cited at 4:25 of the Opening Memo). | Incomplete excerpt. A complete citation (Hansen Deposition 584:5-21; Exh. C to the Fietz Dec.) does not stand, for the proposition cited (that Plaintiffs time was shaved). Hansen testified he could not recall whether he had a legitimate reason for the reduction in time. |
| 7. Hansen Deposition 585:8-9 (Exh. C to Fietz Dec., cited at 4:25 in the Opening Memo). | Incomplete excerpt; not supportive of the proposition cited in the memo (See, 585:8-23; Exh. C to the Fietz Dec.). The cited testimony is that Hansen did not recall why |

[1] Citations such as 4:22 are to page and line numbers.

[2] To the extent that this chart identifies objections to Tellstrom's deposition testimony, it repeats objections made on the record during the deposition.

- 2 -

KAUFF McCLAIN & McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

| Evidence To Which Objection Is Made | Grounds For The Objection |
|---|---|
| | he made the punch change.  Hansen repeatedly testified that it was not possible to infer an illegitimate motive from any specific punch change he made.  See, Hansen Deposition 586:16-21; 587:16-24; 605:7-606:19; 635:9-23; 651:14-652:8 (Exhibit D to the Berman Dec.). |
| 8.  Hansen Deposition 590:6-20 (Exh. C to the Fietz Dec., cited at 4:25 of the Opening Memo). | Incomplete excerpt; not supportive of the proposition cited in the memo (See, 590:6-591:23; Exh. C to the Fietz Dec.).  The remainder of the testimony states that the person who made the change (Hansen) cannot attest that it was done to "shave" time.  See, 591:6-23; Exh. C to the Fietz Dec. |
| 9.  Hansen Deposition 591:10-13 (Exh. C to the Fietz Dec., cited at 4:25 of the Opening Memo). | Incomplete excerpt; not supportive of the proposition cited in the memo.  See, 591:14-23; Exh. C to the Fietz Dec.: Question:  "Were you depriving Ms. Richmond of overtime that she worked on 6/28/2006?"  Answer:  I honestly can't remember if I was or not.  I don't know.  Question:  "You can't tell from this [referring to the audit trail report]…"  Answer:  "I mean, to look at it, yes.  I would have to say just looking at this, I would have to say that's what I was doing.  But I don't know what the circumstances.  Like before, I don't know what the circumstances were." |
| 10.  Hansen Deposition 591:19-21  (Exh. C to the Fietz Dec;, cited in the Opening Memo at 4:25). | Incomplete excerpt; not supportive of the proposition cited in the memo (See, 591:10-23; Exh. C to the Fietz Dec.). |
| 11.  Hansen Deposition 605:7-606:5 (Exh. C to the Fietz Dec.; cited in the Opening Memo at 4:26). | Incomplete excerpt; not supportive of the proposition cited in the memo (See, 606:6-19; Exh. C to the Fietz Dec.). |
| 12.  Hansen Deposition 619:7-14 (Exh. C to the Fietz Dec.; cited in the Opening Memo at page 4:26). | Incomplete excerpt; not supportive of the proposition cited in the memo (See, 619:17-21; Exh. C to the Fietz Dec.). |
| 13.  Hansen Deposition 624:13-21 (Exh. C to the Fietz Dec.; cited in the Opening Memo at page 4:26). | Incomplete excerpt; not supportive of the proposition cited in the memo (See, 624:1-21; Exh. C to the Fietz Dec.). |

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFFS IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

CASE NO. C 07-03108 JSW

| Evidence To Which Objection Is Made | Grounds For The Objection |
|---|---|
| 14. Hansen Deposition 654:1-5 (Exh. C to the Fietz Dec.; cited in the Opening Memo at page 4:26). | Incomplete excerpt; not supportive of the proposition cited in the memo (See, Hansen Deposition 654:1-658:17; Exh. D to the Berman Dec.). Hansen's testimony is that he believes he added the deducted time on another date, so that the employee had no lost time. |
| 15. Hansen Deposition 659:9-14 (Exh. C to the Fietz Dec.; cited in the Opening Memo at 4:26). | Incomplete excerpt; not supportive of the proposition cited in the memo. See, Hansen Deposition 659:15-25 (Exh. C to the Fietz Dec.) where Hansen testifies that he restored the deducted time three days later. |
| 16. Baas Declaration at 4:21-25 (¶ 14). | Lack of foundation; Improper opinion. FRE 602, FRE 701, FRE 702. Baas did not make the punch she is describing (Hansen did), and Baas has no recollection of the circumstances of this punch. Baas Deposition 253:24-254:4....256:16-257:4 (Exh. G to the Berman Dec.). |
| 17. Baas Declaration at 4:26-5:8 (¶ 15); Exhibit C. | Object to conclusions regarding "time shaving". Lack of foundation, given that the declarant did not make the punches and cannot testify to the reason for the punch; particularly when one person making the punches (Hansen) testified that one could draw no conclusions from the face of the time records. Improper opinion testimony in that Plaintiffs have not established that the declarant has any particularized scientific, technical or other specialized knowledge allowing the rendering of such opinion. Exhibit C is not a reliable summary of Exhibit D, and therefore should be excluded on the additional grounds of being misleading. The portion of Exhibit C referenced in this paragraph of the Baas declaration has eight entries, all purported to show "shaved" time. Two entries for 9/27/06 are duplicates. Three entries for 1/21/07 (one misdated as 1/21/06) are duplicates. Two entries for 12/24/06 (both are misdated; the underlying time record shows this entry with a date of 12/23/06) are duplicates. One reference (to 9/27/06 ES, -8) is to an overridden punch that does not appear as the employee's punch time. Out of the 8 |

- 4 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

| Evidence To Which Objection Is Made | Grounds For The Objection |
|---|---|
| | instances cited on Exhibit C, there are only three separate punches.[3] FRE 403, FRE 602, FRE 701, FRE 702. |
| 18. Baas Declaration at 3:8-13; 3:14-16; 3:21-22; 4:23-25; 5:3; 5:6-8; 5:10-14, 5:17-19; 5:25-26; 6:2-3; 6:4:10, 6:12-13 as to the conclusions of "time shaving:; Exhibit C to the Baas Dec. | Lack of a showing that Baas has sufficient scientific, technical or other specialized knowledge sufficient to render what is essentially an expert opinion. FRE 702. *See, United States of America v. Raul Figueroa-Lopez* (9th Cir. 1997) 125 F.3d 1241,1246-7, *cert. denied* (1998) 523 U.S. 1131. (A lay witness cannot testify to matters involving specialized knowledge.) Lack of personal knowledge as to the circumstances of each punch. FRE 602. For example, 51 entries on Exhibit C are punches shown as changed by Thonya Burger. Such changes cannot however be used, as Plaintiffs purport to do, to prove a Company policy of time shaving as John Hansen testified that he found irregularities in time recording at Store 2262 by Burger, reported them to District Manager Rick Tellstrom and worked with Dollar Tree personnel to correct any mispayments. Hansen Deposition, 257:5-258:25; 309:5-310:9; 477:19-479:23. (Exh. D to the Berman Dec.). Hansen testified that he had an understanding any monies found to be due employees would be paid. (479:6-11). Hansen further testified: Q: "How do you have that understanding?" A: "Actually the only way is that people say, you know, we need to get to the source of the problem, get these people money if we owe it to them. That's--you know." Q: "Who said that to you?" A: Rick (Tellstrom) has said it, and I believe Pat (Pat Doss in payroll) said it when I talked to Rick." (479:14-21). This situation proves the opposite of what Plaintiffs urge; namely, it demonstrates the Company's enforcement of its policies requiring pay for all time worked. |

[3] The mistakes in the chart regarding Lofquist's time should be sufficient to exclude the entire chart as they establish a lack of reliability regarding the conclusions drawn, even if the Court were to deem that the requisite scientific or other particularized knowledge has been established.

- 5 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFFS IN
SUPPORT OF MOTION FOR CLASS CERTIFICATION

CASE NO. C 07-03108 JSW

| Evidence To Which Objection Is Made | Grounds For The Objection |
|---|---|
| 19. Baas Declaration at 5:26; Exhibit C to the Baas Dec. | Lack of personal knowledge; improper opinion testimony; not qualified to provide expert testimony; misleading statements. FRE 403, 602, 701, 702. For example, ¶ 18 (page 5, line 26) states that the "Manager" column on Exhibit C "refers to the identity of the person making the change". Hansen however testified that he entered changes using his wife's password. Hansen Dep. 567:12-22. (Exh. D to the Berman Dec.) It is not therefore accurate to state that the Manager column always shows the person who made the change. |
| 20. Baas Declaration at 3:8-13; 3:14-16; 3:21-22; 4:23-25; 5:3-8; 5:10-14, 5:17-19; 5:25-26; 6:2-3; 6:4:10, 6:12-13 as to the conclusions of "time shaving"; Exhibit C to the Baas Dec. | Lack of personal knowledge; improper opinion testimony; not qualified to provide expert testimony; misleading statements. FRE 403, 602, 701, 702. For example, Exhibit C cites some changes made under the Miguel Cruz's password.[4] However, Cruz testified that it would not be possible to identify whether a change of his was legitimate or not by looking at the audit trail reports. Cruz Dep. 484:24-485:9. (Exh. E to the Berman Dec.). |
| 21. Baas Declaration at 3:8-13; 3:14-16; 3:21-22; 4:23-25; 5:3; 5:6-8; 5:10-14, 5:17-19; 5:25-26; 6:2-3; 6:4:10, 6:12-13 as to the conclusions of "time shaving"; Exhibit C to the Baas Dec. | Lack of personal knowledge; improper opinion testimony; not qualified to provide expert testimony; misleading statements. FRE 403, 602, 701, 702. For example, Exhibit C cites to changes made in Store 1868 regarding employee number 2329343 (who is identified on DTC05069 as Jose Baeza). The person identified as making such changes, John Hansen, has testified that one cannot infer that time was "shaved" from a negative time entry (See Objection No. 7), and the individual whose time Baas asserts was "shaved", Jose Baeza has provided a declaration, submitted with Defendant's opposition papers, affirming that, as of the date of the declaration (1/15/08), he has not worked overtime for 2 to 3 years, has been paid by Dollar Tree for all overtime worked, and has not had any pay issues with Dollar |

[4] Cruz testified that he used someone else's number when he first took over as Store Manager. Cruz Dep. 435:13-23. (Exh. E to the Berman Dec.)

- 6 -

DEFENDANT'S OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFFS IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

CASE NO. C 07-03108 JSW

| Evidence To Which Objection Is Made | Grounds For The Objection |
|---|---|
| | Tree or any Store Manager. See, Declaration of Jose Baeza, ¶¶ 5 and 6.[5] |
| 22. Baas Declaration at 3:8-13; 3:14-16; 3:21-22; 4:23-25; 5:3; 5:6-8; 5:10-14, 5:17-19; 5:25-26; 6:2-3; 6:4:10, 6:12-13 as to the conclusions of "time shaving"; Exhibit C to the Baas Dec. | Lack of personal knowledge; improper opinion testimony; not qualified to provide expert testimony; misleading statements. FRE 403, 602, 701, 702. While Exhibit C purports to show a "practice" among 12 stores in Northern California, only six stores are reflected on Exhibit C and the great majority of cited punch edits are from two stores (1868 and 2262) under three store managers, Burger, Hansen and Cruz. Of the 202 entries depicted on Exhibit C, only 13 are from stores other than 1868 and 2262. See Declaration of Jude Anthony in Opposition to Plaintiffs' Motion for Class Certification, ¶ 4. |

DATED: March 13, 2008

KAUFF MCCLAIN & MCGUIRE LLP


By:_____/ S /_____
           ALEX HERNAEZ

Attorneys for Defendant
DOLLAR TREE STORES, INC.

4828-6036-0450.1

[5] In addition to showing the inadmissibility of Baas's declaration conclusions regarding "time shaving", the inconsistency between her declaration on the one hand and the sworn statements of John Hansen and Jose Baeza on the other hand demonstrates that this case is not amenable to class treatment. Each changed punch requires an individualized inquiry.

- 7 -