1   MAUREEN E. MCCLAIN (State Bar No. 062050)
    Email: mcclain@kmm.com
2   ALEX HERNAEZ (State Bar No. 201441)
    Email: hernaez@kmm.com
3   KAUFF MCCLAIN & MCGUIRE LLP
    One Post Street, Suite 2600
4   San Francisco, California  94104
    Telephone:   (415) 421-3111
5   Facsimile:    (415) 421-0938

6   Attorneys for Defendant
    DOLLAR TREE STORES, INC.

7
    BETH HIRSCH BERMAN (VA Bar No. 28091)
8   Email: bberman@williamsmullen.com
    WILLIAMS MULLEN
9   999 Waterside Drive
    1700 Dominion Tower
10  Norfolk, VA  23510
    Telephone:   (757) 629-0604
11  Facsimile:    (757) 629-0660

12  *Pro Hac Vice* Attorneys for Defendant
    DOLLAR TREE STORES, INC.

13

14                UNITED STATES DISTRICT COURT

15              NORTHERN DISTRICT OF CALIFORNIA

16

17  KASSONDRA BAAS and KELLY LOFQUIST,        CASE NO.  C 07-03108 JSW
    individually and on behalf of all others
18  similarly situated,                       **REQUEST FOR JUDICIAL NOTICE
                                              IN OPPOSITION OF PLAINTIFFS'
19                Plaintiffs,                 MOTION FOR CLASS
                                              CERTIFICATION**
20  v.
                                              **DATE:**    April 4, 2008
21  DOLLAR TREE STORES, INC.,                 **TIME:**    9:00 a.m.
                                              **DEPT.:**   Crtrm. 2, 17th Floor
22                Defendant.                  **JUDGE:**   Hon. Jeffrey S. White

23                                            **COMPLAINT FILED:** June 13, 2007
                                              **TRIAL DATE:**    No date set.
24

25

26

27

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

REQUEST FOR JUDICIAL NOTICE IN OPPOSITION OF
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION          CASE NO. C 07-03108 JSW

1   Defendant Dollar Tree Stores, Inc. hereby requests that the Court take judicial

2 notice of the following document pursuant to Federal Rule of Evidence 201(b):

3   **Exhibit A**: *Transcript of Proceedings held on August 24, 2007,* (Docket 34),

4 was filed on November 13, 2007, in the United States District Court, Northern District of

5 California (Case No. C 07-03108 JSW).

6 DATED:  March 13, 2008    KAUFF MCCLAIN & MCGUIRE LLP

7

8               By:_____/ S /_____
                       ALEX HERNAEZ

9

10               Attorneys for Defendant
                DOLLAR TREE STORES, INC.

11

12 4821-5329-0498.1

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

REQUEST FOR JUDICIAL NOTICE IN OPPOSITION OF
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION       CASE NO. C 07-03108 JSW

# EXHIBIT A

COPY

PAGES 1 - 20

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE, JEFFREY S. WHITE, JUDGE

KASSONDRA BASS, ET AL.,          )
                                 )
          PLAINTIFFS,            )
                                 )
  VS.                            )          NO. C 07-3108 JSW
                                 )
DOLLAR TREE STORES, INC.         )
                                 )
          DEFENDANTS.            )
_____)

                         SAN FRANCISCO, CALIFORNIA
                         FRIDAY, AUGUST 24, 2007

                    **TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

FOR PLAINTIFF:              THE LAW OFFICE OF DONALD S. EDGAR
                           408 COLLEGE AVENUE
                           SANTA ROSA, CA  95401
                    BY:    **JEREMY R. FIETZ**
                           **DONALD S. EDGAR**
                           **ATTORNEYS AT LAW**


FOR DEFENDANT:             KAUFF MC CLAIN & MC GUIRE
                           ONE POST STREET
                           SUITE 2600
                           SAN FRANCISCO, CA  94104
                    BY:    **ALEX HERNAEZ**
                           **ATTORNEY AT LAW**


REPORTED BY:               JAMES YEOMANS, CSR 4039, RPR
                           OFFICIAL REPORTER

              COMPUTERIZED TRANSCRIPTION BY ECLIPSE

1    FRIDAY, AUGUST 24, 2007                          9:00 A.M.

2              (THE FOLLOWING PROCEEDINGS WERE HEARD IN OPEN COURT:)

3              THE CLERK:  CALLING C 07-3108, KASSONDRA BASS VERSUS

4    DOLLAR TREE.

5              PLEASE STATE YOUR APPEARANCE.

6              MR. HERNAEZ:  GOOD MORNING, YOUR HONOR.

7              ALEX HERNAEZ ON BEHALF OF DEFENDANT DOLLAR TREE

8    STORES, INCORPORATED.

9              THE COURT:  GOOD MORNING.

10             MR. EDGAR:  GOOD MORNING, YOUR HONOR.

11             DONALD EDGAR OF THE EDGAR LAW FIRM AND JEREMY FIETZ ON

12   BEHALF OF PLAINTIFFS AND RESPONDING PARTY.

13             THE COURT:  COUNSEL, HAVE YOU BOTH RECEIVED THE

14   COURT'S NOTICE OF QUESTIONS?

15             MR. HERNAEZ:  YES.

16             MR. EDGAR:  YES.

17             MR. HERNAEZ:  DEFENDANT HAS.

18             THE COURT:  NOW, AS I SAID IN THE PREVIOUS, I KNOW YOU

19   WERE IN COURT AND HEARD WHAT I SAID, I WANT -- I JUST WANT

20   ANSWERS TO THESE QUESTIONS.

21             AT THE VERY END YOU'LL NOTICE THE LAST QUESTION

22   STATES, THE PARTIES HAVE ANYTHING FURTHER TO ADD, I'LL GIVE YOU

23   A CHANCE.  IF THERE'S ANYTHING FURTHER YOU WANT TO ADD IN LIGHT

24   OF OUR DISCUSSION OR SOMETHING THAT, PERHAPS, WAS NOT IN YOUR

25   BRIEF.  SO LET'S GO RIGHT TO THE FIRST QUESTION AND I'LL START

1  WITH PLAINTIFFS.

2          DO YOU CONTEND THAT, AGAIN, BECAUSE THE COURT HAS

3  CONCERN WHETHER THEY'RE UNDER THIS NEW STATUTE THE CLASS ACTION

4  FAIRNESS ACT, WHETHER THIS COURT HAS JURISDICTION AND HAS SOME

5  STRONG CONCERNS ABOUT THAT.

6          SO I WANT TO GET TO THE BOTTOM OF THIS.  DO THE

7  PLAINTIFFS CONTEND THE NUMBER OF PLAINTIFFS IN THE CLASS IS, AT

8  LEAST, ONE HUNDRED?

9          **MR. FIETZ:**  YES, YOUR HONOR.

10         **THE COURT:**  AND WHAT'S THE FACTUAL SUPPORT?

11         **MR. EDGAR:**  THERE ARE OVER TWO HUNDRED STORES WITHIN

12 THE CLASS DESCRIBED, WHICH IS THE STATE OF CALIFORNIA DOLLAR

13 TREE, INC. STORES.

14         THE ALLEGATIONS ARE THAT THE STORE EMPLOYEES OF THOSE

15 STORES WERE SUBJECT TO THE DEFENDANT'S SCHEME OF REDUCING

16 EMPLOYEE HOURS, CHOPPING THOSE EMPLOYEES' HOURS CLANDESTINELY,

17 MOVING OVERTIME HOURS TO REGULAR TIME DAYS, SO NOT TO HAVE TO

18 PAY OVERTIME.

19         IT IS AN INFERENCE THAT, I BELIEVE, THE COURT MAY MAKE

20 GIVEN THERE ARE OVER TWO HUNDRED STORES, THAT THE CLASS THERE

21 HAS TO BE EMPLOYEES AT EACH STORE IS MOST LIKELY PROBABLY A

22 THOUSAND.

23         THESE ARE RETAIL OUTLETS DURING THE CLASS PERIOD OF

24 THREE OR FOUR YEARS.  THERE IS, AT LEAST, FIVE EMPLOYEES FOR

25 EACH STORE TIMES TWO HUNDRED STORES IS A THOUSAND EMPLOYEES.

1       **THE COURT:**  I HEAR THAT, BUT WHEN YOU ACTUALLY READ

2   THE COMPLAINT, SOMETIMES COMPLAINTS ARE SO VAGUE THAT WE NEED

3   TO GO THROUGH A COUPLE OF ITERATIONS IN ORDER TO FIND OUT WHAT

4   PLAINTIFF IS REALLY ALLEGING.

5       IT APPEARS THAT FROM THE ALLEGATION WE HAVE PARTICULAR

6   STORE ALLEGEDLY, PARTICULARLY BAD ACTOR IN ONE STORE MESSING

7   WITH THE WAGE RECORDS AND FROM THAT IT SEEMS LIKE THE

8   PLAINTIFFS ARE EXTRAPOLATING THAT EVERY STORE IN THE CHAIN, YOU

9   KNOW, IS INFECTED BY THIS.

10      AND, I GUESS, MY QUESTION TO YOU IS, GIVEN THAT THE

11  COURT IS ALLOWED TO GO OUTSIDE OF THE PLEADINGS FOR PURPOSE OF

12  DETERMINING ITS JURISDICTION, SUBJECT MATTER JURISDICTION, HAVE

13  YOU PLED ENOUGH OR IS THERE ENOUGH IN THE RECORD FROM WHICH THE

14  COURT COULD FIND THAT THE NUMEROSITY REQUIREMENT IS MET?

15      **MR. EDGAR:**  FIRST, YOUR HONOR, LET ME INDICATE TO THE

16  COURT, THAT IT IS NOT ONE STORE, THE INDIVIDUAL THAT WAS

17  PARTICULARLY NAMED MR. TELLSTROM IS NOT A STORE MANAGER, HE'S

18  ACTUALLY A DISTRICT MANAGER AND HAS OVERSIGHT, I BELIEVE, IT'S

19  PLED IN THE COMPLAINT, OF MANY STORES, AND THAT HE SPECIFICALLY

20  DIRECTED THAT THIS OCCUR ENTIRELY WITHIN HIS DISTRICT.

21      AND WE BELIEVE THAT THE COMPANY AS A WHOLE AND

22  THROUGHOUT THE STATE OF CALIFORNIA HAS THIS COMPUTER SYSTEM IN

23  PLACE WE ALLEGE WHICH IS NOW CALLED COMPASS WHERE WITH ONE

24  CLICK OF A MOUSE AND ONE TAP OF A HAND YOU CAN TAKE HOURS AWAY

25  FROM EMPLOYEES.

1        WE KNOW THIS IS HAPPENING NOT JUST AT A STORE LEVEL,

2    BUT AT THE VERY LEAST AT A DISTRICT LEVEL, WE BELIEVE ON A

3    CALIFORNIA STATEWIDE LEVEL.

4        AND WE KNOW, IT'S UNDISPUTED, THERE'S AT LEAST TWO

5    HUNDRED STORES THROUGHOUT CALIFORNIA, AND SO WE -- AND WE PLED

6    THAT THE CAFA REQUIREMENT OF OVER ONE HUNDRED CLASS MEMBERS

7    THAT IS EXCRUCIATING CONSERVATIVE GIVEN THE NUMBER OF STORES

8    THAT THIS COMPANY OWNS.

9        **THE COURT:**  LET ME HEAR FROM DEFENDANT ON THIS ISSUE.

10       **MR. HERNAEZ:**  YES, YOUR HONOR.  IF, IN FACT, THE

11   PLAINTIFF HAD ALLEGED A STATEWIDE CLASS ACTION AND IF, IN FACT,

12   THEY HAD PROPER FACTS TO SUPPORT THAT, THERE'S NO QUESTION THAT

13   CAFA JURISDICTION WOULD BE PRESENT.

14       IN ONE OF THE YEARS THE DEFENDANTS EMPLOYED UPWARDS OF

15   10,000 PEOPLE IN THE STATE OF CALIFORNIA.  THE THRUST OF THE

16   DEFENDANT'S POSITION, YOUR HONOR, IS THAT AS THE COURT HAS

17   RECOGNIZED, WHAT THEY'VE DONE HERE IS THEY FOUND ONE BAD ACTOR

18   THEY ALLEGE IN A SINGLE STORE, THEY ALLEGED MANIPULATED

19   RECORDS, AND FROM THAT THEY LAUNCH A CLASS ACTION WITH

20   ABSOLUTELY NO FACTUAL BASIS TO ASSERT THAT THIS HAS OCCURRED ON

21   A STATEWIDE LEVEL.

22       AND IN THEIR COMPLAINT THEY ADMIT AS MUCH IN PARAGRAPH

23   70 WHERE THEY SAY WE HOPE DISCOVERY WILL SHOW US THAT THIS HAS

24   OCCURRED THROUGHOUT THE STATE.

25       YOUR HONOR, I BELIEVE RULE 9(B) REQUIRES MORE THEN

1    THAT.   THEY NEED TO HAVE SPECIFIC FACTS TO MAKE SPECIFIC

2    FACTUAL ALLEGATIONS AS TO THE ALLEGED FRAUD.

3            THE THRUST OF DEFENDANT'S POSITION, YOUR HONOR, IS

4    THAT, FIRST, THE CLASS ACTION ALLEGATION SHOULD BE DISMISSED

5    BECAUSE THEY HAVE NO FACTUAL BASIS TO ALLEGE THAT ANYTHING HAS

6    OCCURRED ON A STATEWIDE LEVEL, OPPOSING COUNSEL JUST SAID THAT.

7            BUT I WOULD SUGGEST TO THE COURT THAT HE HAS NOT PLED

8    A SINGLE FACT THAT WOULD EVEN SUGGEST THAT THIS TYPE OF CONDUCT

9    HAS OCCURRED ON A STATEWIDE LEVEL.

10           **THE COURT:**  LET'S SAY, WE, THE COURT, GAVE LEAVE TO

11   AMEND, FOR EXAMPLE, AND THE PLAINTIFFS MAKE THE SAME ALLEGATION

12   IN AMENDED PLEADING, WOULD THAT TAKE CARE OF YOUR CONCERNS ON

13   THAT ISSUE?

14           **MR. HERNAEZ:**  RULE 11 WOULD REQUIRE THEY HAVE A GOOD

15   FAITH BASIS FOR MAKING THAT ALLEGATION.

16           **THE COURT:**  OF COURSE.

17           **MR. HERNAEZ:**  OUR POSITION, YOUR HONOR, THEY CANNOT.

18   WE HAVE -- AND THIS GOES BEYOND THE PLEADINGS, BUT WE HAVE

19   SYSTEMS IN PLACE WHICH PRECLUDE THE TYPE OF ALLEGATION THEY'RE

20   MAKING.

21           OUR POSITION, YOUR HONOR, IS THAT THEY ARE SIMPLY

22   TAKING A SINGLE ACT IN A SINGLE STORE BY A SINGLE PERSON AND

23   TRYING TO MAKE A STATEWIDE CLASS ACTION OUT OF IT AND THEY DO

24   NOT HAVE A SCINTILLA OF EVIDENCE AND THEY HAVE NOT PLED A

25   SCINTILLA OF EVIDENCE.

1       **THE COURT:**  THEY'VE JUST MADE AN ALLEGATION ABOUT THIS

2  COMPUTER SYSTEM THAT THEY SAY PERPETUATES THE ALLEGED FRAUD.

3       **MR. HERNAEZ:**  WHAT THEY SAY ABOUT THE COMPUTER IN

4  PARAGRAPH 70 OF THE COMPLAINT, THERE OBVIOUSLY IS A COMPUTER

5  SYSTEM THAT DEALS WITH THE PAYMENT OF WAGES, WHAT THEY SAY IN

6  PARAGRAPH 70 IS WE SAW THIS ONE THING HAPPEN ONE STORE AND IF

7  YOU LET US HAVE ACCESS TO COMPUTER SYSTEM WE THINK WE'LL BE

8  ABLE TO PROVE THIS HAPPENED ON A STATEWIDE BASIS.

9       AND DEFENDANT'S POSITION, YOUR HONOR, THAT IS NOT

10  SUFFICIENT FOR A FRAUD ALLEGATION AND THAT CERTAINLY NOT

11  SUFFICIENT FOR A CLASS ACTION ALLEGATION.

12       **THE COURT:**  WHAT'S YOUR RESPONSE, BRIEFLY?

13       **MR. FIETZ:**  YOUR HONOR, IN PARAGRAPH 70 DOES NOT SAY

14  ONE BAD ACTOR IN ONE STORE.  I'M READING FROM PARAGRAPH 70.

15       **THE COURT:**  READ SLOWLY, PLEASE.

16       **MR. FIETZ:**  PLAINTIFFS ARE INFORMED -- LINE ONE -- AND

17  ON THAT BASIS ALLEGE WHILE SERVING AS A DOLLAR TREE DISTRICT

18  MANAGER MR. RICK TELLSTROM DIRECTED INDIVIDUAL STORES

19  THROUGHOUT HIS DISTRICT TO MANIPULATE THE TIME RECORDS

20  UTILIZING THE COMPUTER TRACKING SYSTEM AS HEREIN ALLEGED.

21       WE'RE NOT TALKING ABOUT A SINGLE STORE, WE'RE TALKING

22  ABOUT AT THE VERY LEAST AN ENTIRE DISTRICT.  WE'RE TALKING

23  ABOUT COMPUTER SYSTEM WHICH ENABLES NOT JUST THIS DISTRICT,

24  WHICH ENABLES THIS COMPANY TO DO THIS.

25       **THE COURT:**  LET'S NOT TALK ABOUT THIS COMPANY, WHAT

1    ABOUT THE DISTRICT?

2         **MR. HERNAEZ:**  THAT'S THE PROBLEM WITH THE COMPLAINT,

3    YOUR HONOR.  RULE 9(B) REQUIRES SPECIFICITY IN PLEADING FRAUD,

4    AND FRAUD HAS BEEN PLED IN EACH COUNT OF THE COMPLAINT.  AND

5    WHAT THEY SAY IS MR. TELLSTROM DID THIS AND WE BELIEVE IT WAS

6    PERPETUATED THROUGHOUT THE COMPANY WITH UNNAMED OTHER PEOPLE.

7         AND THAT'S THE PROBLEM WITH THE COMPLAINT, THEY HAVE

8    NO IDEA, THEY ARE SIMPLY MAKING THAT ALLEGATION ON INFORMATION

9    AND BELIEF AND RULE 9(B) REQUIRES SPECIFICITY WITH RESPECT TO

10   FRAUD.

11        **THE COURT:**  WE'RE GOING TO GET TO THAT WHEN WE GET TO

12   LATER QUESTIONS.

13        **MR. FIETZ:**  IF I MAY HAVE ONE BRIEF RELY?

14        **THE COURT:**  VERY BRIEF.

15        **MR. FIETZ:**  RULE 9(B) TALKS ABOUT FRAUD.  THE

16   HEIGHTENED PLEADING REQUIREMENT READS, IT DOES NOT REQUIRE

17   HEIGHTENED EVIDENTIARY STANDARD FOR PLEADING A CLASS ACTION.

18        **THE COURT:**  LET'S GO TO QUESTION.  THIS IS SORT OF

19   RELATED QUESTION, QUESTION B HAVING TO DO WITH THE CONTROVERSY.

20   WHAT IS THE BASIS PLAINTIFF'S CONTEND THAT THE AMOUNT IN

21   CONTROVERSY EXCEEDS $5 MILLION?

22        **MR. EDGAR:**  CONSERVATIVELY, YOUR HONOR, THERE'S AT

23   LEAST A THOUSAND EMPLOYEES, AT LEAST, THE MEMBERS OF THE

24   PLEADING CLASS.  MR. HERNAEZ INDICATED IT MAY BE AS MANY AS

25   10,000.

1       ASSUMING IT WAS ONLY A THOUSAND EMPLOYEES, THE

2    ITEMIZED WAGE STATEMENT ALONE PENALTY IS $4,000 PER EMPLOYEE AT

3    A MAXIMUM PENALTY, THAT'S $4 MILLION FOR THAT ONE CAUSE OF

4    ACTION ALONE ASSUMING A THOUSAND EMPLOYEES.

5       THEN IF YOU TALK ABOUT THE ACTUAL CORPUS OF THE

6    DAMAGE, ASSUMING THAT ONLY ONE HOUR A WEEK WAS SHAVED OFF OF

7    THESE CLASS MEMBERS' TIMES, WE'RE TALKING ABOUT ANOTHER MILLION

8    AND A HALF, NOT INCLUDING INTEREST OR PENALTIES ASSOCIATED WITH

9    THAT.

10       GIVEN THE NUMBER OF STORES IN ISSUE AND AS PLEADED

11    WITHIN THE COMPLAINT, AND THE CLASS PERIOD OF FOUR, IF NOT AT

12    LEAST THREE YEARS, THERE IS AMPLE ALLEGATION OR AMPLE SUPPORT

13    FOR, AT LEAST, THE ALLEGATION AT THE PLEADING STAGE THAT WE'RE

14    TALKING ABOUT OVER $5 MILLION IN DAMAGES.

15       **THE COURT:**  COUNSEL.

16       **MR. HERNAEZ:**  YOUR HONOR, OUR POSITION ON THE SECOND

17    QUESTION IS ESSENTIALLY THE SAME AS THE FIRST.  IF THEY HAD

18    PROPERLY PLED THIS AND IF THEY HAD FACTS TO SUPPORT IT, DAMAGES

19    IN THIS CASE WOULD BE UPWARDS OF $50 MILLION.

20       OUR POSITION, YOUR HONOR, AS I JUST ARTICULATED, IS

21    THAT THEY DON'T HAVE THE FACTS TO SUPPORT THIS CASE, WHICH IS

22    WHY BOTH THE CLASS ALLEGATIONS AND THE FRAUD ALLEGATIONS SHOULD

23    BE DISMISSED.

24       **THE COURT:**  I'D LIKE TO MOVE ONTO QUESTION NUMBER TWO,

25    AGAIN, BECAUSE PLAINTIFFS DID NOT CITE -- ADDRESS CONCERNS

1   REGARDING THE EXERCISE SUPPLEMENTAL JURISDICTION.

2        WHAT IS THE ANSWER TO QUESTION NUMBER TWO ABOUT WHAT

3   PLAINTIFFS DO IF THE COURT DECLINED TO EXERCISE SUPPLEMENTAL

4   JURISDICTION AND DISMISSED PLAINTIFF'S STATE LAW CLAIMS WITHOUT

5   PREJUDICE TO REFILING SUCH CLAIMS IN STATE COURT?

6        **MR. FIETZ:**  ASSUMING, OF COURSE, THAT THAT IS FOUND

7   CAFA DOESN'T APPLY.

8        **THE COURT:**  THAT'S THE PREMISES OF THE QUESTION.

9        **MR. FIETZ:**  ASSUMING THAT, YOUR HONOR, IF WE WERE

10  FACED WITH THE DUAL FORUMS AT THIS TIME, WE WOULD NOT HAVE ANY

11  ADVERSITY OR UNWILLINGNESS TO LITIGATE IN BOTH FORUMS, AND WE

12  WOULD HAVE NO OBJECTION TO LITIGATING IN BOTH FORUMS IF THAT

13  WAS THE COURT'S DECISION.

14       **THE COURT:**  WHAT'S YOUR RESPONSE?

15       THAT'S THEIR INTENTION, I DON'T KNOW WHETHER YOU CAN

16  RESPOND TO WHAT THEIR INTENTION IS.  DO YOU HAVE ANYTHING YOU

17  WANT TO SAY?

18       **MR. HERNAEZ:**  MY ONLY POSITION ON POINT TWO, IS I

19  DON'T KNOW THAT IT COMES UP BECAUSE IF THE COURT FINDS THEY

20  HAVE ADEQUATELY PLED BOTH CLASS ACTION ALLEGATIONS AND FRAUD,

21  DEFENDANT'S POSITION IS THAT THERE'S NO QUESTION CAFA

22  JURISDICTION APPLIES.

23       SO I DON'T THINK POINT TWO COMES UP IF THE COURT --

24  REGARDLESS WHAT THE COURT FINDS.  IF THE COURT -- WE BELIEVE IN

25  THE FIRST INSTANCE THAT THE COURT SHOULD DISMISS THE FRAUD AND

1  CLASS ACTION ALLEGATION AND CAN DO SO UNDER ITS SUPPLEMENTAL

2  JURISDICTION OR UNDER ITS CAFA JURISDICTION, BUT IF THE COURT

3  FINDS IT'S BEEN ADEQUATELY PLED WE BELIEVE THERE'S NO QUESTION

4  THAT CAFA JURISDICTION APPLIES.

5       **THE COURT:**  ALL RIGHT.  LET US GET TO QUESTION NUMBER

6  THREE, WHICH HAS TO DO WITH EXEMPT EMPLOYEES AND WHETHER YOU

7  CONTEND THAT, PLAINTIFFS CONTEND THAT EXEMPT EMPLOYEES FALL

8  WITHIN THE CLASS FOR ANY OF THE CLAIMS?

9       **MR. FIETZ:**  WE'RE MORE THEN HAPPY TO AMEND THE

10  DESCRIPTION OF THE CLASS TO SPECIFICALLY INDICATE STORE

11  EMPLOYEES NONEXEMPT.

12       **THE COURT:**  SO YOU HAVE NOTHING TO SAY ABOUT THAT, I

13  ASSUME, QUIT WHILE YOU'RE AHEAD.

14       **MR. HERNAEZ:**  THANK YOU.  I HAVE NOTHING TO SAY ABOUT

15  THAT.

16       **THE COURT:**  QUESTION NUMBER FOUR.  AGAIN, THIS GETS

17  RIGHT TO THE DEFENDANT'S POSITION WITH RESPECT TO THE

18  SPECIFICITY REQUIRED BY RULE 9.  SO WHAT'S THE ANSWER TO 4A?

19  WHAT SPECIFIC MISREPRESENTATIONS DO YOU ALLEGE?

20       **MR. FIETZ:**  I DON'T THINK WE COULD HAVE BEEN MORE

21  SPECIFIC.

22       **THE COURT:**  OBVIOUSLY, YOU COULD HAVE, I WOULDN'T HAVE

23  HAD THIS QUESTION THEN.

24       **MR. FIETZ:**  THE ITEMIZED WAGE STATEMENTS, YOUR HONOR,

25  THESE ARE WAGE STATEMENTS WHICH ARE GIVEN TO THE EMPLOYEES, THE

1    WAGE STATEMENTS CONTAIN INADEQUATE, INACCURATE AND

2    MISREPRESENTED INFORMATION REGARDING THE NUMBER OF HOURS THEY

3    WORKED.

4         THOSE WAGE STATEMENTS THEN CORRESPOND TO THE CHECKS

5    THAT ARE ALSO GIVEN TO THESE EMPLOYEES.  BOTH THE WAGE

6    STATEMENTS AND THE CHECKS ARE REPRESENTATIONS TO THE EMPLOYEE

7    THIS IS THE HOURLY WAGE TIMES THE NUMBER OF HOURS THAT YOU

8    WORKED FOR THAT PAY PERIOD, AND THEY WERE MISREPRESENTING THE

9    NUMBER OF HOURS WHEN THOSE HOURS WERE CLANDESTINELY CHOPPED

10   FROM THEIR PAYROLL RECORDS.

11        **THE COURT:**  MISREPRESENTATION AS YOU CLAIM SHOWN BY

12   THE ITEMIZED WAGE STATEMENT ARE UNDERREPRESENTATION OR

13   MISREPRESENTATION OF THE NUMBER OF HOURS WORKED?

14        **MR. FIETZ:**  ACTUALLY BOTH, THE NUMBER OF HOURS WORKED

15   FOR WHEN HOURS WERE SIMPLY REDUCED, AND THERE'S A

16   MISREPRESENTATION AS TO THE APPROPRIATE HOURLY RATE WHEN THE

17   COMPUTER SYSTEM WAS USED TO CLANDESTINELY MOVE HOURS FROM

18   OVERTIME DAYS TO NON-OVERTIME DAYS, WHICH AFFECT THE OTHER ITEM

19   ON THE WAGE STATEMENT WHICH IS THE APPROPRIATE HOURLY RATES FOR

20   THE HOURS.

21        SO THERE'S BOTH MISREPRESENTATIONS AS TO THE NUMBER OF

22   HOURS WORKED AS WELL AS THE HOURLY RATE ON THE WAGE STATEMENT,

23   AND THEN, OF COURSE, THE PAYCHECK ITSELF ULTIMATELY IS

24   CUMULATIVE MISREPRESENTATION OF THE COMBINATION OF THOSE TWO

25   THINGS.

1       **THE COURT:** COUNSEL.

2       **MR. HERNAEZ:** THE FIRST POINT I WOULD LIKE TO MAKE

3    GOES TO, IF I WORK EIGHT HOURS OR 40 HOURS LAST WEEK I GET MY

4    WAGE STATEMENT AND SAYS I WORKED 15 WHERE'S THE RELIANCE I

5    KNOW.

6       **THE COURT:** YOU'D LIKE TO MOVE AHEAD.  NOT RELIANCE,

7    WE'RE TALKING ABOUT THE FALSE STATEMENT.  WOULDN'T THAT BE AN

8    ACTIONABLE MATERIAL FALSE STATEMENT, EVEN USING YOUR

9    HYPOTHETICAL, YOUR EMPLOYER SAID YOU WORKED 15 HOURS WHEN, IN

10   FACT, YOU WORKED 40 HOURS?

11      **MR. HERNAEZ:** IT'S A FALSE STATEMENT BUT IT'S NOT

12   ACTIONABLE BECAUSE OF THE RELIANCE ISSUES BECAUSE OF THE OTHER

13   ELEMENTS 9(B) WHICH REQUIRE SPECIFICITY WHO, WHAT, WHEN, WHERE

14   AND HOW.

15      **THE COURT:** IF THEY AMENDED AND THEY SAID THE

16   FOLLOWING 15 WAGE STATEMENTS WHICH WE HEREBY ATTACH AND

17   INCORPORATE BY REFERENCE ARE FALSE IN THE FOLLOWING WAYS,

18   WOULDN'T THAT, AT LEAST, SATISFY THE SPECIFIC ALLEGATION AND

19   MISREPRESENTATION?

20      **MR. HERNAEZ:** AT BEST WHAT PLAINTIFFS CAN DO HERE IS

21   FILE A ONE PERSON OR TWO PERSON LAWSUIT.  THE THRUST OF OUR

22   ARGUMENT, IS THEY'VE TAKEN WHAT THEY BELIEVE TO A SINGLE BAD

23   ACTION BY A DISTRICT MANAGER IN A SINGLE STORE, THE PLAINTIFFS

24   WORKED IN ONE STORE FOR A LIMITED PERIOD OF TIME AND THEY'RE

25   TRYING TO MAKE THAT A CLASS ACTION.

1          AND THE PROBLEM WITH THE FRAUD IS THEY ALLEGE FRAUD IN

2    EACH ASPECT IN EACH OF THEIR -- IN EACH ALLEGATION IN THE

3    COMPLAINT.  IN OTHER WORDS, IN EVERY CAUSE OF ACTION THEY

4    INCORPORATE THIS FRAUDULENT SCHEME, THAT'S WHAT THE LAWSUIT IS

5    ABOUT.

6          THE DEFENDANT'S POSITION THE PROBLEM WITH THIS --

7          **THE COURT:**  COULD THERE EVER BE A CLASS ACTION FOR

8    FRAUD THEN IF, LET'S SAY, EMPLOYEES SYSTEMATICALLY DEFRAUDED

9    OUT OF THEIR JUST PAY?

10         **MR. HERNAEZ:**  SURE, IF THEY HAD SOME FACTS, IF THEY

11   SAID WE HAVE FACTUAL INFORMATION ABOUT THE CONTROLLER OF DOLLAR

12   TREE AND HE SYSTEMATICALLY THROUGHOUT THIS STATE OF CALIFORNIA

13   HAS DONE THIS.

14         THAT'S THE PROBLEM, YOUR HONOR, EVEN IN PARAGRAPH 70

15   THEY CONCEDE THAT THEY HAVE ONLY INFORMATION AS TO THIS

16   PARTICULAR DISTRICT AND THE PLAINTIFFS WORK IN A SINGLE STORE.

17         THEY JUST DON'T HAVE FACTS TO SUBSTANTIATE A STATEWIDE

18   CLASS ACTION AND THAT IS REALLY THE THRUST OF WHAT WE'RE

19   SAYING.

20         **MR. FIETZ:**  FIRST OF ALL, I DON'T THINK THAT HAD

21   ANYTHING TO DO WITH YOUR HONOR'S QUESTION OF A, BUT IN ANSWER

22   TO THAT, WE'RE AT THE PLEADING STAGE OF THIS ALLEGATION AND,

23   YES, WE HAVE TO PLEAD FRAUD WITH SPECIFICITY FOR THAT CAUSE OF

24   ACTION.

25         AND, YES, IN PARAGRAPH 70 WE WENT THROUGH INCREDIBLE

1    DETAIL TO SHOW, TO SAY EXACTLY WHAT WAS HAPPENING AND TO EVEN

2    POINT OUT TO THEM, LOOK AT YOUR COMPUTER SYSTEM YOU HAVE THESE

3    RECORDS, WE KNOW THIS HAPPENED.

4         AND, YOUR HONOR, THE ENTIRE PURPOSE OF THE REQUIREMENT

5    FOR SPECIFICITY AS TO THE FRAUD CAUSE OF ACTION --

6         **THE COURT:** WAIT A MINUTE. YOU GOT A COUPLE OF CLASS

7    MEMBERS WHO OBVIOUSLY HAVE COME TO YOU WITH SOME STATEMENTS

8    THAT WHERE THEY CLAIM UNDERSTATED THEIR WAGES AND ALSO HAVE THE

9    EFFECT OF MAYBE REDUCING THE RATE OF PAYMENT, HAVE YOU DONE AN

10   INVESTIGATION THAT DETERMINES THIS PRACTICE PERMEATES

11   SUBSTANTIAL PORTION OF DOLLAR TREE FOR OTHER EMPLOYEES?

12        **MR. FIETZ:** YES.

13        **THE COURT:** I'M JUST SIMPLY EXTRAPOLATING THAT IT MUST

14   HAVE HAPPENED TO THESE OTHER PEOPLE.

15        **MR. FIETZ:** WE ARE NOT MERELY EXTRAPOLATING. IN FACT,

16   I HAVE SPOKEN TO TWO DIFFERENT STORE MANAGERS FROM COMPLETELY

17   DIFFERENT STORES WHO INDICATED THAT THEY WERE DIRECTED TO

18   UTILIZE THE COMPUTER SYSTEM FOR THIS PURPOSE.

19        AND, YOUR HONOR, THE DEFENDANT KNOWS WHAT WE'RE

20   ALLEGING, THERE'S NO MYSTERY. THE PURPOSE FOR SPECIFICITY AS

21   TO A FRAUD CAUSE OF ACTION IS TO PUT THE DEFENDANT'S ON NOTICE,

22   SO THEY CAN DO SOMETHING OTHER THAN JUST GENERICALLY DENY ALL

23   THE ALLEGATIONS.

24        **THE COURT:** IT'S NOT A RESPONSE TO A RULE 9(B)

25   ARGUMENT TO SAY, WELL, THE DEFENDANT KNOWS WHAT HE DID, SO WE

1  DON'T HAVE TO TELL HIM.

2        **MR. FIETZ:**  WE'VE GIVEN THEM THE INFORMATION FROM

3  WHICH THEY KNOW WHAT WE'RE TALKING ABOUT.  THEY KNOW WHERE TO

4  GET MORE INFORMATION.  THEY CAN DENY THIS IS HAPPENING OR

5  AFFIRM THIS IS HAPPENING.

6        **THE COURT:**  ANYTHING FURTHER YOU WANT TO SAY?

7        **MR. HERNAEZ:**  I WILL SIMPLY QUOTE FROM THE CASE WE

8  CITED HAYDUK.  IN CASES IN WHICH FRAUD LIES AT THE CORE OF THE

9  ACTION THE RULE DOES NOT PERMIT A COMPLAINANT TO FILE SUIT

10  FIRST AND SUBSEQUENTLY TO SEARCH FOR A CAUSE OF ACTION.

11        AND, YOUR HONOR, THAT IS EXACTLY WHAT HAS BEEN PLED IN

12  THIS.  IF THEY HAVE ADDITIONAL FACTS ABOUT ADDITIONAL STORE

13  MANAGERS THEY SHOULD HAVE PLED IN THE COMPLAINT AND THEY SHOULD

14  BE SUBJECT TO RULE 11 REQUIREMENTS.

15        **THE COURT:**  LET'S GO TO QUESTION B, WHICH HAS TO DO

16  WITH WHAT FACTS DO YOU ALLEGE, THE PLAINTIFFS ALLEGE OR COULD

17  YOU ALLEGE REGARDING INTENT TO INDUCE RELIANCE OR JUSTIFIABLE

18  RELIANCE?

19        **MR. FIETZ:**  AS TO THE INTENT TO INDUCE RELIANCE, WHEN

20  AN EMPLOYER GIVES AN EMPLOYEE A WAGE STATEMENT AND A CHECK THEY

21  INTEND IT IS INFERABLE THAT THE EMPLOYEE LOOK AND RELY ON THAT

22  WAGE STATEMENT AND THAT PAYCHECK AS BEING ACCURATE.

23        OTHERWISE IF THE PAYCHECK IS LESS THEN THE WAGE

24  STATEMENT SAYS THE EMPLOYEE IS GOING TO SAY, HEY, WAIT A

25  MINUTE, AS MR. HERNANDEZ POINTED OUT, WAIT A MINUTE, THERE'S

1    DISCREPANCY HERE.

2         **THE COURT:**  THAT'S FRAUD DECEIT, ARE YOU INDUCING THEM

3    TO DO ANYTHING OR RULING THEM INTO NOT COMPLAINING?

4         **MR. FIETZ:**  I THINK YOU'RE DOING BOTH.  I THINK, YOUR

5    RULING THEM INTO NOT COMPLAINING YOUR INDUCING THEM TO RELY ON

6    THAT AS A FULL PAYMENT FOR WAGES EARNED AND --

7         **THE COURT:**  ALL RIGHT.  SO YOUR ARGUMENT IS THE WAGE

8    STATEMENTS AND THE CHECK ARE INTENDED TO INDUCE RELIANCE ON THE

9    ACCURACY OF THOSE DOCUMENTS?

10         **MR. FIETZ:**  ABSOLUTELY.

11         **THE COURT:**  WHAT'S YOUR RESPONSE?

12         **MR. HERNAEZ:**  THERE CANNOT POSSIBLY BE RELIANCE HERE

13    BECAUSE AS I STATED EARLIER, IF I WORK 40 HOURS LAST WEEK I

14    KNOW WHAT I WORK BECAUSE I WORKED IT.

15         IF I GET A STATEMENT THAT SAYS DIFFERENT I WOULD KNOW

16    THAT.  SO IT'S NOT AS THOUGH EVEN UNDER THE ALLEGATIONS PLED IN

17    THE COMPLAINT THERE CAN'T POSSIBLY BE RELIANCE.

18         **THE COURT:**  YOU'RE SAYING RELIANCE IS NOT REASONABLE

19    THEN?

20         **MR. HERNAEZ:**  ABSOLUTELY UNREASONABLE.  IN FACT, WOULD

21    BE JUST PRACTICALLY IMPOSSIBLE, PEOPLE KNOW WHAT THEY WORK.

22         **MR. FIETZ:**  THAT IS THE SECOND PART, WHICH IS

23    JUSTIFIABLE RELIANCE NOT THE INTENT TO REDUCE.  FIRST OF ALL,

24    WE'RE NOT TALKING ABOUT SOMETHING OBVIOUSLY LIKE 40 HOURS

25    REDUCED TO 30 HOURS, WE'RE TALKING ABOUT 10 MINUTES HERE, 20

1   MINUTES THERE, FOR EMPLOYEES THAT ARE NOT, PERHAPS, AS EDUCATED

2   AS MR. HERNAEZ.

3         THESE ARE MINIMUM WAGE WORKERS WHO GO IN, THEY TYPE IN

4   THE TIME THEY STARTED, THEY TYPE IN THE TIME THEY LEFT FOR

5   LUNCH, THEY TYPE IN THE TIME THEY WENT HOME, THEY DON'T KEEP

6   TRACK THEMSELVES WHEN THE EMPLOYER GIVES THEM WAGE STATEMENTS

7   WHICH PURPORT TO COME FROM THE VERY COMPUTER PROGRAM PAYROLL

8   SYSTEM.

9         IS THE EMPLOYER REALLY SAYING YOU SHOULD ASSUME IT'S

10  NOT ACCURATE?  OF COURSE NOT THEY INTEND THAT.

11        **THE COURT:**  ANYTHING FURTHER?

12        **MR. HERNAEZ:**  I'M HAPPY FOR THE CONCESSION WE'RE ONLY

13  TALKING ABOUT 10 MINUTE INCREMENTS, BUT THAT'S NOWHERE IN THE

14  COMPLAINT.

15        **MR. FIETZ:**  AS FAR AS THE JUSTIFIABLE ASPECT OF THE

16  RELIANCE, I ONLY WISH TO ALSO MENTION CALIFORNIA LAW REQUIRES,

17  AND IT'S IN THE COMPLAINT, REQUIRES ACCURATE ITEMIZED WAGE

18  STATEMENT.

19        HOW CAN AN EMPLOYER SAY THAT AN EMPLOYEE SHOULD NOT BE

20  ABLE TO RELY ON THE EMPLOYER FOLLOWING THE LAW?

21        THE LAW REQUIRES ACCURATE ITEMIZED WAGE STATEMENT, HOW

22  COULD IT BE ANYTHING OTHER THAN JUSTIFIABLE TO RELY ON THAT?

23        **THE COURT:**  ANYTHING FURTHER?

24        **MR. HERNAEZ:**  SUBMITTED.

25        **THE COURT:**  THE MATTER SUBMITTED.

1          THANK YOU, COUNSEL.

2          **MR. EDGAR:**   THANK YOU.

3          **MR. HERNAEZ:**   THANK YOU VERY MUCH.

4

5                    (PROCEEDINGS ADJOURNED.)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

CERTIFICATE OF REPORTER

I, THE UNDERSIGNED, HEREBY CERTIFY THAT THE FOREGOING PROCEEDINGS WERE REPORTED BY ME, A CERTIFIED SHORTHAND REPORTER, AND WERE THEREAFTER TRANSCRIBED UNDER MY DIRECTION INTO TYPEWRITING; THAT THE FOREGOING IS A FULL, COMPLETE AND TRUE RECORD OF SAID PROCEEDINGS.

I FURTHER CERTIFY THAT I AM NOT OF COUNSEL OR ATTORNEY FOR EITHER OR ANY OF THE PARTIES IN THE FOREGOING PROCEEDINGS AND CAPTION NAMED, OR IN ANY WAY INTERESTED IN THE OUTCOME OF THE CAUSE NAMED IN SAID CAPTION.

THE FEE CHARGED AND THE PAGE FORMAT FOR THE TRANSCRIPT CONFORM TO THE REGULATIONS OF THE JUDICIAL CONFERENCE.

FURTHERMORE, I CERTIFY THE INVOICE DOES NOT CONTAIN CHARGES FOR THE SALARIED COURT REPORTER'S CERTIFICATION PAGE.

IN WITNESS WHEREOF, I HAVE HEREUNTO SET MY HAND THIS 11TH DAY OF OCTOBER, 2007.


JAMES YEOMANS, CSR, RPR


JAMES YEOMANS - OFFICIAL REPORTER - (415)863-5179