**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KASSONDRA BAAS and KELLY LOFQUIST,

    Plaintiffs,

  v.

DOLLAR TREE STORES, INC.,

    Defendant.

No. C 07-03108 JSW

**ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

    This matter comes before the Court upon Plaintiffs' motion for class certification. The motion is now fully briefed and ripe for decision. The Court finds that this matter is appropriate for disposition without oral argument and the matter is deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for April 4, 2008 is VACATED. Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, the Court hereby DENIES Plaintiffs' motion.[1]

**BACKGROUND**

    In this action, Plaintiffs Kassondra Baas ("Baas") and Kelly Lofquist ("Lofquist") (collectively, "Plaintiffs") seek to bring his lawsuit as a class action against Defendant Dollar Tree Stores, Inc. ("Dollar Tree"). Plaintiffs contend that Dollar Tree altered the time records of its employees and, thus, failed to compensate employees for all of the time that they actually worked.

---

[1] The Court need not rule on Dollar Tree's evidentiary objections because the Court did not need to consider such evidence in order to resolve Plaintiffs' motion for class certification.

Plaintiff now moves to certify as a class "Current and former non-exempt employees of Defendant Dollar Tree's stores within the State of California at any time from the date that is four years prior to the filing of the original complaint in this matter up to the date of trial who was [*sic*] electronic time punches were subject to post-entry reductions prior to the calculation and payment of earnings." (Mot. at 2.)

## ANALYSIS

### I. Legal Standards Applicable to Class Certification.

Federal Rule of Civil Procedure 23(a) ("Rule 23") sets forth the prerequisites necessary for proceeding by way of a class action and provides for such treatment when:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). A plaintiff seeking to proceed by way of a class action must also demonstrate that the proposed class is maintainable under one of the options set forth in Rule 23(b).

The plaintiff bears the burden of demonstrating that his or her claims are appropriate for class certification and the trial court must conduct a "rigorous analysis" to determine whether the requirements of Rule 23 have been met. *Zinser v. Accufix Research Institute, Inc.*, 253 F.3d 1180, 1186 (9th Cir.), *amended* 273 F.3d 1266 (9th Cir.2001). However, in determining whether to certify a class, courts may not judge the validity of the plaintiff's claims. *Staton v. Boeing Co.*, 327 F.3d 938, 954 (9th Cir. 2003) (quoting *Moore v. Hughes Helicopters, Inc.*, 708 F.2d 475, 480 (9th Cir.1983) ("Although some inquiry into the substance of a case may be necessary to ascertain satisfaction of the commonality and typicality requirements of Rule 23(a), it is improper to advance a decision on the merits to the class certification stage.").

///
///
///

**II.    A Conflict Precludes Plaintiffs From Satisfying the Necessary Prerequisites Under Rule 23(a) for Maintaining this Lawsuit as a Class Action.**

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "To satisfy constitutional due process concerns, absent class members must be afforded adequate representation before entry of a judgment which binds them." *Hanlon*, 150 F.3d at 1020; *see also Simon v. Ashworth, Inc.*, 2007 WL 4811932, *2 (C.D. Cal. Sept. 28, 2007) ("The adequacy of representation requirement is of critical importance in determining whether a class should be certified because class members who are not named parties to the suit are bound by the judgment"). Courts consider the following two questions in determining whether the adequacy prong is satisfied: "(1) Do the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). The representative plaintiffs and counsel must have sufficient "zeal and competence" to protect the interests of the class. *Fendler v. Westgate California Corp.*, 527 F.2d 1168, 1170 (9th Cir. 1975).

Dollar Tree argues that Plaintiffs' counsel's representation of John Hansen ("Hansen"), the manager of the store in which named Plaintiffs Baas and Lofquist used to work, in another lawsuit against Dollar Tree creates a conflict of interest. "The responsibility of class counsel to absent class members whose control over their attorneys is limited does not permit even the appearance of divided loyalties of counsel." *Kayes v. Pacific Lumber Co.*, 51 F.3d 1449, 1465 (9th Cir. 1995) (quoting *Sullivan v. Chase Inv. Serv. of Boston, Inc.*, 79 F.R.D. 246, 258 (N.D. Cal. 1978)). As the court explained in *Kayes*, "[t]he 'appearance' of divided loyalties refers to differing and potentially conflicting interests and is not limited to instances manifesting such conflict." *Id*.

California Rule of Professional Responsibility 3-310(B)(1) provides that an attorney shall not "accept or continue representation of a client without providing written disclosure to the client were ... [the attorney] has a legal, business, financial, professional, or personal

3

relationship with a party or witness in the same matter." The primary fiduciary obligation at stake from simultaneous representation "is the attorney's duty – and the client's legitimate expectation – of loyalty ...." *Flatt v. Superior Court*, 9 Cal. 4th 275, 284 (1994). "[R]epresentation adverse to a *present* client must be measured no so much against the similarities in litigation, as against the duty of undivided loyalty which an attorney owes to each of his clients." *Truck Ins. Exchange v. Fireman's Fund Ins. Co.*, 6 Cal. App. 4th 1050, 1056 (1992) (quoting *Unified Sewerage Agency v. Jelco Inc.*, 646 F.2d 1339, 1345 (9th Cir. 1981) (emphasis in original)). As one court noted: "The spectacle of an attorney skewering her own client on the witness stand in the interest of defending another client demeans the integrity of the legal profession and undermines confidence in the attorney-client relationship." *Hernandez v. Paicius*, 109 Cal. App. 4th 452, 467 (2003).

The American Bar Association Committee on Ethics and Professional Responsibility similarly held that "[a] lawyer who in the course of representing a client examines another client as an adverse witness in a matter unrelated to the lawyer's representation of the other client, or conducts third party discovery of the client in such a matter will likely face a conflict that is disqualifying in the absence of appropriate client consent." *See* ABA Formal Opn. 92-367. The Committee reasoned that:

> examining one's own client as an adverse witness on behalf of another client, or conducting third party discovery of one client on behalf of another client, is likely (1) to pit the duty of loyalty to each client against the duty of loyalty to the other; (2) to risk breaching the duty of confidentiality to the client-witness; and (3) to present a tension between the lawyer's own pecuniary interest in continued employment by the client-witness and the lawyer's ability to effectively represent the litigation client.
> ...
> [T]he lawyer's duty of loyalty demands that a client not be concerned with whether the lawyer may subconsciously be influenced by the differing interests of another. ... [A]n attorney should not be permitted to put himself in a position where, even unconsciously, he will be tempted to "soft pedal" his zeal in furthering the interests of one client in order to avoid an obvious clash with those of another.
> When a lawyer is called upon to cross-examine her own client, the lawyer may well be torn between a "soft," or deferential, cross-examination, which compromises the representation of the litigation client, and a vigorous one, which breaches the duty of loyalty to the client-witness. The Model Code addressed the issue in terms of the command of Canon 7, that "A lawyer should represent a client zealously within the bounds of the law." The Model Rules have supplanted "zeal" with requirements of competence (Rule 1.8) and diligence (Rule 1.3), but

4

> the result is the same. The decisional authority recognizing this conflict, from both courts and ethics committees, is substantial.

(*Id.*) (internal citation omitted).

Here, Plaintiffs' counsel's client Hansen is a witness in this matter. Lofquist testified in her deposition that Hansen was aware that she worked off the clock in his presence and that Hansen encouraged her to do so. (Declaration of Beth Hirsch ("Hirsch Decl."), Ex. F at 247:4-248:17. Hansen testified that Lofquist was paid for the time she worked and that he never asked anyone to come in and work off the clock. (Hirsch Decl., Ex. D at 547:23-548:16). He further testified that he knew it was against Dollar Tree's policy to misrepresent the time employees worked or took breaks. (*Id.* at 648:13-17). To reconcile the testimony of Hansen and Lofquist, Plaintiffs' counsel will either need to portray Hansen as a liar or as a manager who knowingly violated his company's policies. Plaintiffs counter that Plaintiffs' and Hansen's claims and class actions are distinct and do not conflict with one another. Plaintiffs further argue that because Hansen is merely involved as a witness in this matter, he is not placed in any jeopardy of being liable. Plaintiffs thus focus on the existence or absence of any conflicts between the two cases and fail to address the duty of loyalty Plaintiffs' counsel owe to all their clients.

From the testimony in the record, it appears as Plaintiffs' counsel will either have to cross-examine Hansen and impeach his credibility, or "soft-pedal" their examination of Hansen to the detriment of their representation of the class members in this action. Even if this conflict of interest could be waived, Plaintiffs' counsel would need to obtain waivers from every class member, which, as a practical matter, they cannot do from the absent class members. Therefore, the Court concludes that Plaintiffs have not demonstrated their counsel would adequately represent the class as required by Rule 23(a)(4). Failure to satisfy any one of Rule 23's requirement precludes class certification. *Rutledge v. Electric Hose & Rubber, Co.*, 511 F.2d 668, 673 (9th Cir. 1975); *see also Sipper v. Capital One Bank*, 2002 WL 398769, *4 (C.D. Cal. Feb. 28, 2002) (denying motion for class certification based on plaintiffs' counsel's conflict of interest). Accordingly, the Court denies Plaintiffs' motion for class certification.

**CONCLUSION**

For the foregoing reasons, the Court DENIES Plaintiff's motion for class certification.

**IT IS SO ORDERED.**

Dated: April 1, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE