IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASSONDRA BAAS and KELLY LOFQUIST,<br><br>    Plaintiffs,<br><br>  v.<br><br>DOLLAR TREE STORES, INC.,<br><br>    Defendant.<br>_____/ | No. C 07-03108 JSW<br><br>**ORDER DENYING PLAINTIFFS' RENEWED MOTION FOR CLASS CERTIFICATION** |

Now before the Court is the renewed motion for class certification filed by Plaintiffs Kassondra Baas ("Baas") and Kelly Lofquist ("Lofquist") (collectively, "Plaintiffs"). Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, the Court hereby DENIES Plaintiffs' renewed motion.[1]

**BACKGROUND**

In this action, Plaintiffs seek to bring this lawsuit as a class action against Defendant Dollar Tree Stores, Inc. ("Dollar Tree"). Plaintiffs contend that Dollar Tree altered the time records of its employees and, thus, failed to compensate employees for all of the time that they actually worked.

Plaintiffs move for the second time to certify as a class current and former non-exempt employees of Defendant Dollar Tree's stores within the State of California at any time from the date that is four years prior to the filing of the original complaint in this matter up to the date of

---

[1] The Court need not rule on Dollar Tree's evidentiary objections because the Court did not need to consider such evidence in order to resolve Plaintiffs' motion for class certification.

trial whose electronic time punches were subject to post-entry reductions prior to the calculation and payment of earnings.

## ANALYSIS

**A.   Legal Standards Applicable to Class Certification.**

Federal Rule of Civil Procedure 23(a) ("Rule 23") sets forth the prerequisites necessary for proceeding by way of a class action and provides for such treatment when:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

A plaintiff seeking to proceed by way of a class action must also demonstrate that the proposed class is maintainable under one of the options set forth in Rule 23(b). Here Plaintiffs assert that class treatment is warranted under Rule 23(b)(1), which is appropriate if "prosecution of separate actions ... would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class....", Fed. R. Civ. P. 23(b)(1)(A), and (b)(3), "which is appropriate whenever the actual interests of the parties can be served best by settling their differences in a single action." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998).

"Rule 23(b)(1)(A) authorizes class actions to eliminate the possibility of adjudications in which the defendant will be required to follow inconsistent courses of continuing conduct. This danger exists in those situations in which the defendant by reason of the legal relations involved can not as a practical matter pursue two different courses of conduct." *Zinser v. Accufix Research Institute, Inc.*, 253 F.3d 1180, 1194, *amended* 273 F.3d 1266 (9th Cir.2001). Certification under Rule 23(b)(1)(A) is "not appropriate in an action for damages." *Id*. at 1193 (affirming denial of class certification where plaintiff primarily sought monetary damages). To qualify under subsection (b)(3) "a class must satisfy two conditions in addition to the Rule 23(a) prerequisites: common questions must 'predominate over any questions affecting only

2

individual members,' and class resolution must be 'superior to other available methods for the fair and efficient adjudication of the controversy.'" *Id*. (quoting Fed. R. Civ. P. 23(b)(3)).

The plaintiff bears the burden of demonstrating that his or her claims are appropriate for class certification and the trial court must conduct a "rigorous analysis" to determine whether the requirements of Rule 23 have been met. *Zinser*, 253 F.3d at 1186. However, in determining whether to certify a class, courts may not judge the validity of the plaintiff's claims. *Staton v. Boeing Co.*, 327 F.3d 938, 954 (9th Cir. 2003) (quoting *Moore v. Hughes Helicopters, Inc.,* 708 F.2d 475, 480 (9th Cir.1983) ("Although some inquiry into the substance of a case may be necessary to ascertain satisfaction of the commonality and typicality requirements of Rule 23(a), it is improper to advance a decision on the merits to the class certification stage.").

**B.   Plaintiffs Cannot Satisfy the Condition of Predominance Required Under Rule 23(b)(3).**

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623 (1997) "[T]he presence of commonality alone is not sufficient to fulfill Rule 23(b)(3). ... Rule 23(b)(3) focuses on the relationship between the common and individual issues. When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon*, 150 F.3d at 1022 (internal quotes and citation omitted).

Dollar Tree argues that individual issues predominate because each claim will require a fact intensive inquiry into the reasons for the time reductions and whether such reductions were proper. The Court agrees. The records of the time entries reflect when changes were made to enlarge or decrease an employee's time, but do not show the reason such changes were made. In order to determine whether such changes were legitimate, each alteration would have to be investigated. Plaintiffs argue that there is no legitimate reason for decreasing an employee's time. If this were true, then there would be no need to investigate the reason for each time alteration. However, as Dollar Tree argues, there are possible legitimate reasons for decreasing

3

an employee's time. For example, if an employee clocked in, but did not start to work at that time, then it would be legitimate to reduce the employee's time to reflect the amount of time he or she actually worked. Moreover, if there was a malfunction with the time entry system, it would be legitimate to alter an employee's time to reflect the amount of time actually worked. Determining whether each time reduction was legitimate would require an individualized, highly fact-specific inquiry. *See In re Wal-Mart Wage and Hour Employment Practices Litigation*, 2008 WL 3179315, *18-19 (D. Nev. June 20, 2008) (finding individual issues predominate with time-shaving claims); *cf Kenny v. Supercuts, Inc.*, 252 F.R.D. 641, 647 (N.D. Cal. 2008) (finding individual issues predominate on claims regarding missed meal breaks); *Salazar v. Avis Budget Group, Inc.*, 251 F.R.D. 529, 534 (S.D. Cal. 2008) (same); *Brown v. Federal Express Corp.*, 249 F.R.D. 580, 586-87 (C.D. Cal. 2008) (same). Therefore, the Court finds that individual issues predominate.

**C.     Plaintiffs Proposed Class is not Proper Under Rule 23(b)(1).**

Rule 23(b)(1)(A) authorizes class actions if "separate actions would create a risk of varying adjudications 'which would establish incompatible standards of conduct for the party opposing the class.'" *McDonnell Douglass Corp. v. U.S. Dist. Court*, 523 F.2d 1083, 1086 (9th Cir. 1975) (quoting Fed. R. Civ. P. 23(b)(1)(A)). Where plaintiffs seek primarily monetary damages, certification under Rule 23(b)(1)(A) is not appropriate. *Zinser*, 253 F.3d 1180, 1193. The court in *Zinser* reasoned that "Rule 23(b)(1)(A) certification requires more ... than a risk that separate judgments would oblige the opposing party to pay damages to some class members by not to others or to pay them different amounts ...." *Id*. (internal quote and citation omitted).

Here, Plaintiffs primarily seek damages. Plaintiffs only request an injunction in one out of their six claims. Plaintiffs do not argue otherwise. Rather, they argue that their proposed class should be certified under Rule 23(b)(1)(A) because courts might differ on whether Dollar tree is responsible for unpaid compensation. It would be unlawful for Dollar Tree to not pay employees for time they actually worked. That is undisputed. What is disputed, however, is whether, in fact, any employees were not paid for time they actually worked. Incompatible standards of conduct would not be created if courts were to make various factual findings as to

4

whether different employees were not paid for time they actually worked. Therefore, the Court finds that class certification under Rule 23(b)(1)(A) would not be appropriate. Accordingly, the Court denies Plaintiffs' renewed motion for class certification.

**CONCLUSION**

For the foregoing reasons, the Court DENIES Plaintiffs' renewed motion for class certification.

**IT IS SO ORDERED.**

Dated: December 19, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE