<div style="float:left">United States District Court<br/>For the Northern District of California</div>

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASSONDRA BAAS and KELLY LOFQUIST,<br><br>           Plaintiffs,<br><br>   v.<br><br>DOLLAR TREE STORES, INC.,<br><br>           Defendant.<br>_____/ | No. C 07-03108 JSW<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR SUMMARY JUDGMENT AND (2) DENYING PLAINTIFFS' MOTION FOR LEAVE TO AMEND** |

Now before the Court is the motion for judgment on the pleadings and/or summary judgment filed by Defendant Dollar Tree Stores, Inc. ("Dollar Tree") and the motion for leave to amend filed by Plaintiffs Kassondra Baas ("Baas") and Kelly Lofquist ("Lofquist") (collectively, "Plaintiffs"). These motions are now fully briefed and ripe for decision. The Court finds that these matters are appropriate for disposition without oral argument and the matters are deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for June 19, 2009 is VACATED. Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, the Court hereby GRANTS Dollar Tree's motion and DENIES Plaintiffs' motion.[1]

**BACKGROUND**

Plaintiffs filed this purported class action against Dollar Tree for allegedly altering the time records of its employees and, thus, failing to compensate employees for all of the time that

---

[1] Dollar Tree's requests for judicial notice are granted. *See* Fed. R. Evid. 201.

they actually worked. Plaintiffs moved twice, and were twice denied, to certify a class current and former non-exempt employees of Dollar Tree's stores within the State of California.

## ANALYSIS

**A.    Applicable Legal Standards**

      **1.    Legal Standards Applicable to Motion for Judgment on the Pleadings.**

Motions for judgment on the pleadings challenge the legal sufficiency of the claims asserted in the complaint. "For purposes of the motion, the allegations of the non-moving party must be accepted as true .... Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990). However, "[t]he court need not ... accept as true allegations that contradict matters properly subject to judicial notice...." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

While, as a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(c) motion, a "court may consider facts that are contained in materials of which the court may take judicial notice." *Heliotrope General, Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 (9th Cir. 1999) (internal quotations and citation omitted). A court may also consider documents attached to the complaint or "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *In re Silicon Graphics Inc. Securities Litigation*, 183 F.3d 970, 986 (9th Cir. 1999) (internal quotations and citation omitted).

      **2.    Legal Standards Applicable to Motion for Summary Judgment.**

Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" if the fact may affect the outcome of the case.

2

*Id*. at 248. "In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997). A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits which demonstrate the absence of a genuine issue of material fact. *Id.* at 323. Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Id.* Once the moving party meets this initial burden, the non-moving party must go beyond the pleadings and by its own evidence "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995)) (stating that it is not a district court's task to "scour the record in search of a genuine issue of triable fact"). If the non-moving party fails to make this showing, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

**3.    Legal Standards Applicable to Motion for Leave to Amend.**

Federal Rule of Civil Procedure 15(a) ("Rule 15(a)") permits a party to amend its pleading once as a matter of right at any time before a responsive pleading is served. Once a responsive pleading has been served, however, amendment requires written consent of the adverse party or leave of the court. In accordance with the Federal Rule's liberal pleading standard, leave of the court "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Though the decision to grant or deny a motion for leave to amend is governed by the district court's discretion, the general rule is that amendment of the pleadings is to be permitted unless the opposing party makes a showing of bad faith, undue delay, prejudice to the opposing side, or futility of amendment. *See Forman v. Davis*, 371 U.S. 178, 182 (1962); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1986).

3

**B.     Dollar Tree's Motion for Judgment on the Pleadings.**

Dollar Tree moves for judgment on the pleadings on the following grounds: (1) Plaintiffs lack standing to maintain their fifth claim on behalf of all similarly situated employees because the Court has twice denied certification of Plaintiffs' purported class; (2) Plaintiffs lack standing to maintain their request for injunctive relief because, as former employees, they cannot establish the requisite threatened future injury; and (3) Plaintiffs are not entitled to their request for an order to show cause to enjoin future violations in their fourth claim because, as former employees, they cannot establish a threatened future injury.

**1.     Standing to Pursue Injunctive Relief.**

"Article III of the Constitution requires that a plaintiff have standing before a case may be adjudicated." *Covington v. Idaho*, 358 F.3d 626, 637 (9th Cir. 2004). To satisfy the Constitution's standing requirements, a plaintiff must show (1) an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury must be fairly traceable to the challenged action of the defendant; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *see also Covington v. Jefferson County*, 358 F.3d 626, 637-38 (9th Cir. 2004). A plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements. *Lujan*, 504 U.S. at 561.

Plaintiffs must "demonstrate a credible threat of future injury which is sufficiently concrete and particularized to meet the 'case or controversy' requirement of Article III." *Stevens v. Harper*, 213 F.R.D. 358, 366 (E.D. Cal. 2002) (citing *Defenders of Wildlife*, 504 U.S. at 560-61 and *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-04 (1983)); *see also Fortyune v. American Multi-Cinema, Inc.,* 364 F.3d 1075, 1081 (9th Cir. 2004) (plaintiff must demonstrate a "real and immediate threat of repeated injury"). "The imminent threat showing is a separate jurisdictional requirement, arising independently from Article III, that is grounded in the traditional limitations on the court's power to grant injunctive relief." *Stevens*, 213 F.R.D. at 366. "[A] plaintiff must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 185

4

(2000) (citing *Lyons,* 461 U.S. at 109 (notwithstanding the fact that plaintiff had standing to pursue damages, he lacked standing to pursue injunctive relief)).

Baas and Lofquist were terminated effective January 26, 2007 and February 12, 2007. (Docket No. 87 (Declaration of David McDearmon), ¶¶ 14, 15.)[2] Plaintiffs filed their suit on June 13, 2007, after they had both been terminated. Dollar Tree argues that as former employees, they lack standing to seek injunctive relief because they cannot show that there is a real and immediate threat that they will suffer future wage and hour violations. *See B.C. v. Plumas Unified School Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999) (holding that former student lacked standing to enjoin school because he was no longer enrolled at the school and had no plans to re-enroll). In their opposition, Plaintiffs do not dispute the timing of their termination or otherwise show that they have standing to pursue injunctive relief against Dollar Tree. "It is well settled that at least one *named* plaintiff must satisfy the actual injury component of standing in order to seek relief on behalf of himself or the class." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1002 n.7 (9th Cir. 2006) (internal quotations and brackets omitted) (emphasis in original). Accordingly, the Court grants Dollar Tree's motion on this ground and, thus, strikes Plaintiffs' request for injunctive relief and request for an order to show cause to enjoin future violations.

**2.     Standing to Bring California Business & Professions § 17200 Claim.**

Dollar Tree also argues that Plaintiffs lack standing to bring their claim under California Business and Professions Code § 17200 ("Section 17200") on behalf of the purported class because the Court has twice denied class certification. The fact that Plaintiffs may be precluded from bringing their claims on behalf of a class pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") does not mean that they do not have standing to bring a claim. To the extent Plaintiffs seek restitution or disgorgement, Dollar Tree has not argued or demonstrated that Plaintiffs lack standing to bring a claim under Section 17200 on their own behalf. Nor has

---

[2] Because Dollar Tree submits a declaration to demonstrate that Plaintiffs were terminated before they filed this lawsuit, the Court will treat this portion of Dollar Tree's motion for judgment on the pleadings as one for summary judgment. *See Hal Roach Studios*, 896 F.2d at 1550; Fed. R. Civ. P. 12(c)

5

1  Dollar Tree demonstrated some other basis for finding that Plaintiffs lack *standing* to bring a
2  class action, as opposed to being precluded from bringing a class action under Rule 23.
3  Therefore, the Court denies Dollar Tree's motion on this ground.

**C.     Dollar Tree's Motion for Summary Judgment Regarding Attorneys' Fees.**

Dollar Tree moves for summary judgment on the amount of attorneys' fees Plaintiffs are entitled to recover on the grounds that (1) Plaintiffs should be precluded from collecting for work performed by prior counsel; (2) Plaintiff should be barred from seeking attorneys' fees as a prevailing party; and (3) Plaintiffs are barred from recovering attorneys' fees because of Dollar Tree's Rule 68 offer.

With respect to the attorneys' fees incurred Plaintiff's prior attorney, Jeremy R. Fietz, "an attorney's breach of a Rule of Professional Conduct may negate an attorney's claim for fees." *Pringle v. La Chapelle*, 73 Cal. App. 4th 1000, 1005 (1999); *see also Jeffry v. Pounds*, 67 Cal. App. 3d 6 (1977) (holding that firm was precluded from recovering fees incurred after breach of the rules of professional conduct). Plaintiffs do not dispute this legal standard or that Mr. Fietz did breach the rules of professional conduct. Instead, Plaintiffs argue that there is a question of fact regarding whether the Court should, in fact, exercise its discretion to deny all attorneys' fees based on Mr. Fietz's performance. However, Plaintiffs failed to submit any evidence in support of their argument. *See S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines) v. Walter Kidde & Co.*, 690 F.2d 1235, 1238 (9th Cir. 1982) (stating that "a party cannot manufacture a genuine issue of material fact merely by making assertions in its legal memoranda"). To defeat the motion for summary judgment, Plaintiffs were obliged to set forth specific facts supported by admissible evidence, *i.e.*, affidavits or certified deposition testimony, showing that there is a genuine issue for trial. *See id.*; *see also Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (stating that it is not a district court's task to "scour the record in search of a genuine issue of triable fact"). Because Plaintiffs failed to meet their burden, the Court grants Dollar Tree's motion on this ground.

However, with respect to Dollar Tree's further efforts to restrict Plaintiffs' attorneys' fees, the Court finds Dollar Tree's motion premature. Dollar Tree seeks to have the Court find

6

1  that Plaintiffs will not be the "prevailing party," but this case is not over yet.  Therefore, the
2  Court cannot yet determine which party may be deemed the prevailing party.  With respect to
3  Dollar Tree's contention that Plaintiffs are barred from recovering attorneys' fees because of
4  Dollar Tree's Rule 68 offer, Dollar Tree concedes in its reply that a Rule 68 offer does not bar
5  recovery of attorneys' fees as a matter of law.  Accordingly, the Court denies Dollar Tree's
6  motion to preclude as a matter of law Plaintiffs' recovery of any attorneys' fees.

**D.    Plaintiffs' Motion for Leave to Amend.**

After Dollar Tree filed its motion for judgment on the pleadings and/or for summary judgment, Plaintiffs filed a motion for leave to amend.  Plaintiffs seek leave to amend their complaint to (1) add a collective action claim under the Fair Labor Standards Act ("FLSA") and (2) to emphasize the injunctive relief that they previously requested.  After the briefing on Plaintiffs' motion was completed, Plaintiffs then filed an amended motion seeking in addition to add a claim under the California Labor Code Private Attorney General Act ("PAGA").

### 1.    Plaintiffs' Proposed FLSA Claim.

Plaintiffs voluntarily withdrew their FLSA claim from their third amended complaint. Now, nearly two years after Plaintiffs initiated this action, Plaintiffs seek leave to re-allege a FLSA claim and this time broaden it to allege a nation-wide collective action.  Dollar Tree argues that Plaintiffs' motion with respect to their proposed FLSA claim in their fourth amended complaint should be denied as unduly delayed and prejudicial.  Dollar Tree has already engaged in substantial discovery on Plaintiffs' California based claims.  To require Dollar Tree, two years into this litigation, to broaden their discovery efforts to include a nation-wide claim would unfairly impose potentially high, additional litigation costs that could have easily been avoided had Plaintiffs included nation-wide claims in their initial complaint.  *See AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 953-54 (9th Cir. 2006) (finding defendant would have been prejudiced by amendment even though eight months of discovery remained because amendment would have "unfairly imposed potentially high, additional litigation costs on [defendant] that could have been avoided"); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) ("The district court's discretion to deny leave to amend

7

is particularly broad where plaintiff has previously amended the complaint."). Plaintiffs have not proffered any facts or argument to suggest that they could not have asserted a nation-wide claim earlier. The Court finds that Plaintiffs' undue delay and prejudice to Dollar Tree warrants denying Plaintiffs' motion for leave to amend a nation-wide FLSA claim.

Moreover, the Court finds that granting leave to amend a collective action claim under the FLSA would be futile in light of the Court's order denying class certification. Although the standard to grant conditional certification of a collective action under the FLSA is more lenient than the standard to certify a class pursuant to Rule 23, Plaintiffs must still demonstrate that they are "similarly situated" to the other members of the proposed collective action. *See* 29 U.S.C. § 216(b). Other courts have denied certification of a collective action on the grounds that individual issues predominate. *See Sheffield v. Orius Corp.*, 211 F.R.D. 411, 413 (D.Or. 2002) (finding putative class members were not similarly situated where each claim would have required extensive consideration of individualized issues); *Castle v. Wells Fargo Financial, Inc.*, 2008 WL 495705, *2 (N.D. Cal. Feb. 20, 2008) (denying certification because individual issues predominated); *McElmurry v. US Bank National Ass'n*, 2005 WL 2492932 (D.Or. Oct. 7, 2005). In light of the Court's prior ruling that individual issues predominate and thus preclude class certification, the Court finds that Plaintiffs' proposed FLSA claim would be futile. The futility of Plaintiffs' proposed FLSA claim provides another independent basis for denying Plaintiffs' motion for leave to amend.

### 2. Plaintiffs' Proposed Allegations Regarding Injunctive Relief.

Plaintiffs seek leave to emphasize their request for injunctive relief. However, in ruling on Dollar Tree's motion for judgment on the pleadings and/or for summary judgment, the Court found that Plaintiffs, as former employees, do not have standing to enjoin alleged future violations. Therefore, granting Plaintiffs' leave to amend to emphasize their request for injunctive relief would be futile. *See Flowers v. First Hawaiian Bank,* 295 F.3d 966, 976 (9th Cir.2002) ("A district court ... does not abuse its discretion in denying leave to amend where amendment would be futile.").

### 3. Plaintiffs' Proposed PAGA Claim.

In violation of Northern District Civil Local Rule 7-3(d), without seeking leave of Court, Plaintiffs filed an amended motion after the briefing on their original motion had been completed. Therefore, on these grounds alone, the Court strikes Plaintiffs' amended motion seeking to add a PAGA claim.

Even if the Court were to consider Plaintiffs' amended motion on the merits, Plaintiffs' motion to allege a PAGA claim would be denied as futile. Plaintiffs' proposed PAGA claim is subject to a one-year statute of limitations. *Thomas v. Home Depot USA Inc.*, 527 F. Supp. 2d 1003, 1008 (N.D. Cal. 2007). Plaintiffs' employment ended in early 2007. They did not file the notice required to be served before filing suit until March 23, 2009, more than two years later. Because Plaintiffs did not even serve the required notice until after the statute of limitations had passed, their proposed PAGA claim does not relate back. *Moreno v. Autozone, Inc.*, 2007 WL 1650942, *4 (N.D. Cal. June 5, 2007) ("[Plaintiff] cannot take advantage of a relation-back doctrine to cure the untimeliness of her claim, as the PAGA notice is a condition precedent to filing suit.") (citing *Wilson v. Department of Public Works,* 271 Cal. App. 2d 665, 669 (1969) ("A subsequent pleading which sets out the subsequent performance of a statutory condition precedent to suit cannot relate back to the time of the filing of the original complaint and thereby toll the running of the period of limitation, since the rule of relation back does not operate to assign the performance of a condition precedent to a date prior to its actual occurrence.")). Plaintiffs' reliance on *Waisbein v. UBS Financial Services, Inc.* and *Amaral v. Cintas Corp. No. 2* is misplaced. The courts in these cases did not address whether the notice requirement fulfilled after the statute of limitations had expired could relate back. *See Wasibein*, 2008 WL 753896 , *1 (N.D. Cal. March 19, 2008); *Amaral*, 163 Cal. App. 4th 1157, 1199, 1200 (2008).

### CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Dollar Tree's motion for judgment on the pleadings and/or for summary judgment as follows:

9

(1) The Court strikes Plaintiffs' request for injunctive relief and request for an order to show cause to enjoin future violations;

(2) The Court DENIES Dollar Tree's motion as to Plaintiffs lack of standing to bring their claim under Section 17200;

(3) Plaintiffs are precluded from collecting attorneys' fees for work performed by prior counsel; and

(2) Plaintiffs are not precluded as a matter of law from recovering attorneys' fees for work performed by their current counsel.

The Court DENIES Plaintiffs' motion for leave to amend. The Court sets a further case management conference for August 7, 2009. The parties shall propose deadlines for setting the close of discovery, a dispositive motion deadline, a pretrial conference and trial.

**IT IS SO ORDERED.**

Dated: June 18, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE